UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:20-cv-00641 Hon. Aleta A. Trauger |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; and MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) | |
| Counter-Defendant. | ) | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

### A.   JURISDICTION

The court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

### B.   BRIEF THEORIES OF THE PARTIES

#### 1.   Plaintiff

This lawsuit seeks declaratory relief and damages in connection to agreements entered into

{02124388.2 }

between Plaintiff, The Lampo Group, LLC ("Lampo Group") and Defendant Marriott Hotel Services, Inc ("Marriott"). Ramsey Solutions, a d/b/a of Lampo Group, among other things, organizes and hosts large high-end conferences throughout the country at various hotels and convention centers, featuring world-renowned financial expert Dave Ramsey. Ramsey Solutions entered into a three-agreement arrangement (the "Gaylord Agreements") with three Gaylord Hotels: Gaylord Palms Resort & Convention Center ("Gaylord Palms"), Gaylord Rockies Resort & Convention Center ("Gaylord Rockies"), and Gaylord Texan Resort & Convention Center ("Gaylord Texan"), facilities operated by Marriott. The Gaylord Agreements expressly provide Ramsey Solutions the right to cancel the agreed-upon events, in its sole discretion, under certain scenarios that occurred here.

As alleged in the Amended Complaint, Gaylord Palms imposed and sought to impose numerous restrictions and limitations on the use of its facility, the various spaces within the facility, the movement of attendees within the premises, that changed the entire dynamic and purpose of its scheduled signature *2020 EntreSummit* event at Gaylord Palms. In light of Gaylord Palms' newly imposed restrictions and its refusal to change its position, Ramsey Solutions invoked certain contractual provisions, including force majeure and impossibility provisions, and cancelled the Gaylord Palms event. At the time, Ramsey Solutions had already provided significant deposits, which it was entitled to have returned. Further, the forced cancellation resulted in significant additional damages to Ramsey Solutions as it was required to relocate the event only days before it was scheduled to occur. Inasmuch as Ramsey Solutions' proceeding with the Gaylord Rockies and Gaylord Texan events was contingent upon Gaylord Palms' satisfactory performance and execution of the Gaylord Palms' event, Ramsey Solutions exercised its right under the Gaylord Agreements and cancelled the Gaylord Rockies and Gaylord Texan agreements.

Ramsey Solutions seeks declaratory judgment in connection to its right under the Gaylord Agreements arrangement as well as compensatory damages, including deposit payments, losses from the cancellation of the Gaylord Palms event and attorneys' fees.

**2.     Defendant:**

Nothing happened that excused The Lampo Group's performance under its separate contracts with the Gaylord Palms, the Gaylord Texan and the Gaylord Rockies (collectively referred to herein as "Marriott").[1]  The Lampo Group improperly canceled the first of the three conferences, which was scheduled to be held at the Gaylord Palms in July 2020 ("Palms Conference").  The Lampo Group canceled the Palms Conference, not because it was impossible for The Lampo Group to hold its event, but because The Lampo Group refused to abide by reasonable and necessary face covering and social distancing requirements mandated by local governmental authorities. As The Lampo Group's Director of Event Production pointedly remarked in the weeks leading up to the 2020 Conference, "I even hate typing 'masks.'  I am so over it.!"  When The Lampo Group canceled less than two weeks before the Palms Conference, Marriott was ready, willing and able to host The Lampo Group's Conference, notwithstanding the negligible impact of mandated facial covering and social distancing requirements.

The Lampo Group's attempt to terminate its 2021 and 2022 Conferences,  scheduled to be held at the Gaylord Texan and Gaylord Rockies, fares no better.  The Lampo Group's termination of the 2021 and 2022 Conferences is based on a "Performance Clause" found in both the Texan Agreement for 2021, and the Rockies Agreement for 2022.  The Performance Clause, however, can only be invoked if The Lampo Group establishes that it actually experienced "material service

---

[1] All three properties are managed by Defendant / Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott").

{02124388.2 }

issues or performance issues by Gaylord Hotels **at the Prior Event**. . . " Thus, even if the Lampo Group was justified in canceling the Palms Conference (it was not), because The Lampo Group did not hold its 2020 Conference at Gaylord Palms, the Lampo Group could not have experienced "material service issues or performance issues. . . at the Prior Event." Absent this essential predicate, The Ramsey Group's termination of the 2021 and 2022 Conferences are material breaches of contract.

Because none of The Lampo Group cancellations were proper, Marriott has brought a counterclaim for damages against the Lampo Group, including pre-and post-judgment interest, plus contractual attorneys' fees and costs.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **November 4, 2020**.

    **F.**    **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **June 30, 2021.** Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

    **G.**    **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **December 15, 2020**.

    **H.**    **DISCLOSURE OF EXPERTS:** The party who bears the burden of proof on an issue for which expert testimony is offered shall identify and disclose all expert witnesses and

expert reports on or before **April 9, 2021.** The party who does not bear the burden of proof on an issue for which expert testimony is offered shall identify and disclose all expert witnesses and reports on or before **June 8, 2021**.

    **I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **September 1, 2021**.

    **J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **September 1, 2021.**

    **K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **September 27, 2021**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

    **L. ELECTRONIC DISCOVERY:** The parties will have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

    **M. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately **4-5 days**.

    It is so **ORDERED.**

                                                                    HON. ALETA A. TRAUGER
                                                                      U.S. District Judge

Respectfully submitted,

/s/ Steven M. Rudner
Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com

*Counsel for Defendant/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document via ECF on the following counsel of record on October 12, 2020:

Ashley E. Cowgill, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Jennifer Altman, Esq.
Markenzy Lapointe, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

/s/ Stephen J. Zralek