UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Case No. 3:20-cv-00641

Hon. Aleta A. Trauger

---

THE LAMPO GROUP, LLC
d/b/a RAMSEY SOLUTIONS,
a Tennessee Limited Liability
Company,

    *Plaintiff*

vs.

MARRIOTT HOTEL SERVICES
INC., a Delaware Company,

    *Defendant.*

---

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

---

Plaintiff The Lampo Group, LLC d/b/a Ramsey Solutions' ("Ramsey Solutions") Motion for Judgment on the Pleadings seeks nothing more than a declaration by this Court that the Palms Agreement, by its express language, excused Ramsey Solutions from performance and required Defendant to return Ramsey Solutions' deposit. Defendant attempts to distract from the sole issue by focusing attention on separate agreements relating to other hotels that are addressed in separate counts and injecting alleged facts (outside the pleadings); this is simply a diversionary tactic. The plain terms of the Palms Agreement allowed Ramsey Solutions to terminate and excused it from performance without liability. As outlined in the Motion and herein, Ramsey Solutions is entitled

to judgment as a matter of law on Count I.[1]

## ARGUMENT

Florida law unambiguously provides that courts are not permitted to "rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain." *Dear v. Q Club Hotel,* 933 F. 3d 1286, 1297 (11th Cir. 2019) (internal quotation omitted); *Marriott Corp. v. Dasta Constr. Co.*, 26 F.3d 1057, 1068 (11th Cir. 1994); *Steiner v. Physicians Protective Tr. Fund,* 388 So. 2d 1064, 1068 (Fla. 3d DCA 1980).[2] Defendant attempts to addle the issues to avoid judgment, but given the unambiguous provisions of the Palms Agreement, these efforts are futile. Ramsey Solutions is entitled to judgment as a matter of law on Count I as each of the two provisions in the Palms Agreement permit termination.

### A. The Force Majeure Provision Excused Plaintiff's Performance.

The Force Majeure provision in the Palms Agreement by its plain language excused performance by Ramsey Solutions. The language of the provision is broad and permissive:

> Either party may be ***excused from performance without liability if circumstances beyond its reasonable control,*** such as acts of God, war, acts of domestic terrorism, strikes, or similar circumstances, ***make it illegal or impossible to provide or use the Hotel facilities***.

Palms Agreement, p.13 (emphasis added). In reviewing the plain language chosen by the parties, the Force Majeure provision does not define or limit the "circumstances beyond its reasonable control." Rather, the provision, by its use of the phrase "such as," includes a non-exhaustive list of events that are beyond the parties' reasonable control. *St. Joe Paper Co. v. State Dept. of Envtl.*

---

[1] The interpretation of an unambiguous contract is a matter of law for the court and is properly subject to summary disposition. *See Saregama India Ltd. v. Mosley,* 635 F.3d 1284, 1290 (11th Cir. 2011); *Ciklin Lubitz Martens & O'Connell v. Casey,* 199 So.3d 309, 310 (Fla. 4th DCA 2016).
[2] While Ramsey Solutions does not concede that Florida law applies, given space limitations the reply focuses on Florida law because the result is the same.

*Regulation*, 371 So.2d 178, 180 (Fla. 1st DCA 1979) (force majeure clause implied enforceable where definition of "force majeure" in contract included non-exhaustive list "or any cause, whether or not of the same class or kind as those specifically named above, ***not within the reasonable control of the company***") (emphasis added); *see also White v. Mederi Caretenders Visiting Servs. of Southeast Florida, LLC*, 226 So.3d 774, 783 (Fla. 2017) ("Commonly, the term 'include' suggests that a list is non-exhaustive…."). Interestingly, Defendant spills much ink arguing that the Force Majeure provision excludes "the events that allegedly caused Ramsey's nonperformance," but also expressly concedes that "[t]here is no dispute that the COVID-19 pandemic constitutes a *force majeure* event." Opp., p. 15.

Under more restrictive readings of the law, Florida courts have found that force majeure clauses using non-exclusive lists encompass non-specified events that are similar to those listed. *See, e.g.*, *Snavely Siesta Assocs., LLC v. Senker*, 34 So.3d 813, 817-18 (Fla. 2d DCA 2010). Even under the *Snavely*'s narrower interpretation, the COVID-19 pandemic falls within the Force Majeure provision in the Palms Agreement as an "act[] of God … or similar circumstance[]," is within the category of events the parties contemplated in drafting and agreeing to the provision. *See Florida Power Corp. v. City of Tallahassee*, 154 Fla. 638, 646 (Fla. 1944) (defining "act of god" as "an act or occurrence so extraordinary and unprecedented that human foresight could not foresee or guard against it, and the effect of which could not be prevented or avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation of the party renders it reasonable that he should employ.").

To defeat the terms of the Palms Agreement it drafted and accepted, Defendant makes much of the fact that at least *some* of the amenities were available. Opp., p. 13. But the language of the Force Majeure provision does not state that it is inapplicable where *some* of the facilities are

3

available. Rather, the provision is clear that if it is illegal or impossible to "use the Hotel facilities," nonperformance by either party is permitted. And "impossibility" is not defined in any way to limit either parties' reasonable view of the choice of proceeding with the contract if the consequences proved unacceptable to that party.

As more fully alleged in the First Amended Complaint, the Palms Agreement included a host of amenities (spa service, valet, available buffet style food for daily meetings, networking events, onsite dining, in-room dining, etc.), that were eliminated or significantly reduced. Compl. ¶¶34-46. Defendant does not deny this fact, but states that it was required to make the changes to "comply with governmental regulations and city ordinances." Answer, ¶¶36, 39, 41, 43. Ramsey Solution does not chastise Defendant for complying with the law, but Defendant's admissions prove the point: it became "illegal" or "impossible" for Defendant to fulfill all of the terms of the Palms Agreement to "comply with governmental regulations and city ordinances." *Id*. Those changes gutted the benefit of the bargain to Ramsey Solutions, however. At a minimum, by Defendant's own admission it was impossible to use many of the amenities including in-room dining set up, valet service, spa services and limitations on the number of individuals that could attend certain events, which likewise excused performance. Given its own admissions, Defendant's attempt to divert this Court's attention to unsupported allegations in its Opposition does nothing to delay the granting of the Motion.[3]

---

[3] It is uncontroversial that the COVID-19 pandemic made large gatherings not only dangerous to public health, but impossible in July 2020. Defendant knows this well, as in addition to Plaintiff's *EntreSummit* event (Compl., ¶ 53), several other conferences scheduled to take place at the Gaylord Palms Resort & Convention Center in July 2020 were canceled or postponed due to the pandemic. *See* 10TIMES, https://10times.com/venues/gaylord-palms-resort-convention-center (follow "Event Calendar" to July 2020) (Get Your Teach On Orlando National Conference scheduled for June 28-July 1, 2020); LeadingAge Florida Convention and Exposition scheduled for July 27-29, 2020); *see also* http://www.cvent.com/events/gyto-nationals-2020-grades-2-8-

Ramsey Solutions agrees that "[f]orce majeure clauses are to be interpreted in accord with their function, which is to relieve a party of liability when the parties' expectations are frustrated due to an event that is an extreme and unforeseeable occurrence, that was beyond [the party's] control and without its fault or negligence." Williston on Contracts § 77.31, 4th ed. Nov. 2020 Update (quoting *In re Cablevision Consumer Litigation*, 864 F. Supp. 2d 258, 264 (E.D.N.Y. 2012)). Here, the restrictions on public gatherings and reduction in the amenities that could be provided due to the COVID-19 pandemic and Defendants' admission that material terms of the Palms Agreement were curtailed to "comply with governmental regulations and city ordinances" fall squarely within the Force Majeure provision. For this reason alone, the Motion should be granted.

**B.      The "For Cause Termination" Provision Excused Plaintiff's Performance.**

The "For Cause Termination" separately permitted Ramsey Solutions to terminate the Palms Agreement:

> … Notwithstanding any provision to the contrary herein, **Group [Ramsey Solutions] may at any time terminate this Agreement without penalty** in the event Hotel, its parent, subsidiary or affiliated businesses, principals or executives become engaged in, accused of or subject to any public scandal, political controversy, crime, fraud **or other event that in Group's sole judgment will impair or damage its brand or good will by hosting an event at Hotel**.

Palms Agreement, p. 13 (emphasis added). This provision also gave Ramsey Solutions – *in its sole judgment* – the authority to terminate the agreement if it determined that the event as affected by the COVID-19 pandemic and resulting restrictions would "impair or damage its brand or good will by hosting an event at [*sic*] Hotel." *Three Keys, Ltd. v. Kennedy Funding, Inc.*, 28 So.3d 894, 901-902 (Fla. 5th DCA 2009) ("any breach of the duty to consult, particularly where [majority

---

lead-on/event-summary-563349aa0dae4f0ca104900642cec5cf.aspx?dvce=1;
https://www.leadingageflorida.org/mpage/conven2020  (other canceled events in July 2020)

lender] had sole discretion to dispose of [] Property, was not material…"; *Sportfolio Publ'ns, Inc. v. AT & T Corp.*, 320 F.3d 75 (1st Cir. 2003) (defendant's termination of contract was proper where contract stated that defendant "reserves the right to terminate the agreement immediately, if it determined, *in its sole discretion*, that its services, public image or goodwill were adversely affected.").

Ramsey Solutions was explicitly authorized under this provision to exercise its exclusive discretion to terminate the Palms Agreement to avoid damage to its brand due to the detrimental changes to the guest experience and amenities including the closing of the spa, limitation on gym usage, removal of in-room dining set up, limitation on restaurant capacity, removal of buffet food service and other limitations, which Defendant acknowledges were required to comply with governmental regulations and local ordinances. Defendant agreed that it was up to Ramsey Solutions to determine when circumstances may negatively impact its brand, but now attempts to disavow the plain language it agreed to. It cannot re-write the Palms Agreement after the fact, however. Nor should this Court re-write the Palms Agreement because it may create a hardship on one of the parties. Ramsey Solutions was not required to proceed with an event at the Hotel that was substantially reduced and that would permanently impair the experience for attendees to the detriment of Ramsey Solutions' brand and goodwill.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a judgment as a matter of law on Count I of the First Amended Complaint and such further relief as the Court deems appropriate.

Respectfully Submitted,

By: */s/ Jennifer Altman*
Jennifer Altman
FL Bar No. 881384
Markenzy Lapointe
FL Bar No. 172601
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, Florida 33131
Telephone: 786-913-4880
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill (TN Bar No. 033042)
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone: 916-329-4721
ashley.cowgill@pillsburylaw.com

*Attorneys LC d/b/a Ramsey Solutions*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on, this 26th day of February, 2021, we electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on all Counsel of Record.

Respectfully Submitted,

By: */s/ Jennifer Altman*
Jennifer Altman