UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a )<br>RAMSEY SOLUTIONS, )<br>a Tennessee Limited Liability Company, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARRIOTT HOTEL SERVICES, INC., )<br>a Delaware Corporation; and )<br>MARRIOTT INTERNATIONAL, INC., )<br>a Delaware Corporation, )<br>)<br>    Defendants. )<br>_____)<br>MARRIOTT HOTEL SERVICES, INC., )<br>a Delaware Corporation, )<br>)<br>    Counter-Plaintiff, )<br>)<br>v. )<br>)<br>THE LAMPO GROUP, LLC d/b/a )<br>RAMSEY SOLUTIONS, )<br>a Tennessee Limited Liability Company, )<br>)<br>    Counter-Defendant. ) | Case No. 3:20-cv-00641<br>Judge Aleta A. Trauger<br><br>JURY DEMAND |

**AGREED PROTECTIVE ORDER & STIPULATION**

As evidenced by the below signatures of counsel, Plaintiff/Counter-Defendant, THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS ("Ramsey Solutions") and Defendant/Counter-Plaintiff, MARRIOTT HOTEL SERVICES, INC. ("Marriott"), agree to the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

The Court finds that each of the Parties to this action might seek discovery of documents, information, or other materials that may contain or relate to confidential, proprietary, financial or

1

trade secret information of another party or of a third party. The Parties have conferred in good faith and have agreed to this Agreed Protective Order ("Protective Order") for the purpose of protecting such information, facilitating the production of such information, and minimizing this Court's involvement in adjudicating disputes among the Parties arising from the production of such information.

This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material designated as confidential or otherwise entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Section 5.07 of Administrative Order 167-1, Local Rule 5.03 and this Order if they seek to file anything under seal.

This Order does not govern the use of material designated under this Order at the trial in this action, which shall be governed by separate Order of the Court. Counsel for the parties shall cooperate in proposing an Order seeking to protect designated materials from broad disclosure at trial, subject to the Court's preference, input and approval.

Good cause appearing, and pursuant to the agreement of the Parties, it is **ORDERED** that the following provisions shall govern the handling of information and documents produced by any of the Parties in this action:

1. This Protective Order governs designated information that is produced by any of the Parties in this action, whether produced (a) in response to formal or informal discovery requests, (b) in compliance with the Federal Rules of Civil Procedure, or (c) voluntarily in support of any claim or defense in this action, including such information contained in documents, interrogatory responses, testimony (whether trial, deposition, or written declaration or affidavit),

responses to requests for admission, initial disclosures, expert reports, or other expert-related materials.

2. Any of the parties may designate material or information disclosed or produced in this action as "Confidential" or as "Attorney's Eyes Only."

3. If a party designates material or information "Confidential," that party is representing to the Court and to adverse counsel, in good faith, that it considers the material or information so designated to be confidential or trade secret information in which it has a valuable proprietary interest, and that disclosure to persons not authorized to view it would cause competitive or other recognized harm. If a party designates confidential material or information as "Attorney's Eyes Only," that party is representing to the Court and to adversary counsel, in good faith, that the material or information so designated is of such current relevance to the party's business operations that designation as "Confidential" hereunder would be insufficient to protect the proprietary interest of the producing party.

    1. Over-designation is prohibited. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate or routinized designations are prohibited. Unjustified designations that are knowingly in violation of this Order expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level

3

or protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

4. Any of the parties producing "Confidential" or "Attorney's Eyes Only" material or information may designate such material or information by the following:

a. As to documents, responses to discovery requests, and tangible things, the producing party may affix by writing, stamping, or labeling each page and item containing or disclosing the "Confidential" or "Attorney's Eyes Only" information the term "**CONFIDENTIAL**" or "**ATTORNEY'S EYES ONLY**" as appropriate, or words to that effect.

b. As to information disclosed at a deposition, the producing party may designate such information as "Confidential" or as "Attorney's Eyes Only," as appropriate, by so indicating on the record at the deposition the testimony to which the designation applies; or by notifying the court reporter and all Parties to this action, within thirty (30) calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "Confidential" or as "Attorney's Eyes Only." At the producing party's option, portions of a deposition transcript that have been designated as "Confidential" or as "Attorney's Eyes Only" may be bound separately from the rest of the transcript and marked as such. A producing party has the right, at the deposition, to have deposition testimony containing "Confidential" or "Attorney's Eyes Only" information heard only by those permitted under this Protective Order to have access to such information.

5. Information designated as "Confidential" or as "Attorney's Eyes Only," including summaries, abstracts, copies, indices, and exhibits, will be used solely for purposes of this action and will not be disclosed to anyone other than the persons permitted under this Protective Order.

6. Information designated as "Attorney's Eyes Only," including summaries, abstracts, copies, indices, and exhibits, will not be made available to and will not be disclosed to anyone other than the following persons:

    a. Counsel of record working on this action on behalf of any party to this action, together with the assistants, secretaries, paralegals, or other clerical personnel who are actively assisting such counsel in the preparation of this action;

    b. Court stenographers, court reporters, outside deposition video services, and their staff, and independent contractors or third parties engaged to record, transfer, or store video depositions, provided that such persons are furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached as **Exhibit A**;

    c. Outside copy services, electronic discovery vendors, translators, and graphics or design services retained or engaged by such counsel of record in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided that such persons are furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached as **Exhibit A**;

    d. Mock jurors and jury or trial consults retained or engaged by such counsel of record in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided

that such persons are furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached as **Exhibit A**;

   e. Mediators who attempt to mediate this action (if any), together with their staff, provided the mediator is furnished with a copy of this Protective Order and executes a Declaration of Compliance in the form and substance as that attached as **Exhibit A**;

   f. The Court and any person employed by the Court whose duties require access to "Attorney's Eyes Only" information; and

   g. Outside experts and consultants retained, consulted, or specifically employed by any counsel or party to this action in connection with the preparation, trial, or appeal of this action, together with the employees and assistants thereof ("Retained Experts"), provided the provisions of Section 8 below are complied with.

7. Information designated as "Confidential," including summaries, abstracts, copies, indices and exhibits, will not be made available and will not be disclosed to anyone other than the following persons:

   a. The persons described in Section 6 above, under the same conditions, if any; and

   b. The Parties, including officers, directors, and employees as representatives of the Parties, to this action.

8. Retained Experts may not have access to "Confidential" or "Attorney's Eyes Only" material or information unless such persons are first furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached hereto as **Exhibit A**.

9. The execution of a Declaration of Compliance, if required by this Protective Order, is the responsibility of the Parties, and counsel shall retain the original executed Declaration of Compliance. A Declaration of Compliance will be made available to the Court and other Parties to this action upon request or Court Order.

10. The restrictions and obligations of this Protective Order do not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any party to this Protective Order other than the producing party, or (c) comes into the possession of receiving parties through means other than the disclosure of such information in this action.

11. Notwithstanding the provisions of Sections 4 through 6 above, those identified on the face of a document or otherwise (such as through testimony) as the author, drafter, or addressee of the document, or identified as having authority to view the information contained therein, shall be permitted to view and have access to the particular document in question. In addition, those who have received a document or information before the commencement of this action are permitted to view and access the particular document or information. Those who have received a document or information during the pendency of this action through means that are independent of this action and are not in violation of this Protective Order are permitted to view and have access to the particular document or information.

12. Materials designated as "Confidential" or as "Attorney's Eyes Only" may be shown to deponents and otherwise used in depositions and at a trial or hearing in this matter, so long as such use complies with the restrictions of this Protective Order, or otherwise complies with an order of the Court. If the receiving party wishes to show a document designated as "Confidential" or as "Attorney's Eyes Only" to a deponent who is not otherwise permitted by this Agreed Protective Order to view such document, the producing party must waive the restrictions placed

7

Case 3:20-cv-00641   Document 44   Filed 04/22/21   Page 7 of 16 PageID #: 504

on the use of the document by this Protective Order for the limited purpose of allowing the particular deponent to view the particular document for only so long as necessary, and the producing party may condition such waiver on the execution by the deponent of a Declaration of Compliance in the form and substance as that attached as **Exhibit A**. The producing party shall not unreasonably object to such disclosure.

13. Information produced in this action that has been designated as "Confidential" or as "Attorney's Eyes Only," and the information derived therefrom, including excerpts, summaries, extracts, compilations, and the like, will be kept confidential by those who receive it, and it will be maintained at a location and in a manner that ensures that access to the information is limited to those persons entitled to have such access under this Protective Order. Notwithstanding the foregoing, the producing party is free to do whatever it desires with its own information; provided, however, that if the producing party makes the document publicly available without restriction, the producing party will promptly notify the receiving party, and the "Confidential" or "Attorney's Eyes Only" restriction will be removed therefrom.

14. If a producing party, through inadvertence, provides any materials or information that should have been designated as "Confidential" or "Attorney's Eyes Only," but fails to designate them as such at the time of production, the producing party may designate such materials as "Confidential" or "Attorney's Eyes Only" by providing (a) written notice to all parties that received the materials or information of the inadvertent production, and (b) substitute copies of the materials marked, as appropriate, "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"; or, in the case of deposition testimony, by causing the court reporter to re-issue transcripts designated in accordance with Section 4(b) above.

If a party desires to file materials designated as "Confidential" or "Attorney's Eyes Only"

with a court or to disclose in a court filing information designated as "Confidential" or "Attorney's Eyes Only," the party shall take all steps required by the Court to file the materials or filing under seal.  The fact that a document has been designated under this Order is insufficient to justify filing under seal. The Parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion, pursuant to Fed. R. Civ. P. 26(c), and under the principles set forth in *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219 (6th Cir. 1996), *Brown & Williamson v. FTC*, 710 F.2d 1165 (6th Cir. 1983), and other applicable case law.  It shall not be a violation of this Protective Order if the Court refuses to seal a document or filing, or later unseals a document or filing subject to this Protective Order.

The proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).  The proponent must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Id.  If a producing party files its own material designated under this Order and the Court unseals the document, that producing party may request that the document be withdrawn rather than filed not-under-seal, in order to avoid the public disclosure thereof.

15. This Protective Order will remain in full force and effect and will continue to be binding on all Parties to this Order and affected persons after the conclusion of this action.  Within 60 days of the final conclusion of this action (including any appeals), all parties who received materials designated as "Confidential" or "Attorney's Eyes Only" shall return such materials to the producing party or destroy such materials and certify in writing to all other Parties that they have complied with this Section.

16. Should a party to this Protective Order be commanded or compelled to produce materials or information designated hereunder as "Confidential" or "Attorney's Eyes Only," as by subpoena, civil investigative demand, discovery request in a separate action, or by similar compulsory process that subjects the recipient to sanctions unless complied with, the party must (a) provide the producing party with written or electronic notice and a copy of the compulsory process, and (b) forbear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person seeking to command or to compel the materials or information so that the producing party may have an opportunity to intervene to protect its interests.

17. If any of the Parties believe that material or information that has been designated "Confidential" or "Attorney's Eyes Only" should not have been so designated, that party may move to alter or to remove the objectionable designation; provided, however, that counsel has first made a good-faith effort to resolve its objection with counsel for the producing party. In connection with any motion challenging the "Confidential" or "Attorney's Eyes Only" designation of material or information, the producing party will have the burden of proof to support the "Confidential" or "Attorney's Eyes Only" nature of the material or information.

18. Neither the provisions of this Protective Order nor the filing of any materials under seal will prevent the use of materials or information subject to this Protective Order in open court, whether at trial or at a hearing. If a producing party desires to restrict access to the information or materials in question when used in open court, that party must separately move the Court for an appropriate order.

19. Nothing in this Protective Order prevents or otherwise restricts any counsel from rendering advice to that counsel's client who is presently a party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Protective Order; provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized hereunder to receive such material or information.

20. Nothing in this Protective Order shall prevent a party from seeking additional protection of its materials or information, or from seeking a modification of this Protective Order. This Protective Order is without prejudice to the rights of any party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

21. If a producing party inadvertently discloses materials or information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the producing party may so advise, in writing, all parties that received the materials or information and request that the materials or information be returned and that the Materials produced should be treated as such in accordance with that designation under this Agreement. . If such a request is made, no party receiving the same will thereafter assert that the inadvertent disclosure waived any privilege or immunity from discovery. Further, any party receiving such request shall return or destroy, within five (5) business days of receipt of such request, the materials and information so identified or otherwise bring the issue to this Court's attention for a determination as to whether the privilege or protection applies. If a party discloses material or information in connection with the above-captioned action that the producing party claims to be protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the disclosure of that material or information will not constitute or be

deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or protection that the producing party would otherwise be entitled to assert with respect to the material or information and its subject matter.

22. If the producing party reasonably believes that a requested document contained in a "Confidential" or "Attorney's Eyes Only" document contains privileged information, the producing party may redact the contents of the document and provide a privilege log.

23. Nothing contained in this Order or any designation hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "Confidential" or "Attorney's Eyes Only" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law, or that such information constitutes a trade secret under the law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Attorney's Eyes Only" information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Attorney's Eyes Only," and agree that no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any designated documents. Furthermore, the parties specifically reserve the right to apply to the Court for a further protective order or *in camera* inspection relating to any protected information or discovery material, and the right to seek a modification of this Order.

24. Except for an inadvertent disclosure or other violation of this Order, any knowing disclosure or use of the information protected from unauthorized disclosure under this Order shall constitute contempt of court and any party knowingly violating this Order shall be liable to the designating party for such violation. The designating party shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such violation and any relief obtained by the designating party shall be in addition to all other remedies otherwise available to the designating party.

25. This Order shall serve as a stipulation and agreement between the Parties, and shall be effective immediately upon signature by counsel for all Parties.

It is so **ORDERED**.

                                                                                    _____
                                                                                    HON. ALETA A. TRAUGER
                                                                                    DISTRICT COURT JUDGE

APPROVED FOR ENTRY:

Jennifer Altman, Esq.
Markenzy Lapointe, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
ashley.cowgill@pillsburylaw.com
*Counsel for The Lampo Group, LLC*

/s/  Jennifer G. Altman

Steven M. Rudner, appearing *pro hac vice*
John C. Josefsberg, appearing *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

Stephen J. Zralek, No. 18971
BONE MCALLESTER NORTON PLLC
511 Union St., Ste.  1000*
Nashville, TN 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com
*Counsel for Marriott Hotel Services, Inc.*

/s/  John C. Josefsberg

14

Case 3:20-cv-00641   Document 44   Filed 04/22/21   Page 14 of 16 PageID #: 511

# EXHIBIT "A"

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC d/b/a<br>RAMSEY SOLUTIONS,<br>a Tennessee Limited Liability Company, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 3:20-cv-00641<br>Judge Aleta A. Trauger |
| MARRIOTT HOTEL SERVICES, INC.,<br>a Delaware Corporation; and<br>MARRIOTT INTERNATIONAL, INC.,<br>a Delaware Corporation, | )<br>)<br>)<br>)<br>) | JURY DEMAND |
| Defendants. | )<br>) | |
| MARRIOTT HOTEL SERVICES, INC.,<br>a Delaware Corporation, | )<br>)<br>) | |
| Counter-Plaintiff, | )<br>) | |
| v. | )<br>) | |
| THE LAMPO GROUP, LLC d/b/a<br>RAMSEY SOLUTIONS,<br>a Tennessee Limited Liability Company, | )<br>)<br>)<br>) | |
| Counter-Defendant. | ) | |

## DECLARATION OF COMPLIANCE

Pursuant to 28 U.S.C. § 1746, I, _____, under penalty of perjury, depose and state that the following is true and correct:

1. I am over 18 years of age.

2. I have read the Agreed Protective Order entered in the above-referenced action before reviewing or receiving access to the content of any documents or information subject to the provisions of the Agreed Protective Order.

3. I understand and agree that I am personally bound by and subject to the restrictions and obligations of the Agreed Protective Order.

4. I understand that the unauthorized disclosure of a document or information protected by the Agreed Protective Order may constitute breach of this Declaration and may subject me both to the contempt powers of the above-referenced Court, and to liability to one or more of the parties.

5. I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the _____ day of _____, 202__.

_____
Signature

_____
Printed Name