# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:20-cv-00641<br>) Judge Aleta A. Trauger<br>) |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; | ) JURY DEMAND<br>)<br>) |
| Defendant. | )<br>) |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, | )<br>)<br>) |
| Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | )<br>)<br>)<br>) |
| Counter-Defendant. | )<br>) |

## JOINT MOTION TO MODIFY CERTAIN SCHEDULING DEADLINES IN THE CASE MANAGEMENT ORDER

The Lampo Group, LLC d/b/a Ramsey Solutions and Marriott Hotel Services, Inc., by and through counsel, respectfully move to extend certain pre-trial deadlines in the Initial Case Management Order issued on October 19, 2020 [Dkt. 31] (the "Scheduling Order"), as amended on April 8, 2021 [Dkt. 43] and again on May 14, 2021 [Dkt. 47], and in support thereof state:

1. Currently, the fact discovery cut-off is September 3, 2021. The deadline for the disclosure of experts and their reports, for the party without the burden of proof, is August 23, 2021. The dispositive motion deadline is October 8, 2021.

2. As outlined below, the parties have agreed that additional time is required to complete discovery, including depositions and disclosure of experts for the party without the burden of proof, and their reports.

3. The parties have been working diligently and expeditiously to complete discovery to meet the existing deadline. Both parties have propounded and responded to multiple sets of written discovery. Approximately 60,000 pages have been produced during discovery.

4. In addition, subsequent to filing of the complaint, some of the key witnesses for both parties are now *former* employees. It appears that at least one, if not more, of the former employees does not reside in Tennessee. The parties expect that the former employees will appear for deposition without the need for a subpoena. The parties are now planning for depositions to be taken in Tennessee, Florida, North Carolina and possibly New Jersey.

5. Further, several of the attorneys working on the case, as well as key client representatives, have had significant medical issues that have resulted in both sides requesting and receiving extensions of time to respond to discovery.

6. The parties are concerned that they will not meet the existing deadlines and are seeking to modify the existing Scheduling Order. Rather than wait until the time is upon them, the parties believe it is prudent to move certain deadlines at this time. Obviously, the parties will continue to work diligently to timely complete all necessary pre-trial requirements.

7. Although the parties are hoping that it will not be necessary to request a trial continuance, the possibility remains that it may be necessary to do so. The parties are committed

to working diligently to complete remaining discovery without the necessity of requesting a trial continuance.

8. The parties are requesting to modify the Scheduling Order as follows:

   a. The deadline to complete Fact Discovery would be changed from September 3, 2021 to **October 22, 2021**;

   b. The expert deadline for the party without the burden of proof would be changed from August 23, 2021 to **September 7, 2021**;

   c. The Dispositive Motions Deadline would be changed from October 8, 2021 to **November 12, 2021**;

   d. The Deadline to Respond to Motions for Summary Judgment would be changed from October 29, 2021 to **December 8, 2021**; and

   e. The Deadline to file an optional Reply in Further Support of Motions for Summary Judgment would be changed from November 8, 2021 to **December 17, 2021**.

9. This Motion is not interposed for any improper purpose or to cause delay. The parties are hopeful that the above modifications to the scheduling order will allow them to efficiently complete these pre-trial activities. Further, the above changes do not in any way impact the existing Order Setting Case For Trial [Dkt. 32] and they do not currently foresee any reason to seek a change in the existing dates in that order.

WHEREFORE, based on the foregoing, the parties respectfully file this joint motion to modify the Scheduling Order as outlined herein.

          Respectfully submitted,

          /s/ Jennifer G. Altman, by J. Josefsberg w/ permission
          Jennifer Altman, Esq.
          Markenzy Lapointe, Esq.
          PILLSBURY WINTHROP SHAW PITTMAN LLP
          600 Brickell Avenue, Suite 3100
          Miami, FL 33131
          jennifer.altman@pillsburylaw.com
          markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
ashley.cowgill@pillsburylaw.com

*Counsel for The Lampo Group, LLC*


/s/ John C. Josefsberg
Steven M. Rudner, appearing *pro hac vice*
John C. Josefsberg, appearing *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

Stephen J. Zralek, No. 18971
BONE MCALLESTER NORTON PLLC
511 Union St., Ste. 1000*
Nashville, TN 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com
*Counsel for Marriott Hotel Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document via ECF on August 9, 2021 on:

Ashley E. Cowgill, Esq.
ashley.cowgill@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Jennifer Altman, Esq.
jennifer.altman@pillsburylaw.com
Markenzy Lapointe, Esq.
markenzy.lapointe@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

*Counsel for The Lampo Group, LLC*

                                              /s/ Stephen J. Zralek