# Composite
# EXHIBIT B

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC d/b/a<br>RAMSEY SOLUTIONS, a Tennessee<br>Limited Liability Company,<br><br>  *Plaintiff,*<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC.,<br>a Delaware Corporation;<br><br>  *Defendant.*<br>_____<br>MARRIOTT HOTEL SERVICES, INC.,<br>a Delaware Corporation,<br><br>  *Counter-Plaintiff,*<br><br>v.<br><br>THE LAMPO GROUP, LLC d/b/a<br>RAMSEY SOLUTIONS, a Tennessee<br>Limited Liability Company,<br><br>  *Counter-Defendant.*<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ | **Case No. 3:20-cv-00641**<br>**Judge Aleta A. Trauger** |

## THE LAMPO GROUP, LLC D/B/A RAMSEY SOLUTIONS' RESPONSES AND OBJECTIONS TO DEFENDANT/COUNTER-PLAINTIFF'S MARRIOTT HOTEL SERVICES, INC.'S FIRST SET OF WRITTEN INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions") serves its responses and objections to Defendant Marriott Hotel Services, Inc.'s ("Defendant" or "Marriott") First Set of Written Interrogatories and Second Requests for Production of Documents served on March 2, 2020 (the "Discovery").

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.      Ramsey Solutions objects to the Definitions and Instructions to the extent that theyare broader than or otherwise not provided under the Federal Rules of Civil Procedure including the definition of "Document" as outlined in the Request. Further, to the extent that anyElectronically Stored Information ("ESI") is sought in this Request or any other, it must be consistent with the Local Rules of this Court.  Although Ramsey Solutions attempted to negotiate an ESI protocol identifying the specific nature and scope of such discovery including custodians and search terms, Defendant would not agree to do so, instead deciding to adhere to the Local Rule, which does not require the parties to negotiate or otherwise agree upon search terms or custodians.

B.      Further, Ramsey Solutions reserves its right to supplement, amend, clarify, modify, revise, or correct any or all of its responses or objections to the Discovery at any time and to rely on other facts or information that may be discovered in the future in the course of this litigation. These responses and the information provided are made only for the purposes of discovery in this action, and nothing contained in its responses are an admission by Ramsey Solutions of the relevance or admissibility of any information for any purpose whatsoever including admission into evidence in the above-styled action.

C.      Ramsey Solutions reserves all objections as to competency, relevance, materiality,privilege, or admissibility related to the use of the information provided herewith as evidence for any purpose whatsoever in this action or any other action.

D.      Generally speaking, a party is not entitled to demand a recitation of "all facts"

2

bearing on a particular proposition. As one observant jurist noted in the context of contention interrogatories: "Simply relating that "all facts" are required about a general contention is a lazyway of propounding an interrogatory which inevitably leads to a lazy response and then disputes.*Samaan v. Sauer*, No. CIV S-07-0960 JAM GGH, 2008 U.S. Dist. LEXIS 119994, at *12-13 (E.D. Cal. July 16, 2008) (Hollows, J.). Consistent with that principle, Ramsey Solutions expressly reserves its right to rely upon additional facts or evidence throughout this proceeding including in dispositive motion or at trial, and nothing contained herein shall be construed as a waiver of Ramsey Solutions' right to present such additional facts or evidence in support of their arguments in this action.

E. Ramsey Solutions objects to the definition of Documents and Communications to the extent that Marriott is attempting to create an obligation to produce non-documentary evidence through the definition of "Documents" like audio or other verbal materials, or to the extent that it seeks to impose a burden on Ramsey Solutions to create documents, summaries or materials about conversations or verbal discussions not otherwise codified in writing. The definition of Communication seems to include verbal communications through its use of "face to face meetings" etc., but Ramsey has no such burden to create documents.

F. Ramsey Solutions objects to the Definition of Marriott and Ramsey Solutions to the extent that Marriott includes any party or entity that is not a party to this action. Further, these definitions are grossly overbroad and Ramsey Solutions has no ability to know Marriott's "subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, including without limitation any representative of the Gaylord Hotels brand, and includes without limitation their current or former officers, directors, shareholders,

employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf". Accordingly, Ramsey Solutions responds to the Discovery on its own behalf and construes Marriott as only the defendant in this action.

G.     Many of the requests are duplicative, seeking the same materials multiple times. For clarity, Ramsey Solutions is only producing documents and information one time, not multiple times even if the requests seek the same responsive documents.

H.     Many of the requests are inconsistent with Rule 26(b)(1), Fed. R. Civ. P. and fail to have any proportional relationship to the claims or issues raised by the pleadings. *See also* Kath*ryn T. Craig v. Kropp*, Case No: 2:17-cv-180-FtM-99CM (M.D. Fla. Mar. 1, 2018) (request not proportional to the needs of the case). Further, Despite the broad scope of discovery, discovery should nonetheless be limited "to the claims and defenses asserted in the pleadings." Fed. R. Civ. P. 26(b) (1), Advisory Committee's Notes to the 2000 Amendments to Rule 26(b)(1); *see also Heller v. HRB Tax Grp., Inc*., 287 F.R.D. 483, 485 (E.D. Mo. 2012) (holding that in making determinations under Rule 26(b)(1) courts must consider, as a threshold matter, whether the information sought is relevant to the claim or defense at suit). As outlined below, many of the requests at issue have no relevance to the actual claims or defenses plead by the parties.

I.     The documents will be produced after the parties enter into an agreeable confidentiality and protective order to ensure the confidentiality of information that requires such protection.

J.     The requests of Marriott are grossly overbroad and seek all manner of information including unrelated marketing detail, seating charts and the like. Because the

4

responses seek all manner of irrelevant information, it likewise implicates more than 35 custodians if taken at face value. Ramsey Solutions has run preliminary searches that yielded hundreds of thousands of hits. For this reason, absent a burden shifting analysis by the Court, Ramsey Solutions is limiting its production to certain custodians that it believes have responsive and relevant information.

      K.      To the extent that any of the document requests served by Marriott seek advertisements or discussions relating to the EntreSummit2020 event that occurred during the broadcasts of the various Podcasts, radio or video programming, those are publicly available to Marriott just as it would be Ramsey Solutions. This is true of the company's Facebook and Instagram accounts, which are public and equally available to Marriott as they are to Ramsey Solutions. Given the extensive and overbroad requests, it would be unduly burdensome to require Ramsey Solutions to review hundreds of hours of audio and video recordings or other publicly available information to determine whether the event was advertised or discussed. In addition to Facebook and Instagram, there are hours upon hours of programming publicly available at no cost to Marriott at the following sources:

**The Ramsey Show**
Audio - Radio (AM/FM/SiriusXM), Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Audio livestream, Ramsey Network mobile app (iOs, Android)
Video - YouTube, DR.com, Facebook Live
5 days a week, 3 hours a day = 15 episodes/hours each week

**The Chris Hogan Show**
Audio - SiriusXM, Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Ramsey Network mobile app (iOs, Android)
Video - YouTube
3 episodes a week (40 minutes long each)

**The Rachel Cruze Show**
Audio - Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Ramsey Network mobile app (iOs, Android)
Video - YouTube
2 episodes per month (40 minutes long each)

5

**The Ken Coleman Show**
Audio - Radio (AM/FM/SiriusXM), Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Ramsey Network mobile app (iOs, Android)
Video - YouTube
5 days a week, 1 hours a day = 5 episodes/hours each week
`
**The Table with Anthony O'Neal**
Video - YouTube
1 episode per week (40 minutes long)

**The Christy Wright Show**
Audio - Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Ramsey Network mobile app (iOs, Android)
Video - YouTube
1 episode per week (40 minutes long)

**EntreLeadership**
Audio - Podcast (Apple Podcasts, Spotify, Google, Amazon Music, Pandora, iHeartRadio etc.), Ramsey Network mobile app (iOs, Android)
Video - YouTube
1 episode per week (40 minutes long)

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person that may have information or knowledge regarding the claims and defenses asserted in this Litigation, including but not limited to any Person involved in negotiating or executing the Palms Contract, Texan Contract and Rockies Contract, or planning for the Palms Event, Texan Event and Rockies Event, or who You have communicated with regarding the Palms Contract, Palms Event, Texan Contract, Texan Event, Rockies Contract and Rockies Event, the allegations in Your FAC, or this Litigation. For each Person, describe the information or knowledge possessed and identify all documents and/or communications related to such information or knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

**Objection. A portion of the interrogatory is confusing in that Ramsey Solutions does not understand what Marriott means in the last sentence by the statement, with respect to Person's with knowledge or information to "identify all documents and/or communications related to such information or knowledge." The interrogatory is overbroad if it is asking Ramsey Solutions to codify each and every conversation that transpired relating to the claims and defenses as the pleadings are currently framed. It is likewise overbroad to require the company to identify in an interrogatory response each document or communication that relates to their knowledge. Ramsey Solutions is making a simultaneous production of documents from multiple custodians including those identified in their Rule 26 Disclosures and the additional individuals identified in the response below that codifies their knowledge on the subjects outlined in the emails. Asking a party to identify each and every fact or document is overbroad and unduly burdensome, however. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). To the extent that Marriott may be asking for work product protected information in asking counsel to review documents and then identify the documents associated with each witness' knowledge, such a request is improper. The work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case," *Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F.Supp.2d 1342, 1358 (D.N.M.2002) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975), and is broader than privilege because it encompasses more than client communications. *See Murphy v. Gorman*, 271 F.R.D. 296, 310 (D.N.M. 2010) (citing *United States v. Nobles*, 422 U.S. at 238). The objective of the protection is to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent. *U.S. v. AT&T*, 642 F.2d 1285, 1299 (D.C.Cir. 1980) (emphasis added); *See, e.g., In re R.A. Potts & Co.*, 30 B.R. 708, 711-12 (E.D.Pa. 1983) ("purpose of the doctrine is to protect**

7

material from adversaries and not necessarily from the rest of the world; waiver occurs only if disclosure to a third party substantially increases the possibility that an adversary could get the information").

Without waiver of the above objection, and excluding any response to the objectionable portion, Ramsey Solutions directs Marriott to its Rule 26 Disclosures. For Ramsey Solutions' witnesses identified in the Rule 26 Disclosures, those witnesses can be contacted through the undersigned counsel. For those that are currently employed by Marriott or were formerly employed by Marriott, Ramsey Solutions assumes that they can be contacted through Marriott. Ramsey Solutions does not have personal knowledge of their personal information including their respective addresses. Ramsey Solutions' knowledge of their potential testimony is embodied in its Rule 26 Disclosures and the documents being produced in connection with the Second Request for Production.

In addition to the those in the Rule 26 Disclosures, Ramsey Solutions also identifies Sarah Sloyan. Ms. Sloyan is the Senior VP EntreLeadership Team. Pete Young, Joe Leavitt and Margaret Vann are responsible for the live event (EntreSummit); Ms. Sloyan and Daniel Tardy are responsible for the EntreSummit business unit generally. In that capacity, Ms. Sloyan and Mr. Tardy would have provided input as to what was communicated to potential attendees of the event and others regarding the event including any updates regarding the same.

Kristin Cummings is the Senior Director of Operations and Events, EntreLeadership Team. Ms. Cummings reports to Ms. Sloyan. She worked closely with live event team and would likewise provide input about what is communicated to potential attendees of the event including updates regarding the same.

Jake Isham. Mr. Isham is the Production Manager for Ramsey Solutions Events.

Blake Thornell. Mr. Thornell is the Senior Event Producer for Ramsey Solutions Events.

Both Mr. Isham and Mr. Thornell had discussions with third party vendors related to the planning of the event.

## INTERROGATORY NO. 2:

State the number of people that had registered to attend the Palms Event, as of the time You terminated the Palms Contract on July 3, 2020.

## RESPONSE TO INTERROGATORY NO. 2:

 The number of people registered was 1582. *See* Excel Spreadsheet being produced herewith.

**INTERROGATORY NO. 3:**

State the total dollar amount received from the individuals that had registered to attend the Palms Event, as of the time You terminated the Palms Contract on July 3, 2020.

**RESPONSE TO INTERROGATORY NO. 3:**

**The total amount was $6,192,881.** *See* **Excel Spreadsheet being produced herewith.**

**INTERROGATORY NO. 4:**

State the number of people that registered to attend EntreSummit 2020, which was held at Ramsey Solutions' headquarters in July 2020.

**RESPONSE TO INTERROGATORY NO. 4:**

**Objection. The information sought has no bearing on the issues plead in this action, nor is it reasonably likely to lead to the discovery of admissible evidence.**

**Without waiving the objection, the answer is 723.** *See* **Excel Spreadsheet being produced herewith.**

**INTERROGATORY NO. 5:**

State the number of people that attended the EntreSummit 2020, which was held at Ramsey Solutions' headquarters in July 2020.

**RESPONSE TO INTERROGATORY NO. 5:**

**Objection. The information sought has no bearing on the issues plead in this action, nor is it reasonably likely to lead to the discovery of admissible evidence.**

**Without waving the objection, the answer is 712.** *See* **Excel Spreadsheet being produced herewith.**

**INTERROGATORY NO. 6:**

State the total dollar amount You received from, or on behalf of, the individuals that registered to attend the EntreSummit Event, which was held at Ramsey Solutions' headquarters in July 2020.

**RESPONSE TO INTERROGATORY NO. 6:**

**Objection. The information sought has no bearing on the issues plead in this action, nor is it reasonably likely to lead to the discovery of admissible evidence.**

**Without waiving the objection, Ramsey Solutions received $3,093,400 in registration fees for the July 2020 event held at Ramsey Solutions headquarters. *See* Excel Spreadsheet being produced herewith.**

**INTERROGATORY NO. 7:**

For each Person to whom "ELS refunds after the move to Nashville" were made, as set forth in Ramsey Solutions RS000005 through RS000016, state the name of such Person and the dollar amount refunded, as well as the total dollar amount of all such "ELS refunds after the move to Nashville."

**RESPONSE TO INTERROGATORY NO. 7:**

**Objection. The information sought has no bearing on the issues plead in this action, nor is it reasonably likely to lead to the discovery of admissible evidence.**

**Without waiving the objection, Ramsey Solutions states that counsel for Marriott agreed that Ramsey Solutions should produce the response to this interrogatory based on the updated data not the bates numbers referenced in the interrogatory. The responsive information is in the Excel Spreadsheet being produced herewith.**

10

**INTERROGATORY NO. 8:**

For each Person to whom "ELS transfers after move to Nashville" were made, as set forth in Ramsey Solutions Bates Pages RS000017 through RS000024, state the name of such Person and the dollar amount refunded, as well as the total dollar amount of all such "ELS transfers after move to Nashville."

**RESPONSE TO INTERROGATORY NO. 8:**

**Objection. The information sought has no bearing on the issues plead in this action, nor is it reasonably likely to lead to the discovery of admissible evidence.**

**Without waiving the objection, Ramsey Solutions states that counsel for Marriott agreed that Ramsey Solutions should produce the response to this interrogatory based on the updated data not the bates numbers referenced in the interrogatory. The information is in the Excel Spreadsheet being produced herewith.**

**INTERROGATORY NO. 9:**

Describe Your efforts to mitigate Your alleged damages in this case.

**RESPONSE TO INTERROGATORY NO. 9:**

**Objection. The term "mitigate" is a legal term that may also be used in other contexts. To the extent that Marriott is asking Ramsey Solutions to provide any legal analysis of its mitigation efforts, such request violates the attorney client privilege and work product doctrine. *See* Response to Request 1 regarding work product definitions.**

**Without waiving the above objection, Ramsey Solutions provides its response in the non-legal context and outlines the steps it took to reduce any damages that it would suffer. Specifically, Ramsey Solutions worked with Marriott employees for several months, at great time and expense, so that it could hold the event at Gaylord Palms as it had planned dating back to 2017. In that regard, representatives of Ramsey Solutions, including those identified in the Rule 26 Disclosures, had meetings, telephone calls and communicated by emails and text messages with Marriott representatives. Relevant email communications are being produced. Unfortunately, due to COVID 19 and related restrictions, Gaylord Palms substantially reduced the agreed upon amenities available to the attendees, limited the ability of attendees to network and socialize and otherwise changed the character of the event from a high-end, luxury event, in a manner that would tarnish Ramsey Solutions' brand, goodwill and the reputation of the event going forward. To limit its damages, rather than return all deposits received, Ramsey Solutions gave attendees the option to use any deposit for a later event and/or to attend an event at the company's headquarters, thus retaining some of the revenues that would otherwise be lost. Further, to lessen any harm to its reputation and/or brand, Ramsey Solutions moved the event so that attendees who wanted to attend the 2020 event and could adjust their travel schedule on such short notice would still have an**

11

opportunity to do so.  This enabled Ramsey Solutions to avoid an outright cancellation of the event.

## INTERROGATORY NO.  10:

Identify any witness You may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 and provide the information required to be disclosed under Federal Rule of Civil Procedure 26(a)(2).

## RESPONSE TO INTERROGATORY NO.  10:

Ramsey Solutions will identify any testifying expert(s) and any information required to be disclosed in accordance with the Court's Order Setting Case For Trial (Dkt. 32), such further orders of the Court and/or any agreement of the parties. Ramsey Solutions has not yet identified its expert witnesses that it may use at trial.  This request is premature and would necessitate multiple responses and supplements, and potentially impinge on work product protected information.  *U.S. ex. Rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545-46 (N.D. Ill. 2005).  *See also* Request No. 1 regarding work product.

12

## INTERROGATORY NO. 11:

Identify the Persons responsible for locating documents responsive to the following Requests for Production of Documents, and describe the efforts they undertook and the places they looked (including which computers and other electronic devices he or she searched and how they searched them) to find documents responsive to the following Requests for Production of Documents.

## RESPONSE TO INTERROGATORY NO. 11:

**Rory McKean**.  **Counsel.**  Mr. McKean's involvement included working with the accounting and finance teams to gather the information necessary to respond to the interrogatories and the requests for production.  He also worked with the EntreLeadership and Live Events teams to determine the appropriate custodians and the individuals that interacted with Marriott regarding the event.  Mr. McKean was also otherwise generally involved in supervising the collection of responsive information.

**Lauren Freel.  Paralegal**.  Ms. Freel met with potential custodians to determine whether they had responsive information, catalog where responsive information was maintained and the format the information was stored in.  She also coordinated with Ramsey Solutions IT team as well as the outside vendors used to collect the information.

**Daniel Cortez.  General Counsel.**  Mr. Cortez, Ms. Freel and Mr. McKean were involved in interviewing all custodians identified in the Rule 26 disclosures.  Those interviews helped identify what responsive materials those custodians had, how and where those materials were stored and in what format. The interviews also ascertained whether there were additional individuals who may have responsive documents and the team interviewed those individuals as well.  Additionally, Mr. Cortez and his team coordinated the collection efforts with the Ramsey Solutions IT team, assisted in establishing the searching protocols to be used and coordinated with third party vendors.

**Stephen Bock   Director of IT Infrastructure Information Technology.**  Mr. Bock coordinated and implemented the search protocols and gathered the responsive information to be reviewed.

**Chelsea Bremer.  Executive Director of Information Technology.**  Mr. Bremer assisted in the scoping and performance of the electronic searches.

**Setec Investigations.**  This third party company assisted Ramsey Solutions in gathering text messages from custodians.

## INTERROGATORY NO.  12:

Identify all Documents responsive to any of the following Requests for Production of Documents that You have not produced because the Documents have been lost, destroyed, deleted, or for whatever reason are not in Your possession, custody, or control, and state the reason for the absence and possible whereabouts of each document.

## RESPONSE TO INTERROGATORY NO.  12:

**Ramsey Solutions is not currently aware of any documents that were lost, destroyed, deleted or are not in its possession, custody or control that should be in its possession, custody or control.  Mr. Leavitt has indicated that he from time to time took handwritten notes during conversations with Marriott representatives or during internal conversations about Marriott.  Mr. Leavitt's practice was to use these notes as the basis of follow up for meetings, calls, emails, and texts he would send.  Mr. Leavitt has indicated that he discarded those notes once he completed the notepad  in which he kept his notes as these were otherwise no longer needed.  Mr. Leavitt discards such information in the ordinary course of business.  To the extent that Ramsey Solutions becomes aware of any additional information, it will advise Marriott of the same.**

14

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all Documents or tangible things Related To the claims and defenses asserted by

You in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

**Objection. As phrased with the inclusion of the phrase "tangible things" makes the request vague and overbroad and unduly burdensome. To illustrate, a tangible thing can include any physical item, which arguably include any large-scale collateral typically used at such events, audio and video equipment that was rented for the event at the Gaylord Palms, but that belongs to third parties and all manner of other physical items that are not probative. Although Ramsey Solutions incurred costs for a variety of items that it procured for the event (and thus could be related to the claims and defenses as defined), such items may not be owned by Ramsey Solutions. And, if they, like signage or other branding, they have no relationship to the merits of the case.**

**Further, as phrased, the request is over broad and seeks the production of information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. For example, signage and other materials that would have been used for the event has no bearing on the ultimate issue in this case, to wit: whether Ramsey Solution was entitled to terminate the agreements at issue. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). Producing such items would likewise be unduly burdensome as the cost associated with replicating any such items would far exceed any benefit or relevance. The request is also overly broad in that it seeks "all" documents relating to any claim or defense. Ramsey Solution intends to use its good faith and best efforts to cull responsive materials, but there is always the chance that Marriott may believe a document is "Related to" that Ramsey Solutions does not. For this reason, the request is overly broad, unduly burdensome and ambiguous. Marriott also does not define when it states "claims or defenses" whether those are Ramsey Solutions, Marriott or both, as there are claims and counterclaims here. Finally, as phrased, the request seeks the production of work product protected information in that it asks Ramsey Solutions to identify the documents and information that relate to claims and defenses, which itself requires the disclosure of counsel's mental impressions. *See* Response to Request No. 1 regarding work product.**

**Without waiving the objection, Ramsey Solutions will produce the documents it believes are "Related to" the claims and defenses in this action from the selected custodians within its possession, custody or control as limited by the above, meaning it is not producing the branding or marketing materials relating to the event.**

15

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents or tangible things Related To the negotiation of the Palms

Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

**Objection.** *See* **Objection to Request No. 1 relating to tangible things. Further, the request is overbroad and seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence when it seeks "all" documents related to the negotiation of these agreements as by definition that includes information not reasonably likely to lead to the discovery of admissible evidence. Asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is not limited to the negotiation of the specific provisions at issue, by example. Further, there is no allegation that the agreements are ambiguous and, thus, any documents relating to the negotiations of the same are irrelevant and purely designed to create work for Ramsey Solutions.**

**Without waiving the objection, Ramsey Solutions will produce the email communications it believes are relevant regarding the negotiation of the Palms, Texan and Rockies contracts from the selected custodians within its possession, custody or control other than as outlined in its objections above.**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents or tangible things Related To the acceptance of the Palms Contract,

Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

**Objection. See Objection to Request No. 1 relating to use of tangible things. Further, the request is vague and confusing. Ramsey Solutions is unclear what Marriott seeks other than the signed agreements that would constitute "acceptance" of the various agreements. It is likewise overbroad and seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence because arguably any act in furtherance of the various agreements could arguably be construed as "acceptance". Asking a party to identify each and every fact or document is overbroad and unduly burdensome, however.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions will produce the signed agreements between the parties including any amendments within its possession, custody or control.**

16

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents or tangible things Related To the execution of the Palms Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

**Objection.** *See* **Objection to Request No. 1 relating to use of tangible things. Here, there is no allegation that the agreements are ambiguous and, thus, any documents relating to the execution of the same are not relevant; the signed agreements were executed and the validity of the signatures are not at issue. Asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is vague and ambiguous in that it is unclear what would be "Related to" execution other than the signatures themselves.**

**Without waiving the objection, Ramsey Solutions will produce the signed agreements between the parties and any amendments thereto within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents or tangible things Related To the performance of the Palms Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**Objection.** *See* **Objection to Request No. 1 relating to use of tangible things. As phrased, Marriott seeks documents relating to the "performance" of the Texan and Rockies contracts, which were terminated well in advance of the scheduled events. For this reason, Ramsey Solutions finds the request vague and ambiguous as to what "performance" documents would be responsive as the parties had not yet undertaken preparation for events in 2021 and thereafter at the time that agreements were terminated much less performance of those agreements. To the extent the execution of those agreements is deemed related to performance, those agreements are being produced as they are responsive to other requests. The request is also overly broad and unduly burdensome and seeks documents that are not reasonably related to the discovery of admissible evidence as it pertains to the Palms Agreement. By example, as phrased, any and all marketing materials, collateral, invitations, invoices and a host of other documents and materials may relate to the performance of the event of the Gaylord Palms event would be responsive, but those materials have no bearing on any of the issues in this case. Asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). These materials would likewise be overly burdensome to require Ramsey Solutions to gather and produce this information given the sole issue involved in the litigation is whether Ramsey Solutions had**

the contractual right to terminate the various agreements. Without further clarity and limitation, Ramsey Solutions will not respond to this request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all Documents or tangible things Related To any alleged oral or written modification of the Palms Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

**Objection.** *See* **Objection to Request No. 1 relating to use of tangible things. Also, the use of the phrase "Related To" as defined would include the production of irrelevant information and materials not likely to lead to the discovery of admissible evidence, and it is unclear what Documents would be "Related To" an alleged oral modification other than the amendment itself. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is not aware of any documents responsive to this request other than the amendment to the Palms Agreement and certain email communications relating thereto. Ramsey Solutions is producing such information within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all Documents or tangible things that evidence any alleged agreement between You and Marriott regarding the Palms Event, Texan Event and Rockies Event that is not in writing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

**Objection. The request is confusing in that although the only written agreements are those attached to the Amended Complaint, as a resort facility, there are numerous amenities, both identified in the agreements and those that are not (but are on identified on the website or are otherwise physically observable on the premises). For example, the use of the pool, restaurants onsite and other amenities like the spa, gym, valet service and the like. It is implicit when a guest stays at a hotel that the amenities identified on the hotel website are likewise included and available to guests (and are represented as such) even if they are not specifically mentioned in a group contract. As phrased, Ramsey Solutions is unclear if Marriott is referring to those items or something else. Further, as with the other requests, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.*, **No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Ramsey Solutions is not aware of any documents responsive to this request other than the agreements attached to its Amended Complaint and the information available to Ramsey Solutions on Gaylord Palms website, Marriott's website and any collateral or marking materials generated by Marriott. As noted throughout, the Agreements and any amendments are being produced by Ramsey Solutions.**

19

**REQUEST FOR PRODUCTION NO. 8:**

Produce all Documents or tangible things that evidence any alleged modification of the Palms Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

**Objection.** *See* **Objection to Request No. 1 relating to use of tangible things. Also, the use of the phrase "Related To" as defined would include the production of irrelevant information and materials not likely to lead to the discovery of admissible evidence, and it is unclear what Documents would be "Related To" an alleged oral modification other than the amendment itself. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is not aware of any documents responsive to this request other than the amendment to the Palms Agreement and certain email communications relating thereto. Ramsey Solutions is producing such information within its possession, custody or control.**

20

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Documents and Communications between You and Marriott Concerning, in any way, planning for the Palms Event, Texan Event and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

**Objection. See Objection to Request No. 1 relating to use of tangible things. As phrased, Marriott seeks documents relating to the "planning" of all three events, but two of the events (Texan Event and Rockies Event) are not relevant to this action. Rather, those two contracts—which relate to events that were to take place in 2021 and thereafter-- were terminated well in advance of the scheduled events and were terminated based on a provision that allowed for the termination in Ramsey Solutions sole discretion. Ignoring for a moment that no material planning would have occurred, even if it had, the information would be irrelevant to this action. Ramsey Solutions is not and has not sought damages based on out-of-pocket or other costs associated with the planning of the Texan or Rockies events. The request is also overly broad and unduly burdensome and seeks documents that are not reasonably related to the discovery of admissible evidence. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). Even as to the Palms Event, the "planning" that went into the event is not at issue, but rather, the sole issue involved in the litigation is whether Ramsey Solutions had the contractual right to terminate the various agreements. The request is grossly overbroad and by definition includes all manner of communications, marketing and other materials about the event that have no relationship to the merits. It is not as if the request is narrowly tailored to those "planning" activities that involved Marriott and resulted in the termination of the agreement. Rather, as phrased, the request seeks anything, a prepared speech, emails about various speakers or anything else that relates to the mechanics of the event regardless of whether it has any bearing on the claims at issue.**

**Without waiving the objection, Ramsey Solutions will produce documents relating to the planning of the Palms Event from the selected custodians that are in its possession, custody or control that specifically relate to Gaylord Palms and Marriott facilities/amenities at the hotel.**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Documents and Communications evidencing any internal Communications between and among Your employees or agents Concerning, in any way, the negotiation and execution of the Palms Contract, Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

**Objection. The request is overbroad and seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). Additionally, there is no allegation that the agreements are ambiguous or that the agreements attached to the pleadings are invalid. Thus, any documents relating to the negotiations of the same are not relevant and purely designed to create work for Ramsey Solutions. The request arguably seeks attorney client privileged and/or work product communications in that, as phrased, it seeks communications regarding the negotiations of the same, which may include the mental impressions and/or advice of counsel. The term "agents" is undefined and itself could include counsel or other third parties. As with many of the other requests, this request appears to be an attempt to create make work for Ramsey Solutions as the information sought has no bearing on the issues in this action.**

**Without waiving the objection, Ramsey Solutions will produce any communications from the selected custodians in its possession, custody or control relating to the negotiation of the agreements at issue.**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all Documents and Communications evidencing any internal Communications between and among Your employees or agents Concerning, in any way, planning for the Palms Event, Texan Event and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

**Objection. As phrased, Marriott seeks documents relating to the "planning" of all three events, but the planning of the two of the events (Texan Event and Rockies Event) are not relevant to this action. Rather, those two contracts—which relate to events that were to take place in 2021 and thereafter-- were terminated well in advance of the scheduled events and were terminated based on a provision that allowed for the termination in Ramsey Solutions sole discretion. Ignoring for a moment that no material planning would have occurred, even if it had, the information would be irrelevant to this action. Ramsey Solutions is not and has not sought damages based on out-of-pocket or other costs associated with the planning of the Texan or Rockies events. The issue is whether Ramsey Solutions had the ability under the agreements to terminate or not perform. The request is also overly broad and unduly burdensome and seeks documents that are not reasonably related to the discovery of admissible evidence. Even as to the Palms Event, the "planning" that went into the event is not at issue, but rather, the sole issue involved in the litigation is whether Ramsey Solutions had the contractual right to terminate the various agreements. The request is grossly overbroad and by definition includes all manner of communications, marketing and other materials about the event that have no relationship to the merits. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). It is not as if the request is narrowly tailored to those "planning" activities that involved Marriott and resulted in the termination of the agreement. Rather, as phrased, the request seeks anything, a prepared speech, emails about various speakers or anything else that relates to the mechanics of the event regardless of whether it has any bearing on the claims at issue.**

**Without waiving the objection, Ramsey Solutions will produce documents relating to the planning of the Palms Event from the selected custodians in its possession, custody or control that specifically relate to the event at the Gaylord Palms, meaning matters involving the facilities/amenities at the hotel, restrictions imposed by the hotel or other matters that led to the termination of the agreement.**

23

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Documents and Communications between You and any third party, Concerning, in any way, the planning and/ or performance of the Palms Event, Texan Event and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

**Objection. As phrased, Marriott seeks documents relating to the "planning" and "performance" of all three events and specifically those between Ramsey Solutions and any third party. But two of the events (Texan Event and Rockies Event) are not relevant to this action. Rather, those two contracts—which relate to events that were to take place in 2021 and thereafter-- were terminated well in advance of the scheduled events and were terminated based on a provision that allowed for the termination in Ramsey Solutions sole discretion. Ignoring for a moment that no material planning would have occurred, even if it had, the information would be irrelevant to this action. Ramsey Solutions is not and has not sought damages based on out-of-pocket or other costs associated with the planning of the Texan or Rockies events. The request is also overly broad and unduly burdensome and seeks documents that are not reasonably related to the discovery of admissible evidence. Further, even as to the Palms Event, the "planning" that went into the event is not at issue, but rather, the sole issue involved in the litigation is whether Ramsey Solutions had the contractual right to terminate the various agreements. The request is grossly overbroad and by definition includes all manner of communications, marketing and other materials about the event that have no relationship to the merits. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). It is not as if the request is narrowly tailored to those "planning" and/or "performance" activities that involved Marriott and resulted in the termination of the agreement. Rather, as phrased, the request seeks anything, a prepared speech, emails about various speakers or anything else that relates to the mechanics of the event regardless of whether it has any bearing on the claims at issue.**

**Without waiving the objection, Ramsey Solutions will produce documents relating to the planning of the Palms Event from the selected custodians in its possession, custody or control that specifically relate to the event at the Gaylord Palms, meaning matters involving the facilities/amenities at the hotel, restrictions imposed by the hotel or other matters that led to the termination of the agreement.**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents and Communications between You and Marriott Relating, in any way, to the Palms Contract, Palms Event, Texan Contract, Texan Event, Rockies Contract and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

**Objection. As phrased, Marriott seeks documents wholly unrelated to the claims and issues in this case and not even designed to lead to the discovery of admissible evidence. By seeking all documents relating to these three agreements and events, responsive documents could include a myriad of unrelated documents as the request is not tethered to the claims or defenses. For the same reason, the request is grossly overbroad and by definition includes all manner of communications, marketing and other materials that have no relationship to the merits. It is not as if the request is narrowly tailored to information that relate to the termination of the agreements. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions will produce documents relating to the Palms Event and Palms Contract in its possession, custody or control that specifically relate to the matters involving the facilities/amenities at the hotel, restrictions imposed by the hotel or other matters that led to the termination of the agreement.**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents and Communications Concerning Your deliberations about going forward with or canceling the Palms Event, Texan Event and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

**Objection. As phrased, by definition, the request may impinge on the attorney client privileged and/or work product communications as any deliberations include discussions with both internal and external counsel.**

**Without waiving the objection, Ramsey Solutions will produce non-privileged documents relating to its deliberations relating to going forward with the events and/or terminating the agreements from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all Documents and Communications that support Your contention that You properly terminated the Palms Contract, Texan Contract and Rockies Contract pursuant to the "For Cause Termination" provision of said contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

**Objection. As phrased, by definition, the request may impinge on the attorney client privileged and/or work product communications as views about Ramsey Solutions proper termination include discussions with both internal and external counsel. The request as phrased are clearly directed to such communications as it seeks Ramsey Solutions position that any termination was proper, and, as set forth in the Amended Complaint, Ramsey Solutions submits that the terminations were based on the plain language of the agreements.**

**Without waiving the objection, as noted above, Ramsey Solutions is producing the agreements and it believes that the plain language of the agreements provides for the termination as more fully alleged in the Amended Complaint.**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Documents and Communications that evidence facts that allegedly permitted You to exercise Your discretion to terminate the Palms Contract, Texan Contract and Rockies Contract under the For Cause Termination Provision of said contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

**Objection. As phrased, by definition, the request may impinge on the attorney client privileged and/or work product communications as views about Ramsey Solutions proper termination include discussions with both internal and external counsel. The request as phrased are clearly directed to such communications as it seeks Ramsey Solutions position that any termination was proper, and, as set forth in the Amended Complaint, Ramsey Solutions submits that the terminations were based on the plain language of the agreements. The request is also vague and ambiguous in that it is unclear whether Marriott is seeking the underlying basis for the termination—meaning the circumstances relating to COVID and the restrictions imposed by Gaylord Palms—or the basis for the same, which are the agreements. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, as noted above, Ramsey Solutions is producing the agreements and it believes that the plain language of the agreements provides for the termination as more fully alleged in the Amended Complaint. Ramsey Solutions is also producing communications from the selected custodians evidencing the restrictions and limitations imposed by Marriott that were not included in the agreements.**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents and Communications that evidence when You first became aware of the facts and circumstances that would permit You to terminate the Palms Contract, Texan Contract and Rockies Contract under the For Cause Termination provision of said contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

**Objection. To the extent that Ramsey Solutions "became aware of" its right to terminate from counsel, such communications and documents would be privileged. To that extent, the request would be improper. The request is overly broad in seeking all documents and communications. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions will produce documents relating to the restrictions and limitations imposed by the Palms Gaylord, including the reduction of facilities/amenities at the hotel, that led to the termination of the agreement from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Documents and Communications that support Your contention that You properly terminated the Palms Contract, Texan Contract and Rockies Contract pursuant to the "Force Majeure" provision of said contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

***See* Response to Request No. 15.**

27

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents and Communications that evidence when You first learned of the facts and circumstances that would permit You to terminate the Palms Contract, Texan Contract and Rockies Contract under the Force Majeure provision of said contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

**Objection. To the extent that Ramsey Solutions "first learned of" its right to terminate pursuant to the Force Majeure provision from counsel, such communications and documents would be privileged. To that extent, the request would be improper.**

**Without waiving the objection, Ramsey Solutions will produce the agreements and the documents relating to the restrictions and limitations imposed by the Palms Gaylord, including the reduction of facilities/amenities at the hotel, that led to the termination of the agreement from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents and Communications that You allege would have permitted You to terminate the Palms Contract under the "Additional Impossibility Language" of the Palms Amendment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

**Objection. To the extent that Ramsey Solutions became aware of its right to terminate pursuant to the Additional Impossibility Language provision from counsel, such communications and documents would be privileged and/or protected by the work product doctrine. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue.**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents and Communications You sent to any Person or Persons that were scheduled to attend the Palms Event, where You recommended to such Person not to travel to Kissimmee due to any federal, state or local rule, ordinance, executive order etc. Concerning COVID-19, or other health concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

**Ramsey Solutions is not currently aware of any documents responsive to this request. To the extent it discovers any documents, it will produce the same.**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all Documents and Communications You sent to Marriott in order to engage in discussions regarding the scope of any "travel advisory, notice or warning at any time within the 30 day period prior to the first arrival date" of the Palms Event, as required under the Additional Impossibility Language of the Palms Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what was "required" under the Additional Impossibility Language. Ramsey Solutions does not agree with Marriott's position regarding what was "required" as phrased. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.***, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions' will produce any responsive documents from the selected custodians within its possession, custody or control.**

29

**REQUEST FOR PRODUCTION NO. 23:**

Produce all Documents and Communications evidencing Your efforts to "negotiate" with Marriott "in good faith to resolve any concerns raised as a result of the advisory, notice, or warning and to enter into such amendments of this Agreement as may be necessary to reasonably accommodate both parties' interests (such as an adjustment to the performance (attrition) clauses of this Agreement or the addition of a re-book clause to the Agreement," as required under the Additional Impossibility Language of the Palms Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what was "required" under the Additional Impossibility Language. Ramsey Solutions does not agree with Marriott's position regarding what was "required" as phrased. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.,* **No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions will produce responsive documents from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 24:**

Produce All Documents and Communications that would permit You to terminate the Texan Contract and Rockies Contract under the "Performance Clause" of the Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what was permitted under the "Performance Clause" of the Texan and Rockies Contracts. Ramsey Solutions does not agree with Marriott's position regarding what was "required" as phrased. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.,* **No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications with Gaylord Palms relating to the termination from the selected custodians within its possession, custody or control.**

30

**REQUEST FOR PRODUCTION NO. 25:**

Produce All Documents and Communications that evidence "material service or performance issues by Gaylord Hotels at the Prior Event" under the Performance Clause of the Texan Contract and Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what were "material" performance issues under the Performance Clause of the Texan and Rockies Contracts that arguably invade the attorney client and/or work product protected information. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all Documents and Communications in which You gave written notice to Marriott detailing "material service or performance issues by Gaylord Hotels at the Prior Event" under the Performance Clause of the Texan Contract and Rockies Contract."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what were "material" performance issues under the Performance Clause of the Texan and Rockies Contracts that arguably invade the attorney client and/or work product protected information. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 27:**

Produce all Documents and Communications evidencing any request You made to Marriott to "propose and implement a plan addressing the issues raised in Ramsey Solutions' notice" of "material service or performance issues by Gaylord Hotels at the Prior Event."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

**Objection. As phrased, the request is objectionable in that it includes a statement as to what were "material" performance issues under the Performance Clause of the Texan and Rockies Contracts that arguably invade the attorney client and/or work product protected information. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome.** *See, e.g., In re eBay Seller Antitrust Litig.*, **No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all witness statements, in any form, which relate to the FAC, or otherwise support the claims and/or defenses in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

**Objection. This request seeks work product protected information and/or information created in anticipation that is not discoverable.** *See* **Response to Request No. 1 regarding work product. Further, the request is improper in seeking witness statements "in any form" which is vague and ambiguous. As phrased, by example, the request could seek notes of counsel who spoke with an employee or witness, which by definition are protected.**

32

**REQUEST FOR PRODUCTION NO. 29:**

Produce All Documents and Communications supporting any claim for damages claimed

in connection with Your FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

**Objection. This request seeks information that is not required to be produced; by example, information from a non-testifying expert. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008).**

**Without waiving the objection, Ramsey Solutions states that it produced those documents in connection with the Rule 26 Disclosures and will not reproduce that information. To the extent that there are additional documents, Ramsey Solutions will produce those materials including the spreadsheets in response to the interrogatories, which updated the data earlier produced.**

**REQUEST FOR PRODUCTION NO. 30:**

Produce All Documents and Communications that You contend demonstrate that the

circumstances existing in July of 2020, at the time the Palms Event was scheduled to occur, would

"impair or damage [Ramsey Solutions] brand or good will by hosting an event at Hotel."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

**Objection. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information.**

**Without waiving the objection, Ramsey Solutions will produce any responsive documents from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 31:**

Produce All Documents and Communications that You contend demonstrate that the circumstances existing in July of 2020, at the time the Palms Event was scheduled to occur, fall within the Force Majeure provision of the Palms Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

**Objection. This request seeks information that invades the attorney client and work product protected communications in asking what information falls within the Force Majeure provision in the Palms Agreement. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information.**

**Without waiving the objection, Ramsey Solutions will produce any responsive documents from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 32:**

Produce All Documents and Communications that You contend demonstrate that Ramsey Solutions could not have lawfully pursued the Palms Event in July of 2020 given the social distancing and other limitations imposed by federal, state and local authorities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

**Objection. This request is vague and ambiguous as it is unclear what Marriott means by the phrase "lawfully pursued." Is Marriott referring to under the Palms Contract as well as the distancing and other limitations imposed by federal, state and local authorities, or only one or the other. Further, to the extent that request is asking Ramsey Solutions to gather documents or information available from third parties or the public record as to the social distancing or other limitations in place, the request is likewise improper. The request also implies that the lawsuit is about whether there was an event that could lawfully be pursued rather than whether the event that could be pursued was what was contemplated by and agreed to by the parties; it further assumes that the event that could have been pursued would not have damaged the brand and goodwill of Ramsey Solutions, whose attendees expect a high-end luxury event. As phrased, Ramsey Solutions is unable to respond to this request.**

**REQUEST FOR PRODUCTION NO. 33:**

Produce All Documents and Communications evidencing the restrictions and limitations, whether municipal, county, state or federal, in place that You contend "reduced the amenities" identified in Paragraph 43 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

**Objection. To the extent that request is asking Ramsey Solutions to gather documents or information available from third parties or the public record as to the social distancing or other limitations in place, the request is improper. Those documents are equally available to Marriott. Further, the request is predicated on the premise that each of the reduced amenities were imposed by the law, not Marriott. Ramsey Solutions does not agree with that false premise. These documents are principally in the possession, custody or control of Marriott, who made the decisions regarding what amenities to restrict or eliminate. Further, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information.**

**Without waiving the objection, Ramsey Solutions states that other than those publicly available, it will produce the documents responsive to this request from the selected custodians in its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 34:**

Produce All Documents and Communications Related To or Concerning, in any way, Ramsey Solutions' termination of the Palms Event and/or Palms Contract, Texan Event and/or Texan Contract and Rockies Event and or Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

**Objection. This request is overbroad in seeking all documents "Concerning, in any way" the termination of the various agreements. Asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information. This would include, by example, all manner of documents relating to the marketing and collateral materials for the EntreSummit event. These materials are likewise irrelevant to the issue of whether Ramsey Solutions had the contractual right to terminate the agreements at issue. Further, as phrased, the request seeks attorney client privileged and work product protected information. *See* Response to Request No. 1 regarding work product.**

35

Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications with Gaylord Palms relating to the termination from the selected custodians within its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

Produce All Documents and Communications Related To or Concerning, in any way, Your reasons for terminating the Palms Event and/or Palms Contract, Texan Event and/or Texan Contract and Rockies Event and or Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is overbroad in seeking all documents "Concerning, in any way" the termination of the various agreements. This would include, by example, This would include, by example, all manner of documents relating to the marketing and collateral materials for the EntreSummit event. These materials are likewise irrelevant to the issue of whether Ramsey Solutions had the contractual right to terminate the agreements at issue. Further, as phrased, the request seeks attorney client privileged and work product protected information. *See* Response to Request No. 1 regarding work product.

Ramsey Solutions is producing the agreements attached to the Amended Complaint, which it believes support its termination of the agreements at issue, as well as the communications with Gaylord Palms relating to the termination.

**REQUEST FOR PRODUCTION NO. 36:**

Produce All Documents and Communications evidencing that Gaylord Palms was not permitted to host the Palms Event given the number of attendees expected and the restrictions, if any, on gatherings imposed by federal, state and local authorities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

**Objection. This request seeks Ramsey Solution to provide a legal opinion or otherwise analyze the implications of the federal, state and local regulations and restrictions on Gaylord Palms. That is not Ramsey Solutions role or obligation; nor is it appropriate to task Ramsey Solutions with gathering the applicable regulations, which are equally available to Marriott. Rather, Ramsey Solutions can only provide the documents as and between the parties as to the limitations and restrictions that Gaylord Palms advised it was making, presumably based on its own assessment of those regulations. Those materials are being produced in connection with other requests.**

**REQUEST FOR PRODUCTION NO. 37:**

Produce All Documents and Communications evidencing any travel advisories, notices or warnings in place within thirty (30) days prior to the first arrival date of the Palms Event impacting attendees' ability to travel to the Gaylord Palms for the Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

**Objection. This request seeks Ramsey Solution to provide a legal opinion or otherwise analyze the implications of the federal, state and local regulations and restrictions in place or to otherwise gather publicly available. Ramsey Solutions does not have an obligation to gather publicly available information, information that is equally available to Marriott.**

37

**REQUEST FOR PRODUCTION NO. 38:**

Produce All Documents and Communications evidencing that non- essential travel to Orlando, Florida, was discouraged or recommended against at the time of the scheduled Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

**Objection. This request seeks Ramsey Solution to provide a legal opinion or otherwise analyze the implications of the federal, state and local regulations and restrictions in place or to otherwise gather publicly available. Ramsey Solutions does not have an obligation to gather publicly available information, information that is equally available to Marriott.**

**REQUEST FOR PRODUCTION NO. 39:**

Produce All Documents and Communications evidencing that non-essential travel to Orlando, Florida was not permitted at the time of the scheduled Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

**Objection. This request seeks Ramsey Solution to provide a legal opinion or otherwise analyze the implications of the federal, state and local regulations and restrictions in place or to otherwise gather publicly available. Ramsey Solutions does not have an obligation to gather publicly available information, information that is equally available to Marriott.**

**REQUEST FOR PRODUCTION NO. 40:**

Produce all Communications with any third-party, including without limitation, exclusive of Your attorneys, regarding the scheduled Palms Event, Texan Event or Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

**Objection. This request is overbroad in seeking all documents with any third parties regarding the event without regard to whether such communication has any relationship to the merits, claims or defenses in the pending matter. As phrased, responsive documents would include materials irrelevant to the issue of whether Ramsey Solutions had the contractual right to terminate the agreements at issue.**

**Without waiving the objection, Ramsey Solutions will produce communications with any third party that are either an element of damages or that relate to the termination of the agreements at issue.**

38

**REQUEST FOR PRODUCTION NO. 41:**

Produce All Documents and Communications evidencing any rules, regulations, executive orders, mandates, restrictions or other information that evidence any governmental, agency or regulatory restrictions in place within 30 days of the scheduled Palm Event that Relate To, or would impact, in any way, the Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

**Objection. This request seeks Ramsey Solution to provide a legal opinion or otherwise analyze the implications of the federal, state and local regulations and restrictions in place or to otherwise gather publicly available. Ramsey Solutions does not have an obligation to gather publicly available information, information that is equally available to Marriott. Further, the issues in this case involve the restrictions and limitations imposed by Gaylord Palms irrespective of whether such changes were imposed by rules or regulations.**

**REQUEST FOR PRODUCTION NO. 42:**

Produce all Documents and Communications reflecting Your efforts to mitigate Your alleged damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

**See Response to Request No. 9.**

**REQUEST FOR PRODUCTION NO. 43:**

Produce all Documents and Communications reflecting the "significant damages over and above the deposit amount of $1.2 million dollars" that Ramsey Solutions allegedly incurred as a result of its termination of the Palms Contract, as alleged in paragraph 65 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

**See Response to Request No. 29.**

**REQUEST FOR PRODUCTION NO. 44:**

Produce all Documents and Communications supporting the allegations contained in paragraphs 8-9, 30, 35, 37-46, 50-51, 55-56, 58-59, 62-68, 72-75, 90-92, 99-101 and 108 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

**See Response to Request No. 1.**

**REQUEST FOR PRODUCTION NO. 45:**

Produce All Documents and Communications Relating To the number of Persons that registered with Ramsey Solutions to attend the Palms Event, at the time You sent notice of termination of the Palms Contract to Marriott on July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

**Objection.  As phrased, the request is overly broad, unduly burdensome and seeks the production of information that has no bearing on the issues here.  To the extent that Marriott is simply seeking the number of attendees or confirmation of the attendees to evaluate damages, that may be appropriate.  The request, however, seeks all manner of documents with or relating to such attendees; for this reason, the request is overbroad and seeks information that is not likely to lead to the discovery of admissible evidence.**

**Without waiving the objection, Ramsey Solution will produce information that will enable Marriott to determine the registered attendees for the Palms Event in connection with its interrogatory responses.**

**REQUEST FOR PRODUCTION NO. 46:**

Produce All Documents and Communications Relating To deposits received from any Person that registered with Ramsey Solutions to attend the Palms Event, at the time You sent notice of termination of the Palms Contract to Marriott on July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

**Objection. As phrased, the request is overly broad, unduly burdensome and seeks the production of information that has not bearing on the issues here. To the extent that Marriott is simply seeking the number of attendees or confirmation of the attendees to evaluate damages, that may be appropriate. The request, however, seeks all manner of documents with or relating to such attendees; for this reason, the request is overbroad and seeks information that is not likely to lead to the discovery of admissible evidence. The issues in this case involve the language in the contract and the actions of Marriott and Ramsey Solutions. No communications with attendees or potential attendees have any bearing on the issues in this case. Further, the manner of communication is not even limited to those that might result in relevant information. Finally, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information.**

**REQUEST FOR PRODUCTION NO. 47:**

Produce all Communications with any Person that registered to attend the Palms Event. For purposes of this request, the period for such Communications is over the period January 1, 2020, to July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

**Objection. As phrased, the request is overly broad, unduly burdensome and seeks the production of information that has no bearing on the issues here. Marriott is seeking communications of any sort that could include all manner of information including questions from proposed attendees about the proposed event or other things are irrelevant to the claims in this action. For this reason, the request is overbroad and seeks the production of information that is not reasonably likely to lead to the discovery of admissible evidence. The issues in this case involve the language in the contract and the actions of Marriott and Ramsey Solutions. No communications with attendees or potential attendees have any bearing on the issues in this case. Further, the manner of communication is not even limited to those that might result in relevant information. Finally, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information.**

41

**REQUEST FOR PRODUCTION NO. 48:**

Produce all Documents and Communications with all Persons identified on Ramsey Solutions Bates Pages RS000005 through RS000016 labeled "ELS refunds after move to Nashville," Concerning relocating the Palms Event to Ramsey's headquarters in Franklin, Tennessee, including any reasons given for relocating the Palms Event to Franklin, Tennessee, and all Communications with such Person regarding the return or refunding of any deposits paid for the Palms Event. For purposes of this request, the period for such Communications is over the period January 1, 2020, to December 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

**Objection. As phrased, the request is overly broad, unduly burdensome and seeks the production of information that has no bearing on the issues here. Marriott is seeking communications of any sort that could include all manner of information including questions from proposed attendees about the proposed event or other things are irrelevant to the claims in this action. For this reason, the request is overbroad and seeks the production of information that is not reasonably likely to lead to the discovery of admissible evidence. The issues in this case involve the language in the contract and the actions of Marriott and Ramsey Solutions. No communications with attendees or potential attendees have any bearing on the issues in this case. Further, the manner of communication is not even limited to those that might result in relevant information. Finally, asking a party to identify each and every fact or document is overbroad and unduly burdensome, however. _See, e.g., In re eBay Seller Antitrust Litig._, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information. Further, as Ramsey Solutions has communicated to Marriott, the documents referenced in this request have been updated with new spreadsheets being produced in connection with interrogatory number 7.**

**REQUEST FOR PRODUCTION NO. 49:**

Produce all Documents and Communications with all Persons identified on Ramsey Solutions Bates Pages RS000017 through RS000024, labeled "ELS transfers after move to Nashville," Concerning relocating the Palms Event to Ramsey's headquarters in Franklin, Tennessee, including any reasons given for relocating the Palms Event to Franklin, Tennessee, and all Communications with such Person regarding transferring deposits paid for the Palms Event to a future event put on by Ramsey Solutions. For purposes of this request, the period for such Communications is over the period January 1, 2020, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

**Objection. As phrased, the request is overly broad, unduly burdensome and seeks the production of information that has no bearing on the issues here. Marriott is seeking communications of any sort that could include all manner of information including questions from proposed attendees about the proposed event or other things are irrelevant to the claims in this action. For this reason, the request is overbroad and seeks the production of information that is not reasonably likely to lead to the discovery of admissible evidence. The issues in this case involve the language in the contract and the actions of Marriott and Ramsey Solutions. No communications with attendees or potential attendees have any bearing on the issues in this case. Further, the manner of communication is not even limited to those that might result in relevant information. Finally, asking a party to identify each and every fact or document is overbroad and unduly burdensome. *See, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at \*2 (N.D. Cal. Dec. 11, 2008). The request is overly broad in seeking all of such information. Further, as Ramsey Solutions has communicated to Marriott, the documents referenced in this request have been updated with new spreadsheets being produced in connection with interrogatory number 8.**

**REQUEST FOR PRODUCTION NO. 50:**

Produce all Communications with Marriott regarding the number of attendees that Ramsey Solutions expected to attend the Gaylord Event. For purposes of this request, the relevant time period is April 1, 2020 through July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

**Ramsey Solutions will produce responsive documents from the selected custodians within its possession, custody or control.**

43

**REQUEST FOR PRODUCTION NO. 51:**

Produce all contracts and agreements Ramsey Solutions entered into with any third party, including without limitation Audio Visual Service Group, 4Wall Entertainment, Inc., CTS AVL, PLI Credit Marketing Solutions, HighEnd TV, Go Live Productions, Megan Hill, Concerning products and services to be provided by the third party Concerning the Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

**The relevant agreements have previously been produced by Ramsey Solutions. To the extent that any additional agreements exist, they will be produced.**

**REQUEST FOR PRODUCTION NO. 52:**

Produce all contracts and agreements Ramsey Solutions entered into with any third party, including without limitation Audio Visual Service Group, 4Wall Entertainment, Inc., CTS AVL, PLI Credit Marketing Solutions, HighEnd TV, Go Live Productions, Megan Hill, Concerning products and services to be provided by the third party Concerning the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

**Objection. To the extent that this request seeks documents relating to the Palms Event, it is duplicative of Request No. 51. To the extent that it seeks the production of contracts and agreements relating to any other event, including the one that occurred in Nashville, such agreements are not relevant to the claims or issues in this case. These amounts are not being sought as an element of damages in this action and, accordingly these documents are not reasonably likely to lead to the discovery of admissible evidence.**

**REQUEST FOR PRODUCTION NO. 53:**

Produce all of Your financial statements reflecting the revenues and expenses and net income and/ or loss Relating To the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

**Objection. As phrased, this request seeks documents and information that is not relevant and not reasonably likely to lead to the discovery of admissible evidence. The request is also vague and ambiguous. Ramsey Solutions has produced documents and information relating to the damages in this action. To the extent that this request seeks that information, the information has already been produced. To the extent that Marriott is asking Ramsey Solutions to create documents not in existence, such request is improper. To the extent that Marriott is seeking some other information, Ramsey Solution is unclear as to what Marriott seeks as the Request is phrased.**

**REQUEST FOR PRODUCTION NO. 54:**

Produce Your year-end detailed general ledgers covering the period January 1, 2017 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

**Objection. This request is overbroad and highly improper. This type of financial information is not discoverable, has no relationship to the claims or defenses, to the damages or to any other aspect of this action. Nor is such information discoverable. Rather, it appears that Marriott has sought information that it knows or reasonably should know is improper and designed to harass Ramsey Solutions. Marriott is certainly not a judgment creditor such that it would be entitled to this information under Rule 69(a), Fed. R. Civ. P. Further, this request is disproportionate to the claims in this action.**

**REQUEST FOR PRODUCTION NO. 55:**

Produce all budgets, projections, forecasts and statements of estimated income and expenses Concerning the Palms Event, Texan Event and Rockies Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

**Objection. This request is overbroad and highly improper. This type of financial information is not discoverable, has no relationship to the claims or defenses, to the damages or to any other aspect of this action. Nor is such information discoverable. Rather, it appears that Marriott has sought information that it knows or reasonably should know is improper and designed to harass Ramsey Solutions. Marriott is certainly not a judgment creditor such that it would be entitled to this information under Rule 69(a), Fed. R. Civ. P. Further, this request is disproportionate to the claims in this action.**

**REQUEST FOR PRODUCTION NO. 56:**

Produce all budgets, projections, forecasts and statements of estimated income and expenses Concerning the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

**Objection. This request is overbroad and highly improper. This type of financial information is not discoverable, has no relationship to the claims or defenses, to the damages or to any other aspect of this action. Nor is such information discoverable. Rather, it appears that Marriott has sought information that it knows or reasonably should know is improper and designed to harass Ramsey Solutions. Marriott is certainly not a judgment creditor such that it would be entitled to this information under Rule 69(a), Fed. R. Civ. P. Further, this request is disproportionate to the claims in this action.**

**Without waiving the objection, Ramsey Solutions will produce any budgets relating to the Palms Event.**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all financial statements and profit and loss statements reflecting the revenues, expenses and net income and/ or loss Relating To the EntreSummit programs held in 2017, 2018, 2019 and 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

**Objection. This request is overbroad and highly improper. This type of financial information is not discoverable, has no relationship to the claims or defenses, to the damages or to any other aspect of this action. Nor is such information discoverable. Rather, it appears that Marriott has sought information that it knows or reasonably should know is improper and designed to harass Ramsey Solutions. Marriott is certainly not a judgment creditor such that it would be entitled to this information under Rule 69(a), Fed. R. Civ. P. Further, this request is disproportionate to the claims in this action.**

**Without waiving the objection, Ramsey Solutions is providing certain financial information relating to the Palms Event in connection with its interrogatory responses, which it created. However, Ramsey Solutions does not maintain this type of segregated financial statements by event as sought in the request.**

**REQUEST FOR PRODUCTION NO. 58:**

Produce Your Federal and State annual income tax returns for 2017 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

**Objection. This request is overbroad and highly improper. This type of financial information is not discoverable, has no relationship to the claims or defenses, to the damages or to any other aspect of this action. Nor is such information discoverable. Rather, it appears that Marriott has sought information that it knows or reasonably should know is improper and designed to harass Ramsey Solutions. Marriott is certainly not a judgment creditor such that it would be entitled to this information under Rule 69(a), Fed. R. Civ. P. Further, this request is disproportionate to the claims in this action.**

47

**REQUEST FOR PRODUCTION NO. 59:**

Produce all diagrams and room layouts Relating To the function space utilized for the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

**Objection. This request seeks production of information that has no bearing on the issues or claims in this action. As alleged in the Amended Complaint, the Gaylord Palms imposed restrictions and eliminated amenities that were part of the Palms Contract, which resulted in the termination. The diagrams and room layouts of function space for the event that did take place have no bearing on the issues in this action much less what amenities and terms that were included in the Palms Contract. The information is not relevant or reasonably likely to lead to the discovery of admissible evidence, nor is the request proportionate given the claims and given the EntreSummit 2020 was not held a hotel or comparable facility, but rather was at Ramsey Solutions headquarters in an effort to mitigate the damages by the last minute events outlined in the Amended Complaint.**

**Without waiving the objection, Ramsey Solutions will produce any diagrams and room layouts relating to the function space at the Gaylord Palms from the selected custodians in its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 60:**

Produce all Documents and Communications Relating To social distancing Concerning the Palms Event, including but not limited to diagrams, drawings, room layouts, sketches, floor plans, room seating, illustrations, and photographs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

**Ramsey Solutions will produce responsive documents from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 61:**

Produce all Documents and Communications Relating To social distancing Concerning the EntreSummit 2020, including but not limited to diagrams, drawings, room layouts, sketches, floor plans, room seating, illustrations, and photographs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

**Objection. This request seeks production of information that has no bearing on the issues or claims in this action. As alleged in the Amended Complaint, the Gaylord Palms imposed restrictions and eliminated amenities that were part of the Palms Contract, which resulted in the termination. The diagrams and room layouts of the function space for the event that did take place have no bearing on the issues in this action much less what amenities and terms that were included in the Palms Contract. The information is not relevant or reasonably likely to lead to the discovery of admissible evidence, nor is the request proportionate given the claims and given the EntreSummit 2020 was not held a hotel or comparable facility, but rather was at Ramsey Solutions headquarters in an effort to mitigate the damages by the last minute events outlined in the Amended Complaint.**

**Without waiving the objection, Ramsey Solutions will produce any diagrams and room layouts relating to the function space at the Gaylord Palms from the selected custodians in its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 62:**

Produce all photographs and video taken at the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

**Objection. This request seeks production of information that has no bearing on the issues or claims in this action. As alleged in the Amended Complaint, the Gaylord Palms imposed restrictions and eliminated amenities that were part of the Palms Contract, which resulted in the termination. The diagrams and room layouts of function space for the event that did take place have no bearing on the issues in this action much less what amenities and terms that were included in the Palms Contract. The information is not relevant or reasonably likely to lead to the discovery of admissible evidence, nor is the request proportionate given the claims and given the EntreSummit 2020 was not held a hotel or comparable facility, but rather was at Ramsey Solutions headquarters in an effort to mitigate the damages by the last minute events outlined in the Amended Complaint.**

**REQUEST FOR PRODUCTION NO. 63:**

Produce Documents reflecting the number of people who attended the EntreSummit 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

**Objection. This request seeks production of information that has no bearing on the issues or claims in this action. As alleged in the Amended Complaint, the Gaylord Palms imposed restrictions and eliminated amenities that were part of the Palms Contract, which resulted in the termination. The diagrams and room layouts of function space for the event that did take have no bearing on the issues in this action much less what amenities and terms that were included in the Palms Contract. The information is not relevant or reasonably likely to lead to the discovery of admissible evidence, nor is the request proportionate given the claims and given the EntreSummit 2020 was not held a hotel or comparable facility, but rather was at Ramsey Solutions headquarters in an effort to mitigate the damages by the last minute events outlined in the Amended Complaint.**

**Without waiving the objection, Ramsey Solutions is producing information in response to the interrogatories above.**

**REQUEST FOR PRODUCTION NO. 64:**

Produce all Documents and Communications within Your possession that mention "COVID," "COVID-19." "Corona Virus," "China Virus," "Wuhan Virus," "masks," "face coverings," and "social distancing." For purposes of this request, the relevant time period is January 1, 2020 through July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

**Objection. This request seeks production of information that has no bearing on the issues or claims in this action. These request is not limited in any way to the Palms Event or Gaylord Palms and, thus, is overbroad. The information sought is irrelevant to the claims or issues in this case, and the request is not tailored in any way to the issues in the case. Nor is it tied in any way to the EntreSummit2020 or Marriott. The request is not proportionate in that many of the terms used, given the pandemic, may yield significant numbers of irrelevant documents. Further, although Ramsey Solutions asked Marriott to agree to search terms and custodians, it declined to do so, preferring to adhere to the local rules. This notwithstanding, by this request it is attempting to do what it refused to agree to in a meet and confer on this subject.**

**REQUEST FOR PRODUCTION NO. 65:**

Excluding Communications made to Marriott, produce all Documents and Communications Concerning Ramsey Solutions' reasons for terminating the Palms Event and /or Contract, Texan Event and/or Texan Contract and Rockies Event and/or Rockies Contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

**Objection. By definition this request includes the production of attorney client privileged and/or work product protected information. *See* Response to Request No. 1 regarding work product.**

**Without waiving the objection, to the extent that there are any non-privileged/protected information from the selected custodians within Ramsey Solutions possession, custody or control, it will produce those Communications.**

**REQUEST FOR PRODUCTION NO. 66:**

Produce All Documents and Communications Concerning whether the Palms Event could have been held taking into consideration social distancing requirements in effect in the place where the Gaylord Palms is located, as of July 3, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

**Objection. This request is vague and ambiguous in that Ramsey Solutions is unclear as to what Marriott means when asking for documents regarding whether "the Palms Event could have been held" as the request does not outline whether the phrase means that Gaylord Palms would have honored the Palms Contract and provided the services as contemplated by the agreement, provided the amenities pursuant to the agreement, etc. Or, alternatively, if Marriott asking a different question, meaning if Ramsey Solutions were to forgo many of the other material terms of the agreement, could an event physically occur at the resort. Further, the request seeks attorney client privileged and/or work product protected information as it seems to be asking whether legally Gaylord Palms could hold events, including the Palms Event, at its facilities. *See* Response to Request No. 1 regarding work product.**

51

**REQUEST FOR PRODUCTION NO. 67:**

All Communications with any third-party, including without limitation attendees and potential attendees of the Palms Event, Concerning availability of the spa, valet parking, fitness center, pool, daily housekeeping, room service, elevators and /or escalators during the scheduled Palms Event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

**Objection. By definition this request includes the production of attorney client privileged and/or work product protected information. *See* Response to Request No. 1 regarding work product.**

**Without waiving the objection, to the extent that there are any non-privileged/protected information from the selected custodians within Ramsey Solutions possession, custody or control, it will produce those Communications.**

**REQUEST FOR PRODUCTION NO. 68:**

All Documents supporting Your affirmative defenses asserted in Your Answer to Counterclaim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

**Objection. The request seeks attorney client privileged and/or work product protected information. *See Johnson v. Ocean Ships, Inc.*, No. C05-5615, 2006 WL 2166192, at \*3 (W.D. Wash. July 31, 2006) (Bryan, J); *see also Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985) (holding that defense counsel's selection process in grouping certain documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its thousands produced was privileged work product. The attorney work-product privilege "shields both opinion and factual work product from discovery."); *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (citing Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]"). *See also* Response to Request No. 1 regarding work product.**
 **Here, Marriott has not sought the production of factual information underlying the affirmative defenses, but, as framed, seeks the mental impressions of counsel in deciding what documents support Ramsey Solutions affirmative defenses, which is improper. Ramsey Solutions is not withholding any non-privileged documents relating to the underlying facts that support any of the claims or defenses.**

## REQUEST FOR PRODUCTION NO. 69:

The entire file of the following individuals, including without limitation all Documents created or prepared by each such individual, and all Documents and Communications sent to any Person or received from any Person, Concerning the Palms Contract, Palms Event, Texas Contract, Texas Event, Rockies Contract and Rockies Event:

  a. Joe Leavitt;

  b. Pete Young;

  c. Margaret Vann;

  d. Suzanne Simms; and

  e. Daniel Tardy;

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

**Objection. As phrased, seeking the "entire file" of the identified individuals invades the attorney client privilege and work product protections. Rule 26(b)(1) allows discovery "regarding any *nonprivileged* matter that is relevant to any party's claim or defense." Thus, seeking all documents in these individual's "files" may be relevant, that does not necessarily mean they are discoverable under Rule 26(b)(1) as relevance is not the only standard. A party does not lose the privilege to protect attorney client communications from disclosure in discovery regardless of whether such information is "relevant". *See* Rule 26(b)(5)(A) (claiming privilege or protecting trial-preparation materials). Further, as phrased, the implication and reference is to a particular file regardless of whether that is the case. Ramsey Solutions is producing responsive non-privileged information from these individuals in response to the other requests that subsume the information sought in this requests irrespective of whether each individual has a specific "file" for the outlined matters.**

**REQUEST FOR PRODUCTION NO. 70:**

Excluding Documents produced in response to the foregoing requests, all other Documents listed in Section B of Plaintiff's Amended Rule 26 Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

**Ramsey Solutions will produce documents responsive to this Request from the selected custodians within its possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 71:**

The Content of Your website for the Palms Event and EntreSummit 2020, including all modifications and changes to the website content, for the period January 1, 2020 through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

**Objection. Information relating to the EntreSummit 2020 event that took place in Tennessee is not relevant nor reasonably likely to led to the discovery of admissible evidence. The claims and defenses in this action relate to whether Ramsey Solutions had the contractual right to terminate the agreements with Marriott, period. There are no issues in this action that relate to any agreement or performance relating to the substitute event, and none has been identified by Marriott in its affirmative defenses or counterclaim. For this reason, any documents relating to that event have no bearing on the issues. In that regard, the request is likewise overbroad.**

**Ramsey Solutions will produce documents responsive to this Request from the selected custodians within its possession, custody or control relating to the Palms Event.**

**REQUEST FOR PRODUCTION NO. 72:**

The Content of all social media accounts of Ramsey Solutions, including without limitation Facebook, Twitter, and Instagram, and all modifications and changes to such social media accounts, Concerning the Palms Event and EntreSummit 2020, for the period January 1, 2020 through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

**Objection. Information relating to the EntreSummit 2020 event that took place in Tennessee is not relevant nor reasonably likely to led to the discovery of admissible evidence. The claims and defenses in this action relate to whether Ramsey Solutions had the contractual right to terminate the agreements with Marriott, period. There are no issues in this action that relate to any agreement or performance relating to the substitute event, and none has been identified by Marriott in its affirmative defenses or counterclaim. For this reason, any documents relating to that event have no bearing on the issues. In that regard, the request is likewise overbroad.**

**Ramsey Solutions will produce documents responsive to this Request from the selected custodians within its possession, custody or control relating to the Palms Event.**

**REQUEST FOR PRODUCTION NO. 73:**

Copies of all advertisements Related To the Palms Event and EntreSummit 2020, and all other Documents reflecting the promotion of the Palms Event and EntreSummit 2020, for the period January 1, 2020 to July 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

**Objection. Information relating to the EntreSummit 2020 event that took place in Tennessee is not relevant nor reasonably likely to led to the discovery of admissible evidence. The claims and defenses in this action relate to whether Ramsey Solutions had the contractual right to terminate the agreements with Marriott, period. There are no issues in this action that relate to any agreement or performance relating to the substitute event, and none has been identified by Marriott in its affirmative defenses or counterclaim. For this reason, any documents relating to that event have no bearing on the issues. In that regard, the request is likewise overbroad.**

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications Concerning statements, releases, announcements, radio show episodes or other media content of Ramsey Solutions, which discuss reasons Ramsey Solutions moved the Palms Event from the Gaylord Palms to Ramsey Solutions' headquarters in Franklin, Tennessee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

**Objection. Information relating to the EntreSummit 2020 event that took place in Tennessee is not relevant nor reasonably likely to led to the discovery of admissible evidence. The claims and defenses in this action relate to whether Ramsey Solutions had the contractual right to terminate the agreements with Marriott, period. There are no issues in this action that relate to any agreement or performance relating to the substitute event, and none has been identified by Marriott in its affirmative defenses or counterclaim. For this reason, any documents relating to that event have no bearing on the issues. In that regard, the request is likewise overbroad. Ramsey Solutions also specifically incorporates its Objection K from above herein.**

**Ramsey Solutions will produce documents responsive to this Request from the selected custodians within its possession, custody or control relating to the Palms Event. Further, to the extent that any responsive documents that relate to the EntreSummit event at Ramsey Solutions' headquarters also include information relating to the termination of the Palms Event or the reasons the event was moved, that information from the selected custodians will be produced.**

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications within Your possession and Control Concerning newspapers, magazine or online articles that discuss reasons Ramsey Solutions moved the Palms Event from the Gaylord Palms to Ramsey Solutions' headquarters in Franklin, Tennessee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

**Objection. Information relating to the EntreSummit 2020 event that took place in Tennessee is not relevant nor reasonably likely to led to the discovery of admissible evidence. The claims and defenses in this action relate to whether Ramsey Solutions had the contractual right to terminate the agreements with Marriott, period. There are no issues in this action that relate to any agreement or performance relating to the substitute event, and none has been identified by Marriott in its affirmative defenses or counterclaim. For this reason, any documents relating to that event have no bearing on the issues. In that regard, the request is likewise overbroad.**

Ramsey Solutions will produce documents responsive to this Request from the selected custodians within its possession, custody or control relating to the Palms Event. Further, to the extent that any responsive documents that relate to the EntreSummit event at Ramsey Solutions' headquarters also include information relating to the termination of the Palms Event or the reasons the event was moved, that information from the selected custodians will be produced.

Dated: May 4, 2021.

Respectfully submitted,

/s/ *Jennifer G. Altman*
Jennifer Altman
FL Bar No. 881384
Markenzy Lapointe
FL Bar No. 172601
PILLSBURY WINTHROP SHAW
PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, Florida 33131
Telephone: 786-913-4880
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill (TN Bar No. 033042)

PILLSBURY WINTHROP SHAW
PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone: 916-329-4721
ashley.cowgill@pillsburylaw.com

*Attorneys LC d/b/a Ramsey Solutions*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on, this **4th day of May, 2021**, a true and correct copy of

the foregoing has been furnished via email and US Mail to counsel of record, as follows:

Ashley E. Cowgill, Esq.
ashley.cowgill@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone: (615) 780-7975
Facsimile: (615) 780-7976
szralek@bonelaw.com

*Counsel for Marriott Hotel Services, Inc.*
*and Marriott International, Inc.*

## VERIFICATION OF DANIEL E. CORTEZ

I, DANIEL E. CORTEZ, after having been duly sworn according to law, make oath under penalty of perjury, that I have read the foregoing interrogatories, and that the factual information in the responses thereto are true and correct to the best of my knowledge.

THE LAMPO GROUP, LLC

By: _Daniel E. Cortez_

Its: _General Counsel_

STATE OF _Tennessee_ )
)
COUNTY OF _Williamson_ )

Sworn and subscribed to before me this _3rd_ day of May, 2021.

_Lauren Piper_
NOTARY PUBLIC

My commission expires: _02|23|2025_

LAUREN PIPER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
WILLIAMSON COUNTY
MY COMMISSION EXPIRES FEBRUARY 23, 2025

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

THE LAMPO GROUP, LLC d/b/a )
RAMSEY SOLUTIONS, a Tennessee Limited )
Liability Company, )
)
                Plaintiff, )    Case No. 3:20-cv-00641
)    Judge Aleta A. Trauger
   v. )
)
MARRIOTT HOTEL SERVICES, INC., )
A Delaware Corporation; )
                Defendant. )

MARRIOTT HOTEL SERVICES, INC., )
A Delaware Corporation, )
)
           Counter-Plaintiff, )
   v. )
)
THE LAMPO GROUP, LLC d/b/a )
RAMSEY SOLUTIONS, a Tennessee Limited )
Liability Company, )
)
          Counter-Defendant. )
)
_____/

## NOTICE OF SERVICE

     **PLEASE TAKE NOTICE** that the undersigned certifies that on **July 7, 2021**,

*Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions' Second Set of*

*Interrogatories upon Defendant/Counter-Plaintiff Marriott Hotel Services, Inc.*, was served via

electronic mail and First Class U. S. Mail upon the parties listed below:

Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

**Counsel for Marriott Hotel Services, Inc.
and Marriott International, Inc.**

**Dated: July 7, 2021.**

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone: (615) 780-7975
Facsimile: (615) 780-7976
szralek@bonelaw.com

Respectfully submitted,


/s/ *Jennifer G. Altman*
Jennifer Altman
FL Bar No. 881384
Markenzy Lapointe
FL Bar No. 172601
PILLSBURY WINTHROP SHAW PITTMAN
LLP
600 Brickell Avenue, Suite 3100
Miami, Florida 33131
Telephone: 786-913-4880
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com


Ashley E. Cowgill (TN Bar No. 033042)

PILLSBURY WINTHROP SHAW PITTMAN
LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone: 916-329-4721
ashley.cowgill@pillsburylaw.com

**Attorneys for The Lampo Group
d/b/a Ramsey Solutions**

2

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 3:20-cv-00641 |
| v. | ) Judge Aleta A. Trauger ) ) |
| MARRIOTT HOTEL SERVICES, INC., A Delaware Corporation; | ) ) ) |
| Defendant. | ) ) ) |
| MARRIOTT HOTEL SERVICES, INC., A Delaware Corporation, | ) ) ) |
| Counter-Plaintiff, | ) ) ) |
| v. | ) ) |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) |
| Counter-Defendant. | ) ) ) |
| | / |

### PLAINTIFF/COUNTER-DEFENDANT THE LAMPO GROUP'S SECOND SET OF INTERROGATORIES TO DEFENDANT/COUNTER-PLAINTIFF MARRIOTT HOTEL SERVICES, INC.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions" or "Plaintiff") propounds the following Second Set of Interrogatories upon Defendant/Counter-Plaintiff Marriott Hotel Services, Inc., ("Marriott" or "Defendant") that are to be answered separately and fully in writing under oath within thirty (30) days of service. These Interrogatories are deemed to be continuing in nature and require Defendant to file supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil

Procedure. Such supplemental responses shall be provided if and when the responding party obtains further or different information after initial responses have been given and before the trial of this matter. Any and all supplemental responses shall include the date upon which and the manner in which further or different information came to the attention of Defendant.

## DEFINITIONS

1.      The term "Marriott Hotel Services, Inc." carries the same definition as it is defined in Plaintiff's Amended Complaint.  Marriott Hotel Services, Inc. shall be referred to as "Marriott", "You" or "Yours" and includes Marriott, and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation their current or former officers, directors, shareholders, employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf.

2.      The term "Ramsey Solutions" carries the same definition as it is defined in Plaintiff's Amended Complaint, and includes Ramsey Solutions, and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation their current or former officers, directors, shareholders, employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf.

3.      The term "Palms Event" carries the same definition as it is defined in Plaintiff's Amended Complaint and includes the EntreSummit 2020 event that was scheduled to take place at the Gaylord Palms originally in May of 2020 and thereafter rescheduled for July  of 2020.

4.      The term "Actual Costs" shall mean any amount that You paid in connection with the hosting of the Palms Event.

5.      The term "Communication" or "Communications" means, without limitation, the transmission of a word, statement, fact, thing, idea, document, instruction, demand, or question, and shall include all written and/or oral communications and all documents recording or reflecting communications.

6.      "Concerning" means reflecting, referring to, describing, illustrating, constituting, comprising, identifying, dealing with, containing, embodying, evidencing, stating, commenting on, responding to, analyzing, or pertaining to in any way.

7.      "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and includes any document, writing, Communication, form, recording, tangible thing, or any other representation of information or data (whether printed, typed, photocopied, handwritten, recorded, electronically created, or produced or reproduced by any other process), including:

a.   advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, calendars, certificates of insurance, charts, checks, circulars, communications (infra-office, inter-office, external, and other), computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, exhibits, facsimiles, financial statements, flyers, forecasts, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, reports, rules, schedules, social media postings, statements, studies, subscription agreements or pages, summaries, telephone messages, text messages, transcripts, translations, worksheets and work papers;

b.   graphic or audio records or representations of any kind, including, without limitation, photographs, charts, drawings, graphs, videotapes, recordings, and motion pictures;

c.   electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, tapes, computer discs, computer storage, or other electronic data; and

d.   drafts and final versions and all originals, as well as copies that differ from originals in any respect, including differences due to handwritten notes, editing, interlineations, blind copies, or any other alterations.

8.      "Identify" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, and:

   a.   when used in relation to a natural person, means to give the full name, present or last known address, business title or position, telephone number, and the present relationship(s), if any, to You;

   b.   when used in relation to an entity, means to give the full name of such entity, the present or last known address of the headquarters, main office, or home office of such entity, and its present relationship(s), if any, to You;

   c.   when used in relation to a Document, means to state information sufficient to identify the Document, such as: (i) whether or not such Document is known to be in existence; (ii) the date of the Document; (iii) the type of Document; (iv) the author(s), addressee(s), and recipient(s); (v) the title and filing number; (vi) the present or last known location and custodian; and (vii) the contents of the Document;

   d.   when used in relation to a Communication, means to state in each instance: (i) the identity of each Person participating in, present during, or otherwise aware of the Communication; (ii) the intended recipient(s) of the Communication; (iii) the general subject matter of the Communication; (iv) the date, time when, place where, and method by which the Communication was made; (v) the identity of any Document or writing that embodies, records, reflects, or otherwise refers to such Communication; and (vi) the contents of the Communication.

9.      "General Liability Policy" means general liability insurance, and any other form of insurance providing similar insurance coverage.

10.     The "Lawsuit" means this litigation, captioned *The Lampo Group d/b/a Ramsey Solutions v. Marriott Hotel Services*, Civil Action No.3:20-cv-00641, in the United States District Court for the Middle District of Tennessee.

11.     "Person" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

12.     For the purposes of the Interrogatories, terms not specifically defined shall be given their ordinary meaning as You understand them to be used.

4

## **INSTRUCTIONS**

The following instructions shall apply to the Interrogatories:

1.      Each specific discovery request shall be deemed continuing and if Defendant or its attorneys shall discover additional information as to the matters inquired about between the time answers are made and the time of trial, supplemental or amended answers must be made, informing the Plaintiff and their attorneys as to such information at the earliest practical date.

2.      In answering each specific Interrogatory, if Defendant maintains that any Document or record which refers to or relates to any information sought in the specific discovery request has been destroyed such that a response cannot be provided, set forth the content of said Document, the location of any copies of said Document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

3.      In construing each specific discovery request:

   a.      The singular shall include the plural and the plural shall include the singular.

   b.      A masculine, feminine, or neuter pronoun shall not exclude the other genders.

   c.      As used herein, the words "or" and "and" shall mean "and/or".

   d.      Each request shall extend to all Documents which are in possession or subject to the control of Defendant relating to the period of time covered by the request.

   e.      The Petition paragraphs listed at the end of each request are placed there for your assistance in understanding what the Documents that are requested are referring to.

4.      If Defendant is unable to answer a specific discovery request in full, answer it to the extent possible and explain your inability to answer the remainder of said request.

5.      If you object to any request in part, you shall provide a response to any portion of the Interrogatory to which the objection does not apply.

5

6.    If any portion of a response to an Interrogatory contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

## __INTERROGATORIES__

Interrogatory No. 18:  Please state with particularity all amounts expended for food and beverage purchased for the Palms Event as of the termination date by Ramsey Solutions on July 2, 2020 by providing: (1) the amount that You paid; (2) who the amount was paid to; (3) the specific items paid for; and (4) whether those items of food and/or beverage were used for other guests or uses at the Gaylord Palms and, if so, identify any actual losses that You incurred in connection with the food and beverage items.

Response:

Interrogatory No. 19: Please state with particularity whether any of the sleeping rooms allocated for the Palms Event  were occupied during the period over which the Palms Event was to take place by providing: (1) the number of sleeping room nights occupied; (2) the rate for each room occupied during the period of the Palms Event [as defined in the Amended Complaint], plus applicable state and local taxes; and (3) any additional revenues that You received from guests that occupied any of the rooms allocated to the Palms Event including food and beverage amounts.

Response:

Interrogatory No. 20:  Please state with particularity all out of pocket costs that You incurred in connection with the Palms Event including, without limitation, all employees that were paid to work at the Palms Event and any amounts that You paid to any third-party vendor for the Palms Event that were not returned.

Response:

Interrogatory No. 21:  Please state with particularity each element of Actual Damage that You sustained as a result of Ramsey Solutions' termination of the Palms Event.

Response:

Interrogatory No. 22: Please state with particularity whether any of the sleeping rooms allocated for the Texans Event were sold during the period over which the Texans Event was to take place by providing: (1) the number of sleeping room nights occupied; (2) the rate for each room occupied during the period of the Texans Event [as defined in the Amended Complaint], plus applicable state and local taxes; and (3) any additional revenues that You received from guests that occupied any of the rooms allocated to the Texans Event including food and beverage amounts.

Response:

Interrogatory No. 23: Please state with particularity all out of pocket costs that You incurred in connection with the Texans Event including, without limitation, all employees that You paid to work at the Texans Event and any amounts that You paid to any third-party vendor for the Texans Event.

Response:

Interrogatory No. 24:  Please state with particularity each element of Actual Damage that You sustained as a result of Ramsey Solutions' termination of the Texans Event including any variable costs incurred.

Response:

Interrogatory No. 25:  Please identify Your average gross incremental profit margin on the total rooms allocated to Ramsey Solutions for the EntreSummit Events at the (1) Gaylord Palms; (2) the Gaylord Texan and (3) the Gaylord Rockies.

Response:

**Dated: July 7, 2021.**

Respectfully submitted,

/s/ *Jennifer G. Altman*
Jennifer Altman
FL Bar No. 881384
Markenzy Lapointe
FL Bar No. 172601
PILLSBURY WINTHROP SHAW PITTMAN
LLP
600 Brickell Avenue, Suite 3100
Miami, Florida 33131
Telephone: 786-913-4880
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill (TN Bar No. 033042)

PILLSBURY WINTHROP SHAW PITTMAN
LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone: 916-329-4721
ashley.cowgill@pillsburylaw.com

***Attorneys for The Lampo Group***
***d/b/a Ramsey Solutions***

11

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on, this **7ᵗʰ day of July, 2021**, a true and correct copy of the foregoing has been furnished via email and US Mail to counsel of record, as follows:

Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone: (615) 780-7975
Facsimile: (615) 780-7976
szralek@bonelaw.com

*Counsel for Marriott Hotel Services, Inc.*
*and Marriott International, Inc.*

## <u>VERIFICATION</u>

I, _____, after having been duly sworn according to law, make oath under penalty of perjury, that I have read the foregoing Interrogatories, and that the factual information in the responses thereto are true and correct to the best of my knowledge.

**MARRIOTT HOTEL SERVICES, INC.**

**By:**_____

**Its:**_____

**STATE OF** _____)

                                             ) **ss:**

**COUNTY OF** _____)

**Sworn and subscribed before me this _____ day of _____, 2021**

_____
**NOTARY PUBLIC**

**My Commission expires:** _____