# Composite
# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **THE LAMPO GROUP, LLC d/b/a** | ) | |
| **RAMSEY SOLUTIONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00641** |
| | ) | **Hon. Aleta A. Trauger** |
| **MARRIOTT HOTEL SERVICES, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |
| | ) | |
| **MARRIOTT HOTEL SERVICES, INC.,** | ) | |
| | ) | |
| **Counter-Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE LAMPO GROUP, LLC d/b/a** | ) | |
| **RAMSEY SOLUTIONS,** | ) | |
| | ) | |
| **Counter-Defendant.** | ) | |

## MARRIOTT'S RESPONSES AND OBJECTIONS TO RAMSEY'S SECOND SET OF INTERROGATORIES

Defendant / Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott") serves its responses and objections pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, to the Second Set of Interrogatories of Plaintiff / Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solution ("Ramsey").

1

## PRELIMINARY STATEMENT

1.      Marriott's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Marriott's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Ramsey's interrogatories, Marriott does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Marriott makes the responses and objections herein without in any way implying that it considers the interrogatory, and responses to the interrogatory, to be relevant or material to the subject matter of this action.

3.      In a response to an interrogatory stating an objection and/or indicating that no response shall be given, such response and objection shall not be deemed or construed that Marriott performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Marriott acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

5.      Marriott expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Marriott objects to each instruction, definition and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or

different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Marriott objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Marriott objects to each interrogatory to the extent that it calls for production of a privilege log for internal documents of Plaintiff. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine and other privileges protecting such internal documents from discovery.

4.      Marriott objects to each instruction, definition, and interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Marriott, it is inadvertent and shall not constitute a waiver of any privilege.

5.      Marriott objects to each instruction, definition and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Ramsey from its own files, from documents or information in its possession, or from documents or information that Ramsey previously produced to Marriott. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is

substantially the same or less for Marriott as for Ramsey.

6.      Marriott objects to each interrogatory to the extent that it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      To the extent any of Ramsey's interrogatories seek answers that include expert material, Marriott objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8.      Marriott incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Marriott does not waive its right to amend its responses.

9.      Marriott objects to each interrogatory to the extent that it overbroad and unduly burdensome and oppressive such that the burden and expense of the proposed discovery outweighs its likely benefits.

4

10.     Marriott objects to each interrogatory to the extent that it seeks information or documents regarding "each," "all," "every" and "any" on the grounds that it is overbroad and unduly burdensome.  Marriott has used reasonable efforts to provide responses based upon, among other things, examination of documents and files that may reasonably be expected to contain responsive information.

11.     Marriott objects to each interrogatory to the extent that it is ambiguous and too vague to adequately apprise Plaintiff of the information sought or to permit Plaintiff to furnish such information with reasonable effort.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Marriott objects to the Definitions and Instructions to the extent that they are broader than or otherwise not provided under the Federal Rules of Civil Procedure including the definition of "Document" as outlined in the Request. Further, to the extent that any Electronically Stored Information ("ESI") is sought in this Request or any other, it must be the result of a negotiated or court ordered ESI protocol identifying the specific nature and scope of such discovery including custodians and search terms.

2.     Further, Marriott reserves its right to supplement, amend, clarify, modify, revise, or correct any or all of its responses or objections to the Request at any time and to rely on other facts or information that may be discovered in the future in the course of this litigation. These responses and the information provided are made only for the purposes of discovery in this action, and nothing contained in its responses are an admission by Marriott of the relevance or admissibility of any information for any purpose whatsoever including admission into evidence in the above-styled action.

5

3. Marriott reserves all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of the information provided herewith as evidence for any purpose whatsoever in this action or any other action.

4. Generally speaking, a party is not entitled to demand a recitation of "all facts" bearing on a particular proposition. As one observant jurist noted in the context of contention interrogatories: "Simply relating that "all facts" are required about a general contention is a lazy way of propounding an interrogatory which inevitably leads to a lazy response and then disputes." *Samaan v. Sauer*, No. CIV S-07-0960 JAM GGH, 2008 U.S. Dist. LEXIS 119994, at *12-13 (E.D. Cal. July 16, 2008) (Hollows, J.). As outlined below, the phrasing of the single request is so overbroad and ambiguous as to fall into this same category.

5. Consistent with that principle, Marriott expressly reserve its right to rely upon additional facts or evidence throughout this proceeding including in dispositive motions or at trial, and nothing contained herein shall be construed as a waiver of Marriott right to present such additional facts or evidence in support of their arguments in this action.

## MARRIOTT'S DEFINITIONS USED IN ITS RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

1. As used herein, the term "Marriott" means Defendant / Counter-Plaintiff Marriott Hotel Services, Inc., and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, including without limitation any representative of the Gaylord Hotels brand, and includes without limitation their current or former officers, directors, shareholders, employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or

6

entities acting or purporting to act on their behalf, including without limitation Mike Wainwright, Mike Stengel, John Adams and David Marriott.

2.       As used herein, the term "Ramsey" means Plaintiff/Counter-Defendant, The Lampo Group, LLC d/b/a Ramsey Solutions, and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation their current or former officers, directors, shareholders, employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf.

3.       As used herein, the term "Litigation" means this litigation, captioned The Lampo Group d/b/a Ramsey Solutions v. Marriott Hotel Services, Civil Action No.3:20-cv-00641, in the United States District Court for the Middle District of Tennessee.

4.       As used herein, "Gaylord Palms" means Gaylord Palms Resort & Convention Center, located in Kissimmee Florida, and managed by Marriott.

5.       As used herein, "Gaylord Texan" means Gaylord Texan Resort & Convention Center, located in Grapevine, Texas, and managed by Marriott.

6.       As used herein, "Gaylord Rockies" means Gaylord Palms Resort & Convention Center, located in Aurora, Colorado, and managed by Marriott.

7.       As used herein, the term "Palms Agreement" refers to that written "Agreement" attached to the Marriott's Counterclaim as Exhibit "A," pursuant to which Ramsey Solutions was scheduled to hold a contracted event at the Gaylord Palms from May 15-21, 2020.

8.       As used herein, the term "Palms Amendment" refers to that written "Amendment" to the Palms Agreement, attached to the Marriott's Counterclaim as Exhibit

"B," pursuant to which the dates for Palms Event were changed from May 15-21, 2020 to July 10-16, 2020.

9.      As used herein, the term "Palms Contract" refers collectively to the Palms Agreement and Palms Amendment.

10.     As used herein, the term "EntreSummit" refers to Ramsey annual event EntreSummit" as set forth in Paragraph 6 of the FAC.

11.     As used herein, the term "Palms Event" refers to the contracted EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Palms over the dates July 10-16, 2020, as set forth as Exhibit "B" to Marriott's Counterclaim.

12.     As used herein, the term "EntreSummit 2020" refers to the EntreSummit event that was held at Ramsey Solutions' headquarters in Franklin, Tennessee, in July 2020.

13.     As used herein, the term "Texan Contract" refers to that written "Agreement" attached to the Marriott's Counterclaim as Exhibit "F," pursuant to which Ramsey Solutions was scheduled to hold its EntreSummit at the Gaylord Texan over the dates May 14-20, 2021.

14.     As used herein, the term "Texan Event" refers to the EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Texan over the dates May 14-20, 2021, as set forth as Exhibit "F" to Marriott's Counterclaim.

15.     As used herein, the term "Rockies Contract" refers to that written "Group Sales Agreement" attached to Marriott's Counterclaim as Exhibit "I," pursuant to which Ramsey Solutions was scheduled to hold its EntreSummit at the Gaylord Rockies over the dates May 20-26, 2022.

16.     As used herein, the term "Gaylord Agreements" means, collectively, the Palms Contract, Texan Contract and Rockies Contract.

8

17.     As used herein, the term "Rockies Event" refers to the contracted EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Rockies over the dates May 20 - 26, 2022, as set forth as Exhibit "I" to Marriott's Counterclaim.

18.     As used herein, the "FAC" refers to the "First Amended Complaint for Damages" filed by Ramsey Solutions on or about July 30, 2020.

19.     As set forth herein, "Marriott's Counterclaim" refers to Defendant's Answer and Counterclaim to Plaintiff's First Amended Complaint, filed on or about August 28, 2020.

20.     As used herein, "Answer to Counterclaim" refers to the Answer and Affirmative Defenses to Counterclaim filed by Ramsey Solutions on or about September 18, 2020.

## RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

Interrogatory No. 18: Please state with particularity all amounts expended for food and beverage purchased for the Palms Event as of the termination date by Ramsey Solutions on July 2, 2020 by providing: (1) the amount that You paid; (2) who the amount was paid to; (3) the specific items paid for; and (4) whether those items of food and/or beverage were used for other guests or uses at the Gaylord Palms and, if so, identify any actual losses that You incurred in connection with the food and beverage items.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above. Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

9

burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege. Marriott also requests to this request on the grounds that it contains multiple sub-parts.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 18 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 19: Please state with particularity whether any of the sleeping rooms allocated for the Palms Event were occupied during the period over which the Palms Event was to take place by providing: (1) the number of sleeping room nights occupied; (2) the rate for each room occupied during the period of the Palms Event [as defined in the Amended Complaint], plus applicable state and local taxes; and (3) any additional revenues that You received from guests that occupied any of the rooms allocated to the Palms Event including food and beverage amounts.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege. Marriott also requests to this request on the grounds that it contains multiple sub-parts.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses

11

in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 19 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 20: Please state with particularity all out of pocket costs that You incurred in connection with the Palms Event including, without limitation, all employees that were paid to work at the Palms Event and any amounts that You paid to any third-party vendor for the Palms Event that were not returned.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege. Marriott also requests to this request on the grounds that it contains multiple sub-parts.

Marriott objects to this request on the grounds that the terms "out of pocket costs" and "third-party vendor" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

13

Interrogatory Number 20 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 21: Please state with particularity each element of Actual Damage that You sustained as a result of Ramsey Solutions' termination of the Palms Event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In

14

responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 21 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 22: Please state with particularity whether any of the sleeping rooms allocated for the Texans Event were sold during the period over which the Texans Event was to take place by providing: (1) the number of sleeping room nights occupied; (2) the rate for each room occupied during the period of the Texans Event [as defined in the Amended Complaint], plus applicable state and local taxes; and (3) any additional revenues that You received from guests that occupied any of the rooms allocated to the Texans Event including food and beverage amounts.

Response:

Marriott objects to this request in its entirety.

15

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege. Marriott also requests to this request on the grounds that it contains multiple sub-parts.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

16

Interrogatory Number 22 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 23: Please state with particularity all out of pocket costs that You incurred in connection with the Texans Event including, without limitation, all employees that You paid to work at the Texans Event and any amounts that You paid to any third-party vendor for the Texans Event.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege. Marriott also requests to this request on the grounds that it contains multiple sub-parts.

17

Marriott objects to this request on the grounds that the terms "out of pocket costs" and "third-party vendor" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 23 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 24: Please state with particularity each element of Actual Damage that You sustained as a result of Ramsey Solutions' termination of the Texans Event including any variable costs incurred.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. *See* Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 24 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this Interrogatory.

Interrogatory No. 25: Please identify Your average gross incremental profit margin on the total rooms allocated to Ramsey Solutions for the EntreSummit Events at the (1) Gaylord Palms; (2) the Gaylord Texan and (3) the Gaylord Rockies.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the

20

extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.  Marriott also requests to this request on the grounds that it contains multiple sub-parts.

Marriott objects to this request on the grounds that the term "average gross incremental profit margin" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable.  Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense").  Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020.  *See* Initial Case Management Order Section "G."  This deadline has not been modified by subsequent court order.  Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Interrogatory Number 25 is directed at, and only at, actual damages.  Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the interrogatory is not relevant to the subject matter of the lawsuit and is not reasonably

calculated to lead to the discovery of admissible evidence.  For the foregoing reasons, Marriott

will not respond to the substance of this Interrogatory.

Respectfully submitted,

/s/ John C. Josefsberg
Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX  75230
Telephone:   (214) 373-1900
Facsimile:  (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone:  (615) 780-7975
Facsimile:  (615) 780-7976
szralek@bonelaw.com

*Counsel for Marriott Hotel Services, Inc.*
*and Marriott International, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on, this 6th day of August 2021, I served this document via email (by agreement of counsel) on:

    Ashley E. Cowgill, Esq.
    ashley.cowgill@pillsburylaw.com
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    500 Capitol Mall, Suite 1800
    Sacramento, CA 95814

    Jennifer Altman, Esq.
    jennifer.altman@pillsburylaw.com
    Markenzy Lapointe, Esq.
    markenzy.lapointe@pillsburylaw.com
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    600 Brickell Avenue, Suite 3100
    Miami, FL 33131

                /s/ John C. Josefsberg

THE LAMPO GROUP, LLC d/b/a            )
RAMSEY SOLUTIONS,                     )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )      Case No. 3:20-cv-00641
                                      )      Hon. Aleta A. Trauger
MARRIOTT HOTEL SERVICES, INC.,        )
                                      )      JURY DEMAND
        Defendant.                    )
_____)
MARRIOTT HOTEL SERVICES, INC.,        )
                                      )
        Counter-Plaintiff,            )
                                      )
v.                                    )
                                      )
THE LAMPO GROUP, LLC d/b/a            )
RAMSEY SOLUTIONS,                     )
                                      )
        Counter-Defendant.            )

### MARRIOTT'S RESPONSES AND OBJECTIONS
### TO RAMSEY'S SECOND REQUEST FOR PRODUCTION

Defendant / Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott") serves its responses and objections pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, to the Second Request for Production of Plaintiff / Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solution ("Ramsey").

### PRELIMINARY STATEMENT

1.      Marriott's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Marriott's right to rely on other facts or documents at trial.

1

2.     By making the accompanying responses and objections to Ramsey's requests for documents, Marriott does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Marriott makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3.     Marriott will produce responsive documents only to the extent that such documents are in the "Possession, Custody, or Control" of Marriott.  For purposes of these responses, the term "Possession, Custody or Control" does not include documents that may have been destroyed due to and consistent with Marriott's document retention policy, which has been configured to automatically purge all messages located in Outlook inboxes, drafts, sent items, deleted, notes and junk older than one year.

Marriott's Possession, Custody, or Control does not include any constructive possession that may be conferred by Marriott's right or power to compel the production of documents or information from third parties or to request their production.

4.     In a response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Marriott performed any of the acts described in the document request or definitions and/or instructions applicable to the document request, or that Marriott acquiesces in the characterization of the conduct or activities contained in the document request or definitions and/or instructions applicable to the document request.

2

5.      Marriott expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

<u>GENERAL OBJECTIONS</u>

1.      Marriott objects to each instruction, definition and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Marriott objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Marriott objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Marriott, it is inadvertent and shall not constitute a waiver of any privilege.

5.      Marriott objects to each instruction, definition and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Ramsey from its own files, from documents or information in its possession, or from documents or information that Ramsey previously produced to Marriott. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Marriott as for Ramsey.

6.      Marriott objects to each document request to the extent that it is not proportional

3

to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7. To the extent any of Ramsey's document requests seek documents or answers that include expert material, Marriott objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8. Marriott incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Marriott does not waive its right to amend its responses.

9. Marriott objects to each document request to the extent that it overbroad and unduly burdensome and oppressive such that the burden and expense of the proposed discovery outweighs its likely benefits.

10. Marriott objects to each document request to the extent that it seeks information or documents regarding "each," "all," "every" and "any" on the grounds that it is overbroad and unduly burdensome. Marriott has used reasonable efforts to provide responses based upon, among other things, examination of documents and files that may reasonably be expected to contain responsive information.

11.     Marriott objects to each document request to the extent that it is ambiguous and too vague to adequately apprise Plaintiff of the information sought or to permit Plaintiff to furnish such information with reasonable effort.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Marriott objects to the Definitions and Instructions to the extent that they are broader than or otherwise not provided under the Federal Rules of Civil Procedure including the definition of "Document" as outlined in the Request. Further, to the extent that any Electronically Stored Information ("ESI") is sought in this Request or any other, it must be the result of a negotiated or court ordered ESI protocol identifying the specific nature and scope of such discovery including custodians and search terms.

2.     Further, Marriott reserves its right to supplement, amend, clarify, modify, revise, or correct any or all of its responses or objections to the Request at any time and to rely on other facts or information that may be discovered in the future in the course of this litigation. These responses and the information provided are made only for the purposes of discovery in this action, and nothing contained in its responses are an admission by Marriott of the relevance or admissibility of any information for any purpose whatsoever including admission into evidence in the above-styled action.

3.     Marriott reserves all objections as to competency, relevance, materiality, privilege, or admissibility related to the use of the information provided herewith as evidence for any purpose whatsoever in this action or any other action.

4.     Generally speaking, a party is not entitled to demand a recitation of "all facts" bearing on a particular proposition. As one observant jurist noted in the context of contention interrogatories: "Simply relating that "all facts" are required about a general contention is a lazy

5

way of propounding an interrogatory which inevitably leads to a lazy response and then disputes." Samaan v. Sauer, No. CIV S-07-0960 JAM GGH, 2008 U.S. Dist. LEXIS 119994, at *12-13 (E.D. Cal. July 16, 2008) (Hollows, J.). As outlined below, the phrasing of the single request is so overbroad and ambiguous as to fall into this same category.

5.     Consistent with that principle, Marriott expressly reserve its right to rely upon additional facts or evidence throughout this proceeding including in dispositive motions or at trial, and nothing contained herein shall be construed as a waiver of Marriott right to present such additional facts or evidence in support of their arguments in this action.

## MARRIOTT'S DEFINITIONS USED IN ITS RESPONSES AND OBJECTIONS TO SECOND  REQUEST TO PRODUCE

1.     As used herein, the term "Marriott" means Defendant / Counter-Plaintiff Marriott Hotel Services, Inc., and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, including without limitation any representative of the Gaylord Hotels brand, and includes without limitation their current or former officers, directors, shareholders, employees, principals, agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf, including without limitation Mike Wainwright, Mike Stengel, John Adams and David Marriott.

2.     As used herein, the term "Ramsey" means Plaintiff/Counter-Defendant, The Lampo Group, LLC d/b/a Ramsey Solutions, and each of its subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation their current or former officers, directors, shareholders, employees, principals,

6

agents, trustees, representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on their behalf.

3.     As used herein, the term "Litigation" means this litigation, captioned The Lampo Group d/b/a Ramsey Solutions v. Marriott Hotel Services, Civil Action No.3:20-cv-00641, in the United States District Court for the Middle District of Tennessee.

4.     As used herein, "Gaylord Palms" means Gaylord Palms Resort & Convention Center, located in Kissimmee Florida, and managed by Marriott.

5.     As used herein, "Gaylord Texan" means Gaylord Texan Resort & Convention Center, located in Grapevine, Texas, and managed by Marriott.

6.     As used herein, "Gaylord Rockies" means Gaylord Palms Resort & Convention Center, located in Aurora, Colorado, and managed by Marriott.

7.     As used herein, the term "Palms Agreement" refers to that written "Agreement" attached to the Marriott's Counterclaim as Exhibit "A," pursuant to which Ramsey Solutions was scheduled to hold a contracted event at the Gaylord Palms from May 15-21, 2020.

8.     As used herein, the term "Palms Amendment" refers to that written "Amendment" to the Palms Agreement, attached to the Marriott's Counterclaim as Exhibit "B," pursuant to which the dates for Palms Event were changed from May 15-21, 2020 to July 10-16, 2020.

9.     As used herein, the term "Palms Contract" refers collectively to the Palms Agreement and Palms Amendment.

10.     As used herein, the term "EntreSummit" refers to Ramsey annual event EntreSummit" as set forth in Paragraph 6 of the FAC.

11.     As used herein, the term "Palms Event" refers to the contracted EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Palms over the dates July 10-16, 2020, as set forth as Exhibit "B" to Marriott's Counterclaim.

12.     As used herein, the term "EntreSummit 2020" refers to the EntreSummit event that was held at Ramsey Solutions' headquarters in Franklin, Tennessee, in July 2020.

13.     As used herein, the term "Texan Contract" refers to that written "Agreement" attached to the Marriott's Counterclaim as Exhibit "F," pursuant to which Ramsey Solutions was scheduled to hold its EntreSummit at the Gaylord Texan over the dates May 14-20, 2021.

14.     As used herein, the term "Texan Event" refers to the EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Texan over the dates May 14-20, 2021, as set forth as Exhibit "F" to Marriott's Counterclaim.

15.     As used herein, the term "Rockies Contract" refers to that written "Group Sales Agreement" attached to Marriott's Counterclaim as Exhibit "I," pursuant to which Ramsey Solutions was scheduled to hold its EntreSummit at the Gaylord Rockies over the dates May 20-26, 2022.

16.     As used herein, the term "Gaylord Agreements" means, collectively, the Palms Contract, Texan Contract and Rockies Contract.

17.     As used herein, the term "Rockies Event" refers to the contracted EntreSummit event Ramsey Solutions was scheduled to hold at the Gaylord Rockies over the dates May 20 - 26, 2022, as set forth as Exhibit "I" to Marriott's Counterclaim.

18.     As used herein, the "FAC" refers to the "First Amended Complaint for Damages" filed by Ramsey Solutions on or about July 30, 2020.

8

19.     As set forth herein, "Marriott's Counterclaim" refers to Defendant's Answer and Counterclaim to Plaintiff's First Amended Complaint, filed on or about August 28, 2020.

20.     As used herein, "Answer to Counterclaim" refers to the Answer and Affirmative Defenses to Counterclaim filed by Ramsey Solutions on or about September 18, 2020.

<u>RESPONSES AND OBJECTIONS TO SECOND REQUEST TO PRODUCE</u>

Request No. 1:   All Documents evidencing the occupancy of the Gaylord Palms between July 8, 2020 and July 14, 2020 including documents evidencing the number of rooms in the hotel by room type, the number of rooms in the hotel sold during that period, the type of room and the room rate for each room and the total room nights used during that period.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.  Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "room type" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to

9

furnish such information with reasonable effort. It is unclear whether the request is referring to guest rooms, or another type of "room."

Marriott objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The Palms Event was scheduled to occur July 10-15, 2020. July 8 and 9, 2020, has no conceivable relevance to the subject matter of the litigation and is not reasonably calculated to lead to the discovery of admissible evidence

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 1 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to

10

lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 2: All Documents evidencing the cost of any food and beverage You purchased exclusively for the EntreSummit2020 as of July 2, 2020.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. It may be extremely burdensome to determine, if it is even possible, what food items were purchased "exclusively" for the event.

Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In

11

responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 2 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 3: All Documents evidencing the cost of any food and beverage You purchased for the EntreSummit2020 event that was not used by the Gaylord Palms.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

12

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "not used" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable.  Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense").  Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020.  See Initial Case Management Order Section "G."  This deadline has not been modified by subsequent court order.  Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 3 is directed at, and only at, actual damages.  Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to

lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 4: All Documents evidencing any employees or independent contractors that You hired exclusively for the EntreSummit2020 Event including documents showing the amounts that You paid such employees or independent contractors, and any refunds and/or credits extended.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the term "independent contractors" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses

14

in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 4 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 5: All Documents evidencing all out of pockets costs that You incurred for the EntreSummit2020 event that You were not able to re-sell, obtain a refund or otherwise utilize at the Gaylord Palms and/or with other guests.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the term "out of pocket costs" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

16

Request Number 5 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 6: All Documents evidencing any actual damages that You suffered by Ramsey Solutions termination of the EntreSummit2020 event at the Gaylord Palms.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its

17

Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 6 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 7:   All Documents evidencing any actual damages that You suffered by Ramsey Solutions termination of the EntreSummit2020 event at the Gaylord Texan.

Response:

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

18

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that "EntreSummit2020" was not held at the Gaylord Texan in 2021. For purposes of this response, Marriott assumes Ramsey made a drafting error and intended "EntreSummit2021."

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 7 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses,

the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 8: All Documents evidencing any actual damages that You suffered by Ramsey Solutions termination of the EntreSummit2020 event at the Gaylord Rockies.

Response: Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that "EntreSummit2020" was not held at the Gaylord Rockies in 2022. For purposes of this response, Marriott assumes Ramsey made a drafting error and intended "EntreSummit2022."

Marriott further objects to this request on the grounds that the dates of EntreSummit2022 have not passed. Accordingly, it is premature for Marriott to determine actual damages until the event dates pass.

20

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable.  Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense").  Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020.  See Initial Case Management Order Section "G."  This deadline has not been modified by subsequent court order.  Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 8 is directed at, and only at, actual damages.  Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 9:  All Documents evidencing Your response to Interrogatory Number 18.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 18 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

22

Request Number 9 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 10: All Documents evidencing Your response to Interrogatory Number 19.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 19 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its

Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 10 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 11: All Documents evidencing Your response to Interrogatory Number 20.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 20 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 11 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

25

Request No. 12:  All Documents evidencing Your response to Interrogatory Number 21.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 21 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable.  Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense").  Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020.  See Initial Case Management Order Section "G."  This deadline has not been modified by

26

subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 12 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 13: All Documents evidencing Your response to Interrogatory Number 22.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 22 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 13 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 14: All Documents evidencing Your response to Interrogatory Number 23.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 23 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

29

Request Number 14 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 15: All Documents evidencing Your response to Interrogatory Number 24.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 24 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its

30

Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 15 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 16: All Documents evidencing Your response to Interrogatory Number 25.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott fully incorporates its responses and objections to Interrogatory Number 25 as if fully set forth herein.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 16 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

32

Request No. 17: All Documents evidencing all out of pockets costs that You incurred for the EntreSummit2021 event that You were not able to re-sell, obtain a refund or otherwise utilize at the Gaylord Texans and/or with other guests.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the term "out of pocket costs" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In

33

responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 17 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 18: All Documents evidencing Your average gross profit margin, incremental profit margin and net profit margin per room night, and type, for all rooms at the Gaylord Palms in July of 2020.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the terms "average gross profit margin," "incremental profit margin" and "net profit margin" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 18 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to

35

lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 19: All Documents evidencing Your average gross profit margin, incremental profit margin and net profit margin per room night by room type, and type, for all rooms at the Gaylord Texans in May of 2021.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the terms "average gross profit margin," "incremental profit margin" and "net profit margin" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses

36

in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 19 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 20: All Documents evidencing any vendors that you retained for the EntreSummit 2020 who You paid any non-reimbursed amounts.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 20 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 21: All Documents evidencing any vendors that you retained for the EntreSummit 2021 who You paid any non-reimbursed amounts.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage

39

clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 21 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 22: All Documents evidencing any vendors that you retained for the EntreSummit 2022 who You paid any non-reimbursed amounts.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that the dates of EntreSummit2022 have not passed. Accordingly, it is premature for Marriott to determine actual damages until the event dates pass.

40

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable.  Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense").  Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020.  See Initial Case Management Order Section "G."  This deadline has not been modified by subsequent court order.  Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 22 is directed at, and only at, actual damages.  Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 23: All Documents evidencing efforts that You made to sell the rooms earmarked for the EntreSummit 2020 event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

41

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "earmarked" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is virtually impossible to identify all of the attempts it took to resell contracted rooms set aside for Ramsey's use. A full and complete response would require Marriott to identify and produce virtually every written and oral communication, and every act, regardless of by whom it was performed, relating to every effort to sell every room in the Gaylord Palms' available room inventory.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 23 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 24: All Documents evidencing efforts that You made to sell the rooms earmarked for the EntreSummit 2021 event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

43

Marriott objects to this request on the grounds that the term "earmarked" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is virtually impossible to identify all of the attempts it took to resell contracted rooms set aside for Ramsey's use. A full and complete response would require Marriott to identify and produce virtually every written and oral communication, and every act, regardless of by whom it was performed, relating to every effort to sell every room in the Gaylord Texan's available room inventory.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 24 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses,

44

the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 25: All Documents evidencing efforts that You made to sell the rooms earmarked for the EntreSummit 2022 event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "earmarked" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is virtually impossible to identify all of the attempts it took to resell contracted rooms set aside for Ramsey's use. A full and complete response would require Marriott to identify and produce virtually every written

45

and oral communication, and every act, regardless of by whom it was performed, relating to every effort to sell every room in the Gaylord Texan's available room inventory.

Marriott further objects to this request on the grounds that the dates of EntreSummit 2022 have not passed. Accordingly, it is premature for Marriott to determine actual damages until the event dates pass.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 25 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

46

Request No. 26: All Documents evidencing any funds or deposits paid that You paid to any third-party vendor relating to the Palms Event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "third-party vendor" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 26 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 27: All Documents evidencing whether any third-party services that You contracted for relating to the Palms Event were otherwise used and, if so, any compensation or reimbursement You received.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the

48

extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the words "any compensation or reimbursement You received" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 27 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to

49

lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 28: All Documents evidencing the number of rooms booked at Your facility on July 3, 2020 excluding any rooms booked for the EntreSummit 2020 event.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "Your facility" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The number of rooms booked at the Gaylord Palms on July 3 2020, excluding any rooms booked for the EntreSummit 2020 event, has no conceivable relevance to the subject

matter of the litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 28 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 29: All Documents evidencing the number of rooms booked at Your facility on July 3, 2020 for the EntreSummit 2020 event.

Marriott objects to this request in its entirety.

51

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott objects to this request on the grounds that the term "Your facility" is too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage

52

clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 29 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. For the foregoing reasons, Marriott will not respond to the substance of this request.

Request No. 30: All documents evidencing Your average gross profit margin, incremental profit margin and net profit margin monthly, yearly, quarterly for the Gaylord Palms in 2019, 2020 and 2021.

Marriott objects to this request in its entirety.

Marriott fully incorporates and reasserts its General Objections and Objections To Definitions And Instructions from above.

Marriott objects to this request on the grounds that the terms "average gross profit margin," "incremental profit margin" and "net profit margin" are too ambiguous and too vague to adequately apprise Marriott of the information sought or to permit Marriott to furnish such information with reasonable effort.

Marriott further objects on the grounds that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Marriott further objects to this request to the

53

extent that it calls for the disclosure of information and/or communications subject to the attorney-client and /or work product privilege.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Financial information for the Gaylord Palms, for periods after the Palms Event was to have taken place, has no conceivable relevance to the subject matter of the litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Marriott further objects to this request on the grounds that it is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In order to preserve any challenge to the enforceability of liquidated damage clauses in the Gaylord Agreements, Ramsey was required to assert, as an affirmative defense in its Answer to Counterclaim, that liquidated damages are unenforceable. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party must affirmatively state any avoidance or affirmative defense"). Ramsey failed to do so.

The deadline to file a motion to amend the pleadings passed on December 15, 2020. See Initial Case Management Order Section "G." This deadline has not been modified by subsequent court order. Because Ramsey failed to raise an affirmative defense that the liquidated damage clauses contained in the Gaylord Agreements are unenforceable, the affirmative defense has been waived and the amount of actual damages suffered by Marriott is irrelevant.

Request Number 30 is directed at, and only at, actual damages. Because Marriott is not required to offer any evidence of actual loss in order to enforce the liquidated damage clauses, the request is not relevant to the subject matter of the lawsuit and is not reasonably calculated to

54

lead to the discovery of admissible evidence.  For the foregoing reasons, Marriott will not respond to the substance of this request.

DATED THIS 10th day of August, 2021.

RUDNER LAW OFFICES


/s/ John C. Josefsberg
Steven M. Rudner, admitted pro hac vice
John C. Josefsberg, admitted pro hac vice
12740 Hillcrest Road, Suite 240
Dallas, TX  75230
Telephone:   (214) 373-1900
Facsimile:   (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone:  (615) 780-7975
Facsimile:  (615) 780-7976
szralek@bonelaw.com

Counsel for Marriott Hotel Services, Inc.
and Marriott International, Inc.

<u>CERTIFICATE OF SERVICE</u>

I certify that on, this 10th day of August 2021, I served this document via email (by agreement of counsel) on:

Ashley E. Cowgill, Esq.
ashley.cowgill@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Jennifer Altman, Esq.
jennifer.altman@pillsburylaw.com
Markenzy Lapointe, Esq.
markenzy.lapointe@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

/s/ John C. Josefsberg