# EXHIBIT A



Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue Suite 3100 | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Jennifer G. Altman
tel: +1.786.913.4880
jennifer.altman@pillsburylaw.com

June 22, 2021

Via Email (josefsberg@hotellaywers.com) and U.S. Mail

John Josefsberg
Rudner Law Offices
12740 Hillcrest Road, Suite 240
Dallas, TX 75230

   **RE:** *The Lampo Group d/b/a Ramsey Solutions v. Marriott Hotel Services, Inc.*

Dear John,

Hope you are well. This letter will serve as Ramsey Solutions' attempt to meet and confer regarding Marriott Hotel Services, Inc.'s ("Marriott") responses and objections to the First Request for Production (the "Requests" or "Discovery").

First, with respect to Marriott's Preliminary Statement, Marriott states that documents may have been destroyed "due to and consistent with Marriott's document retention policy, which has been configured to automatically purge all messages located in Outlook inboxes, drafts, sent items, deleted, notes and junk older than one year." As the Requests make clear, to the extent that any responsive documents were destroyed or are no longer available, Marriott was and is required to specifically identify any documents that have been destroyed or are otherwise not available. Marriott has not provided the identification of any documents being withheld because they were destroyed. Is Marriott aware of any relevant and responsive information that was destroyed? If so, Marriott was required to provide Ramsey Solutions with a listing of those documents. Further, regardless of Marriott's retention policy, individuals frequently maintain information from their Outlook in other folders, on their hard drive and in other places; the same is true of Word or Excel formatted documents. Please confirm whether Marriott inquired of the individuals that it identified in its Rule 26 Disclosures to determine whether they had retained relevant information

notwithstanding any retention policy, whether in hard copy or electronic format. If Marriott has not done so, it should do so immediately and produce any responsive information.

Second, with regard to the General Objections, Marriott's objection number 3 is unclear. Marriott is required to produce a privilege log and the same does not violate the work product doctrine, so I am unclear as to what Marriott's objection is as stated. Please clarify.

Third, with regard to the specific Requests, there are numerous objections and limitations that are unfounded. They are separately addressed in this section. With regard to **Request No. 1**, Marriott issues multiple objections to producing documents that it identified in its Initial Disclosures. Ignoring the fact that there is no legitimate basis to object to documents that Marriott "described" in its initial disclosures, Marriott asserts only boiler-plate objections, which are legally insufficient. By example, Marriott parks its generic "overbroad and unduly burdensome", but neither applies. The request is not overbroad as its narrowly tailored to those documents that Marriott itself identified as relevant to the matter; it likewise cannot be unduly burdensome as Marriott referenced them in its Initial Disclosures. As a result, *Marriott* believed they were relevant to the issues and, therefore, Marriott must have already reviewed and identified them. For this reason, there can be no burden on Marriott to produce the materials it already identified. Similarly, there is nothing vague nor ambiguous about the request: it merely seeks the documents that *Marriott* itself referenced in its Initial Disclosures. Marriott cannot claim it is vague: it must merely produce the documents it reviewed and identified already. To the extent any of the information is privileged— which is unlikely given that Marriott disclosed them—it is required to list any withheld documents on its privilege log. Has Marriott done that? It is unclear from the objection.

Marriott also complains "that the parties should agree to an ESI protocol, but despite efforts on the part of Ramsey Solutions to do so, Marriott refused, aside indicating that it wanted to adhere to the local practice. Having refused to even discuss an ESI protocol, Marriott can hardly be heard to complain after the fact. Thus, although Marriott indicates it is producing some documents, it then states that it is not producing "those that necessitate an ESI or Confidentiality Agreement/Protective Order." This objection is without merit. There is a protective order in place and Marriott refused an ESI protocol. If any documents are being withheld, they must be produced.

Marriott refused to produce documents in response to **Request No. 2,** which seeks documents evidencing any payments received for any insurer for losses incurred due to COVID including business losses. Aside form incorporating its garden variety objections in Request 1, Marriott then claims that such documents are not responsive due to the collateral source rule. However, Marriott is not entitled to recover twice for the same loss. Further, Marriott relies on the several cases relating to collateral source rule, but that defense only applies in personal injury cases, not commercial cases. The cases referenced are inapposite. *See* 768.76, Fla. Stat. (as well as the cases cited by Marriott). The Tort Reform Act of 1986 limited the application in any event as it only precluded admissibility where there is a right of subrogation or reimbursement, so even if it applied—and it does not—it does not apply to these facts. The time period at issue is 2020 as is clear from the request, but for avoidance of doubt, it relates to any losses incurred in that calendar

year. To the extent that Marriott received compensation from other sources—whether from a governmental entity, an insurance carrier or any other source—that evidence is relevant as Marriott is not entitled to recover twice for the same claimed losses. For **Requests No. 3, 4, 5 and 6**, the argument is the same: the information is directly relevant as Marriott is not entitled to recover twice for the same claimed loss.

With respect to the generic objections on **Request No. 7**, Ramsey Solutions reincorporates its responses outlined above. This is particularly true as to the ESI protocol for the reasons outlined above. Has Marriott withheld any documents responsive to this request? If so, Ramsey Solutions demands that such documents be produced as it was Marriott that refused to enter into an ESI protocol. While I will not repeat this throughout, if any documents are being withheld on this basis for any of the requests, they must be produced.

With respect to **Request No. 8**, the attachments to the Counterclaim do not comply with this request, which seeks the documents "supporting" the claim for damages. As you are no doubt aware, summary schedules are only admissible if the underlying documents themselves are produced. Marriott has failed to produce the underlying documents supporting its calculations including any emails, excel spreadsheets, documents from Marriott's finance department or the like that support the same. These documents are highly relevant, and Marriott has no legitimate basis to withhold such information given that it has the burden of proof on its own damages. Also responsive would be any A/R aging report as well as documents evidencing sources of funds other than Ramsey Solutions that made Marriott whole. *See* Requests 1-5 above.

With respect to **Request No. 9**, please identify by bates-number the documents that Marriott has produced responsive to this request. The objection is incoherent, and Ramsey Solutions has not been able to identify any responsive documents. If the response is that Marriott has none, then it needs to amend its responses and objection to so reflect. The same is true for **Request No. 10**.

With respect to **Request No. 11**, what is the specific bases that no documents are being produced, to wit: that there are none or for some other reason. If the latter, please explain the specific reason that Marriott cannot produce responsive documents as it is unclear and the objection fails to provide a basis, particularly given that phrases and terms are ones that were likewise used by Marriott itself in its Answer, Affirmative Defenses and Counterclaim. Same with **Requests No. 12, 13, 16, 17, 18, 19, 21, 22 and 23**. It should also be noted that to the extent no documents are produced, Ramsey Solutions will take the position at trial if Marriott attempts in introduce evidence relating to any of these categories, including that it was able to perform, that Marriott waived its right to do so or is otherwise barred from doing so given its refusal to produce responsive information in discovery.

With regard to **Requests No. 14 and 15**, it is clear from the difference in the production of Ramsey Solutions versus Marriott that Marriott has not fully complied with its obligations to produce responsive communications. Indeed, while Marriott identified a myriad of Marriott employees in its Initial Disclosures, it has failed to produce responsive communications from such custodians.

The request is narrowly tailored to the event and there is no basis to refuse to produce such relevant and responsive information.

I do not see any documents responsive to **Request No. 20**. Please advise whether any documents or information were produced.

I have on multiple occasions asked for a meet and confer on the objections raised by your client. You asked that I first outline my concerns, which I have done above. Please provide me with dates and times so that we can attempt to resolve the disputed objections.

Sincerely,

Jennifer G. Altman