# EXHIBIT B



John C. Josefsberg
Partner

June 28, 2021

*Via email to jennifer.altman@pillsburylaw.com*
Ms. Jennifer Altman, Esq.
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

    Re:    <u>The Lampo Group d/b/a Ramsey Solutions v. Marriott Hotel Services, Inc.</u>

Dear Jennifer:

We are in receipt of your letter dated June 22, 2021, regarding alleged deficiencies in Marriott's responses to Ramsey's First Request for Production ("Requests"). We will address those alleged deficiencies in turn.

    1.    <u>Document Retention Policy</u>

With regard to Marriott's document retention policy, Marriott is unaware of any specific documents that were automatically deleted. Marriott does not keep a record of the documents that are automatically purged pursuant to its document retention policy.

Marriott did not begin the process of collecting responsive documents until after Marriott was served with Ramsey's complaint. No documents from 2020 would have been automatically purged pursuant to Marriott's document retention policy, which has been configured to automatically purge all files older than one year. Marriott has inquired of the individuals identified in its Rule 26 Disclosures to determine whether they had retained relevant information notwithstanding the document retention policy, whether in hard copy or electronic format.

    2.    <u>ESI Protocol</u>

Your letter erroneously claims that Marriott never agreed to an ESI protocol. The last email on this topic was my April 22, 2021 email to you, with the draft ESI Protocol agreement, reminding you that "the ball is in your court on this one." The ESI protocol agreement reflected the local rules regarding search terms and document custodians. Ramsey's discovery included lengthy instructions concerning how Ramsey wanted ESI to be produced. Marriott did not object to the instructions, and produced the documents in the requested format. The same protocol was followed by Ramsey. In short, ESI protocol is a non-issue.

12740 Hillcrest Road . Suite 240 . Dallas . Texas 75230 . Direct 214.587.0108 . Main 214.373.1900 . email. josefsberg@hotellawyers.com

John C. Josefsberg is admitted in Arizona, California, Florida and Texas

Case 3:20-cv-00641   Document 60-2   Filed 08/25/21   Page 2 of 5 PageID #: 813

With regard to Request 7, since the relevant time frame extends beyond Marriott's 12-month document retention period (by several years), it is possible that otherwise responsive documents may have been automatically purged. As noted above, Marriott does not keep a record of such documents. To the extent that non-privileged responsive documents were maintained by document custodians, they have been requested from the custodians and are part of the documents produced by Marriott.

With regard to language in the discovery responses that Marriott was not producing "those that necessitate an ESI or Confidentiality Agreement/Protective Order," please be reminded that this is the exact language that Ramsey first used in responding to Marriott's first requests for production of documents. Marriott has, in fact, produced documents in the ESI format requested by Ramsey. No documents have been withheld on the basis that an ESI agreement has not been reached.

3. <u>Document Request Number 1</u>

Request Number 1 requires Marriott to "Produce all Documents or tangible things described in Marriott's initial disclosures under Fed. R. Civ. P. 26(a)(1)(A). Notwithstanding Marriott's objections, Marriott has produced all responsive, non-privilege documents.

Regarding Marriott's objection, please be reminded that it is the exact objection Ramsey interposed in response to an identical request in Marriott's first request for production of documents. Moreover, unlike Ramsey, Marriott has provided its privilege log. If any documents were withheld on the grounds of privilege, Marriott has included such documents on its privilege log.

4. <u>Document Subject to the Collateral Source Rule (Requests 2-6)</u>

Requests 2 - 6 seek information that is not discoverable because the subject payments (if any) are considered collateral sources. Although Ramsey claims the rule is limited to tort cases or where there is a right of subrogation or reimbursement, Ramsey has offered no legal support for this proposition. Marriott has cited Florida precedent demonstrating that the rule applies equally to causes of action in contract, as well as actions in tort. *See* cases cited in response to document request number 2. If Ramsey has legal authority demonstrating that the cited case are not controlling precedent, please provide such legal authority.

5. <u>Damage Documents (Request 8)</u>

Request Number 8 requires Marriott to "Produce all documents supporting any claim for damages claimed in connection with Your Counterclaim." Marriott's claim is for liquidated



Ms. Jennifer Altman, Esq.
June 28, 2021

Page 3

damages. The enforceability of a liquidated damage clause is an affirmative defense, which must be asserted in the answer or the defense is waived.

Ramsey did not assert an affirmative defense challenging liquidated damages sought by Marriott in its counterclaim. Having failed to do so, Marriott is only required to establish that the contract contains a liquidated damage clause and that liquidated damages have been properly computed. Marriott has produced all such documents.

6. Requests 9 and 10

Request Number 9 is highly objectionable for the reasons stated in the response. In any event, Marriott has responded by indicating that there are no circumstances existing in July of 2020 that would "impair or damage [Ramsey Solutions] brand or good will by hosting an event." Because there are no such circumstances, either: (1) no documents that evidence such circumstances exist; or (2) all documents in the case demonstrate that no such circumstances exist.

Request Number 10 falls into the same category. Marriott has responded by asserting that "[B]ecause nothing happened that made it "illegal or impossible" to provide or use the Hotel facilities, there are no documents that 'fall within the Force Majeure provision that provides for termination in the event that circumstances are beyond [Ramsey Solutions] reasonable control.'" Because there are no such circumstances, either: (1) no documents that evidence such circumstances exist; or (2) all documents in the case demonstrate that no such circumstances exist.

Marriott has properly responded to Requests 9 and 10.

7. Requests 11, 12, 13, 16, 17, 18, 19, 21, 22 and 23

As indicated in Marriott's objections, these requests are overbroad and unduly burdensome, call for legal conclusions, calls for the production of documents subject to the attorney-client privilege, and contain terms that are vague, ambiguous and undefined. I propose that we attempt to narrow the requests, clear up ambiguities, and otherwise address objections during our meet and confer.

With regard to Request 13, Marriott erroneously objected to the request in its entirety. Marriott believes it has produced all responsive documents within its possession and control. We will supplement our response with regard to Request 13.



Ms. Jennifer Altman, Esq.
June 28, 2021

Page 4

With regard to Request 22, we believe the request is objectionable under firmly established legal precedent. Please confirm that you intended to include Request 22 with the other requests.

8. <u>Requests 14 and 15</u>

We believe all responsive, non-objectionable documents have been produced. We are reviewing the list of document custodians and comparing with the production set. We will supplement if we discover additional documents.

9. <u>Request 20</u>

We believe all communications with third parties, exclusive of Marriott's attorneys, have been produced. We are reviewing the file to confirm. We will supplement if we discover additional documents.

Sincerely,

John C. Josefsberg