UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a ) <br> RAMSEY SOLUTIONS, ) <br> a Tennessee Limited Liability Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARRIOTT HOTEL SERVICES, INC., ) <br> a Delaware Corporation; ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:20-cv-00641 <br> Judge Aleta A. Trauger <br> <br> JURY DEMAND |
| MARRIOTT HOTEL SERVICES, INC., ) <br> a Delaware Corporation, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE LAMPO GROUP, LLC d/b/a ) <br> RAMSEY SOLUTIONS, ) <br> a Tennessee Limited Liability Company, ) <br> ) <br> Counter-Defendant. ) | |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff/Counter-Defendant the Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions") moves to modify the deadlines in the Initial Case Management Order ("Initial Scheduling Order") [Dkt. 31], the deadlines approved by this Court extending the discovery cut-off and certain other deadlines [Dkt. 47] and all related deadlines consistent with the trial in this case being re-set for August 2, 2022. [Dkt. 57]. Although the parties had already agreed to establish new pre-trial scheduling deadlines prior to Ramsey Solutions filing its Motion for Leave to Amend Affirmative Defenses to Counterclaim and Memorandum of Law in Support Thereof

(the "Motion") [Dkt. 54], now, Defendant Marriott Hotel Services, Inc. ("Marriott") has agreed to each of the proposed new deadlines <u>except</u> re-setting the deadline for amendment of pleadings, a move that should be seen for precisely what it is. As outlined below and in the Motion, good cause has been established and there is no prejudice, much less substantial prejudice, to Marriott.

## I. Introduction

As more fully outlined in the reply in support of the Motion, under governing authority, a Rule 15 motion may be treated as a Rule 16(b)(4) motion, a point that Marriott omits from its response to the Motion despite citing cases that stand for that exact proposition.[1] Putting that aside, at the time that Ramsey Solutions conducted its meet and confer with Marriott regarding the proposed amendment to its affirmative defenses,[2] this Court had already moved the trial date from February 15, 2022 to April 5, 2022. [Dkt 53]. The very day this Court entered the Order Re-Setting the Trial to April 5th, Ramsey Solutions advised Marriott that there was a conflict with that date due to another trial being set at the same time. The parties immediately reached out to the Court to obtain new trial dates[3] and separately agreed that once the new date was set, they would work backwards to re-set the deadlines given that they would have significantly more time before trial to complete pre-trial activities. *See* Ex. A. Relying on the fact that the parties would cooperate in good faith to establish new pre-trial deadlines, Ramsey Solutions did not file a motion to modify

---

[1] *See Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608-09 (9th Cir. 1992).
[2] Prior to serving its Motion, Ramsey Solutions provided a draft of the motion and proposed amended complaint to Marriott. Marriott did not consent to the Motion or the proposed amendment.
[3] Attached as Composite Exhibit "A" are some of the email exchanges between counsel for Ramsey Solutions and Marriott regarding the trial date and agreement that they would work together to establish a new scheduling order.

the Initial Scheduling Order.[4] It certainly was Ramsey Solutions' mistake to rely on Marriott to act in good faith (rather than "gotcha litigation"), but, regardless, for the reasons set forth below, good cause exists to modify the Initial Scheduling Order and subsequent extensions entered by this Court.[5]

## II. Procedural Posture of Litigation

This action was first filed in July of 2020, and amended shortly thereafter to add Marriott International, Inc. [Dkts. 1 and 10].[6] The Initial Scheduling Order was entered on October 19, 2020, setting various deadlines including the date for parties to amend their pleadings: December 15, 2020. [Dkt. 31]. The initial discovery cut-off was June 30, 2021. *Id*. The Order Setting Case for Trial of February 15, 2022 was entered the same day. [Dkt. 32]. Discovery ensued.

Marriott served its First Request for Production on November 25, 2020, and its Second Request for Production on March 1, 2021, the latter of which sought 75 categories of documents.[7] Ramsey Solutions served its First Request for Production on January 18, 2021, its First Set of Interrogatories on June 23, 2021 (collectively, the "First Set"); its Second Request for Production

---

[4] Ramsey Solutions first learned that Marriott would not include a new date for amendment of pleadings after it proposed the new dates on August 25, 2021, when Mr. Josefsberg responded. *See* Composite Exhibit "C".

[5] Although the motions to extend the deadlines in this case are submitted as "joint," many of the extensions were at the request of Marriott. Ramsey Solutions did not object when Marriott sought to move a deadline or required additional time to comply with a stated deadline. *See, e.g.*, Dkts. 15 (to respond to Complaint), 25 (to move Initial Case Management Conf.), 35 and 37 (to respond to motion for judgment on the pleadings); (42) (joint motion moving dispositive motion, expert and fact discovery deadlines); (46) (joint motion to modify date for initial expert reports); 49 (joint motion to modify fact discovery and rebuttal expert report deadlines); 56 (unopposed motion to continue trial after it was re-set to April 5, 2022 due to scheduling conflicts).

[6] The substantive allegations were not changed; rather, Ramsey Solutions merely added Marriott International, Inc. due to public records indicating that it was the real party in interest. Marriott subsequently stipulated that it was the only relevant party and Marriott International was then dismissed from the suit. [Dkts. 29 and 30].

[7] It served its First Set of Interrogatories that same day and served its Second Set of Interrogatories on March 28, 2021.

on July 12, 2021, and its Second Set of Interrogatories on July 7, 2021 (collectively, the "Second Set of Discovery"). Attached as Exhibit "B" is the Declaration of Jennifer G. Altman. As Marriott acknowledges in its response to the Motion, it refused to provide any information responsive to the Second Set of Discovery. [Dkt. 60]. The Second Set of Discovery is targeted to any actual damages Marriott suffered due to the termination of the agreements at issue in the above-styled litigation.[8] This information is important because the liquidated damages provisions provide for recovery of Marriott's *gross* revenues without any reduction for costs or expenses (and likewise do not factor in any mitigation amounts obtained by Marriott). It is axiomatic that a party is not entitled to obtain a windfall and that damages must have a relationship to those sustained by a party. *See, e.g., In re Health America Med. Grp., Inc.*, 293 B.R. 799, 804 (Bankr. M.D. Fla. 2003); *North Beach Investments, Inc. v. Sheikewitz*, 63 So.2d 498, 499 (Fla. 1953); *Stenor, Inc. v. Lester*, 58 So.2d 673, 675 (Fla. 1951); *In re Maxko Petroleum, LLC*, 425 B.R. 852, 876 n.11 (Bankr. S.D. Fla. 2010); *Goldblatt v. C.P. Motion, Inc.*, 77 So.3d 798, 800 (Fla. 3d DCA 2011) (even where parties stipulate that liquidated damages is result of inability to readily ascertan damages, court can still invalidate the clause).

In response to Marriott's discovery, Ramsey Solutions produced *more than 16,000 documents* (totaling over 48,000 pages) between January and July 22, 2021. By comparison, Marriott has produced a mere 1,975 documents (9,253 pages) between March and August 25, 2021. Indeed, on **August 25, 2021**, Marriott produced an additional 782 documents, nearly half of its total production. *See* Ex. B. It bears repeating: Marriott produced only days ago nearly half

---

[8] It is Ramsey Solutions' position that Marriott was required under the liberal discovery rules to provide responsive information to the Second Set of Discovery. As Marriott acknowledged by attaching a copy of the meet and confer letter, Ramsey Solutions attempted to resolve the issue (Response, Ex. A), but unfortunately, despite the conferral efforts, Marriott refused to produce any information. Ramsey Solutions is currently preparing a motion to compel.

of its total production, which documents were responsive to the First Request for Production served by Ramsey Solutions on January 18, 2021, nearly nine months earlier.

With respect to the need to amend its affirmative defenses, the parties have a dispute as to applicable legal authority, *to wit*: whether this Court has the discretion to determine, as a matter of law, that a contract or any of its provisions are unenforceable by its plain terms regardless of whether an affirmative defense is asserted. Marriott's position arose only recently, for the first-time putting Ramsey Solutions on notice that Marriott believes this Court has no such authority. Specifically, when Marriott did not serve an expert report on June 25, 2021 outlining its actual damages, Ramsey Solutions served its Second Set of Discovery seeking that information from Marriott.[9] As set forth in the Motion, this is when Ramsey Solutions became aware of Marriott's position that it had no obligation to produce any information regarding its actual damages; Marriott also objected to the Second Set of Discovery stating that because Ramsey Solutions did not raise enforceability as an affirmative defense, it was barred from introducing any evidence on the point or having this Court adjudicate the provision as a matter of law.[10] These objections were served on August 10 and 6, 2021, respectively, in response to the Second Set of Discovery. For the

---

[9] The facts here establish that Ramsey Solutions has been diligent. Ramsey Solutions served two separate sets of discovery, has produced thousands of documents in response to Marriott's discovery requests, filed a Motion for Judgment on the Pleadings [Dkt. 33], provided deposition dates of its witnesses to Marriott, served a 30(b)(6) deposition notice with the specifically identified topics and has already prepared a dispositive motion relating to the liquidated damages provisions, but is waiting for certain depositions to be taken before filing the same. *See* Ex. B.

[10] Ramsey Solutions does not dispute that in its Initial Rule 26 Disclosures and its Counterclaim that Marriott sought liquidated damages. The dispute arises with regard to what enforcement mechanisms exists under the law, procedurally and substantively. Until July of 2021, Ramsey Solutions was unaware of Marriott's position that no discovery on damages could be had, that Marriott has no obligations to establish its damages on its affirmative claims particularly where, as here, Ramsey Solutions believes that the liquidated damages provisions are facially invalid. Marriott's position was first disclosed in response to the Second Set of Discovery and then in its Response to the Motion.

reasons outlined in the Motion and in its reply in support of the Motion, Ramsey Solutions does not agree with Marriott's analysis of the law. Given its objection, however, Ramsey Solutions immediately sought leave to amend its affirmative defenses in an abundance of caution after conducting a meet and confer. Ultimately, this Court will decide which party is correct on the disputed point of law. But based on the facts here, it would be prejudicial to Ramsey Solutions if it were not permitted to amend its defenses particularly given its diligence in bringing the issue to the Court.[11]

On August 9, 2021, this Court re-set the trial to April 5, 2022. [Dkt. 57]. Ramsey Solutions immediately advised Marriott that there was another scheduled trial on that date, so the parties began communicating with the court to obtain alternative dates. Even before an alternative trial date was selected or confirmed, the parties agreed that once a trial date was set, they would work backwards to re-set the scheduling deadlines. The Court re-set the trial to August 2, 2022, pursuant to the Unopposed Motion to Continue the Trial [Dkt. 56], at which point Ramsey Solutions sent Marriott a proposed new schedule. Despite the trial being one year in the future, Marriott agreed to adjust every deadline *except* the deadline relating to amendment of pleadings. *See* Exs. A, B and C.[12]

---

[11] As part of its meet and confer, Ramsey Solutions provided Marriott with a copy of the draft motion to amend and [Proposed] Amended Answer and Affirmative Defenses on August 9, 2021. Marriott objected to the proposed amendment.

[12] Marriott's stated position is that it would be prejudiced because it did not retain an expert or produce relevant documents, but the claimed prejudice simply does not exist. Marriott has already agreed to each of the dates in the proposed revised scheduling order except for amendment of pleadings (including those extending fact and expert discovery deadlines to February/March of 2022, which is more than ample time to produce relevant supporting documents and retain an expert. Marriott is claiming foul not because of the merits, but rather because it is hoping to obtain a strategic benefit. Again, while Ramsey Solutions does not agree with Marriott's position on the law, the fact remains that any claimed prejudice can be easily cured by simply adding a deadline for it to introduce an expert on the subject and a rebuttal expert date to respond.

Specifically, on August 24, 2021, consistent with its agreement to do so, Ramsey Solutions proposed the following new schedule given the new trial date:

| | |
|---|---|
| Motions to Amend Pleadings. | November 12, 2021 |
| Fact and Expert Discovery Cut-off | March 18, 2022 |
| Daubert Motions | April 15, 2022 |
| Mediation deadline | April 22, 2022 |
| Dispositive Motions | May 20, 2022 |
| Jury Instructions | July 9, 2022 |

Marriott responded the next day indicating that it agreed to re-set all dates but refused to adjust the date to permit amendment of pleadings. Specifically, Marriott stated: "Marriott will not agree to resurrect the motion to amend deadline, which passed in December. If a party believes it has sufficient grounds to amend the pleadings, the party should file an appropriate motion." Ex.C. Thereafter, Marriott filed its Response to the Motion arguing that the amendment should be denied because this motion was not filed first.

Important for context here, no depositions have been taken in this action. Marriott only recently produced nearly 800 documents approximating nearly half of its total production, which will now need to be reviewed before Ramsey Solutions can even begin deposing Marriott witnesses. This does not even factor in that Marriott has refused to produce information in response to the Second Set of Discovery, which will now need to be addressed by this Court and, assuming a motion to compel is granted, the information will need to be produced and reviewed as well. And, although Ramsey Solutions timely submitted its expert report on the issues on which it has the burden of proof, Marriott has not yet filed a rebuttal report, having requested two extensions of time to do so. Although Ramsey Solutions provided a Notice of Taking 30(b)(6) deposition of Marriott with the specific topics (noticed for September 1, 2021) (as well as the dates for the other witnesses with Ramsey Solutions employ), Marriott has not taken or noticed any of the depositions. It is clear from the record that Ramsey Solutions has acted in good faith and has

been diligent in preparing this case for trial, which should proceed on the merits not constrained by Marriott's attempt to obtain a strategic advantage on a point of law over which there is a genuine dispute.

### III. Argument

**A. Standard.**

Marriott is correct that a party is required to seek to modify a scheduling order and, if after a deadline, establish good cause and obtain this Court's consent. Fed. R. Civ. P. 16(b). However, as outlined in Ramsey Solutions reply in support of the Motion, a motion to amend is treated as a Rule 16(b)(4) motion under governing authority. Here, the parties were already discussing filing a joint motion to modify the existing deadlines prior to filing the Motion given the change in trial date. There was no specific discussion that a new date for amendment of pleadings would not be included in the modified schedule (one way or the other). While hindsight is 20/20, Ramsey Solutions assumed that Marriott would—as it should—have agreed to modify the date for amending pleadings along with all the other dates. This is particularly true given that the trial is one year away and there is no prejudice to Marriott.[13]

Scheduling orders may be modified only "for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted); *see also Ott v. Publix Supermarkets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014). When a motion to amend is filed after a scheduling order deadline (as here), Rule 16 is the

---

[13] Marriott is a publicly traded company and keeps detailed financial records including its profit margin on room revenue and its food and beverage service, both at the brand level and by resort. The notion that Marriott is unable to produce this information in short order strains credulity.

proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Courts in Tennessee apply the same standard.[14] As outlined in its reply in support of the Motion, courts routinely resolve a motion to amend by simply applying the good cause standard to the Rule 15 motion. Marriott fails to acknowledge this well-established principle in its Response to the Motion.

Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Diligence is evaluated by considering three factors: (1) whether the movant failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

---

[14] *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (The court considers two factors in determining whether good cause has been established: the movant's diligence and prejudice to the opposing party if the amendment is granted); *see also Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250,256 (6th Cir. 1983) (The Sixth Circuit balancing test turns on whether there will be substantial prejudice to the opposing party). Indeed, the Sixth Circuit, in *United States v. Wood*, 877 F.2d 453,456 (6th Cir. 1989) allowed the United States to amend its pleadings after discovery had closed and three weeks before trial). This case presents quite different facts. There can be no prejudice here, much less substantial prejudice, as the matter is not set for trial until August 2, 2022, and the documents and information that Marriott would be required to produce relating to its actual damages are readily available to Marriott. Marriott's argument that it would be burdened or prejudiced by producing this information lacks credibility as it is a publicly traded company that maintains detailed financial information in order to comply with its reporting obligations to the Securities and Exchange Commission and its shareholders.

**B. Good Cause Exists to Permit Amendment and Modification of the Scheduling Order.**

**a. Ramsey Solutions Sought Pertinent Information During Discovery Period.**

It is undisputed that Ramsey Solutions filed the Motion within days of learning of Marriott's position that Ramsey Solutions cannot question the viability of the liquidated damages provision absent a defense attacking enforceability.[15] Marriott's view of the law arose when Marriott failed to submit an expert report prompting Ramsey Solutions to within days serve the Second Set of Discovery. Ramsey Solutions did not sit on its proverbial hands but moved quickly to obtain the information. When Marriott served its responses, it objected to each request and interrogatory, refusing to provide any information regarding its damages (taking the position that Ramsey Solutions was required to submit an affirmative defense).[16] Ramsey Solutions immediately requested a meet and confer on Marriott's objections; Marriott asked that Ramsey Solutions write a letter outlining the issues (which was a strange request given that Marriott's objection is identical to each request) before it would engage in a meet and confer. Ramsey Solutions did as Marriott asked[17] and a meet and confer followed. When Marriott doubled down

---

[15] Ramsey Solutions submits that Marriott's position flies in the face of legion of cases that provide that this Court may, as a matter of law, determine the interpretation, enforceability and legality of a contract. Indeed, courts routinely do so by dispositive motion, which is what Ramsey Solutions intends to do here.

[16] In refusing to produce any documents, Marriott ignores the authority referenced by Ramsey Solutions as cited in its Motion that provides that this Court can determine the enforceability of a liquidated damages provision as a matter of law. Marriott's myopic view (and my-way-or-the-highway attitude) is merely a subterfuge for its desire to avoid having its legally unenforceable liquidated damages provisions viewed with a critical eye, hoping instead that it can simply obtain a windfall. But to be clear, Marriott's liquidated provision is such that it will always be more profitable for Marriott not to perform under its agreements because it is predicated on revenues *without any reduction for expenses*. It also ignores the legion of authority (which Ramsey Solutions will not belabor in this motion) that discovery is liberal if proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

[17] A copy of Ramsey Solutions' "meet and confer" letter is attached to Marriott's Response to the Motion as Exhibit "A."

on its position that it would produce nothing because Ramsey Solutions failed to contest its liquidated damages provision by asserting an affirmative defense, Ramsey Solutions immediately prepared the Motion and the [Proposed] Amended Answer and Affirmative Defenses and sought a meet and confer on the same. *See* Ex. B.

After the meet and confer failed—with Marriott maintaining its hardline position despite the fact that the trial was moved to a year in the future and the parties' agreement to establish a new scheduling order, Ramsey Solutions filed the Motion seeking to add three affirmative defenses. One of those defenses, frustration of purpose, is predicated on the very same facts underlying the claims raised by Ramsey Solutions in its operative pleading. The other two relate to enforcement of the liquidated damages provision based on Marriott's position asserted for the first time in response to the Second Set of Discovery that Ramsey Solutions was required to assert the same as a defense in order for this Court to consider whether the provision is facially enforceable.

Notable here is that Ramsey Solutions sought information relating to Marriott's actual damages in its Second Set of Discovery well before the discovery cut-off. Thus, consistent with the first prong, Ramsey Solutions did timely seek the relevant information from Marriott. When Marriott's objections alerted Ramsey Solutions to Marriott's legal position (which Ramsey Solutions disagrees with), it immediately prepared and submitted its Motion after conducting a meet and confer. It did not file a motion to extend the deadlines because the parties had already agreed that they would be working together to do so. Thus, although Marriott attempts to foot fault Ramsey Solutions for filing the Motion without having first filed this motion, it did so in reliance on the agreement of the parties that they would be submitting a joint motion re-setting the deadlines. *See* Exs. A, B. and C. Ramsey Solutions was unaware that Marriott would selectively

Case 3:20-cv-00641   Document 61   Filed 09/01/21   Page 11 of 17 PageID #: 829

exclude a new date for amending pleadings from their new schedule. Marriott's position is particularly curious given that the trial is a year away and the parties agreed that discovery is not closing until March of 2022, providing more than sufficient time for Marriott to produce the relevant information on its actual damages.[18] Based on these facts, granting this motion and the Motion is appropriate.

### b. Marriott's Position on the Law Was Not Previously Disclosed.

As more fully set forth in the reply in support of the Motion, Ramsey Solution does not agree with Marriott's position on the law. That said, Marriott only first articulated its position in response to the Second Set of Discovery, and even more robustly when it responded to the Motion. The record is undisputed that Ramsey Solutions immediately sought to address Marriott's objection—even though Ramsey Solutions did not agree with it—in an abundance of caution so that the case can be decided on the merits. Thus, to the extent that Marriott's view of the law regarding the obligation to assert the defense is colorable, Ramsey Solutions sought leave to amend within days of Marriott articulating its position for the first time. There simply is no basis to suggest that Ramsey Solution has been dilatory or acted in bad faith here. *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001); *Jefferson v. Lee*, No. 20-cv-00469, 2021 WL 3725977, at *2-3 (M.D. Tenn. Aug. 23, 2021).[19] On the contrary, the opposite is true. The undisputed record confirms that Ramsey Solutions has diligently responded to and served discovery, produced tens of thousands of pages of discovery, and worked cooperatively with Marriott to move this case

---

[18] Exhibit "C" confirms Marriott agreed to move the various scheduling deadlines.

[19] "A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). These facts are outlined more fully in the Motion, but there is no prejudice to Marriott, and it has not and cannot demonstrate as much.

towards trial. As importantly, the record will confirm that Ramsey Solutions has never objected to or otherwise refused to extend professional courtesies to Marriott.

### c. Ramsey Solutions Moved to Amend within Days of Receiving Marriott's Responses and Objections to the Second Set of Discovery.

Ramsey Solutions filed the Motion shortly after learning of Marriott's position that Ramsey Solutions was required to raise as a defense[20] the enforceability of the liquidated damages provisions in the three contracts at issue. *See, e.g., Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020); *Allegheny Cas. Co. v. Archer-W./Demaria Joint Venture III*, No. 8:13-CV-128-T-24-TGW, 2014 WL 10915507, at *3 (M.D. Fla. June 16, 2014); *Wopshall v. Travelers Home & Marine Ins. Co.*, No. 18-14424-CIV, 2019 WL 5697986, at *2 (S.D. Fla. Nov. 4, 2019); *see also Ott v. Publix Supermarkets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014) (Courts consider the diligence of the opposing party in seeking the extension and whether the opposing party will be prejudiced). Based on the specific facts here, Ramsey Solutions has established good cause to modify the scheduling order, although, as noted above, Marriott has already agreed to do so, but is attempting to prejudicially exclude amendment of pleadings to obtain a strategic advantage in the litigation—likely because it knows that the liquidated damages provisions here are facially invalid because (1) Marriott's damages are readily ascertainable; and (2) they are disproportionate to Marriott's actual damages because they fail to exclude the expenses associated with the revenues and, thus, constitutes a penalty as a matter of law.

---

[20] Affirmative defenses "need only 'provide fair notice of the nature of the defense and the grounds upon which it rests.'" *Abajian v. HMSHost Corp.*, No. 0:20-CV-60324, 2020 WL 1929134, at *2 (S.D. Fla. Apr. 21, 2020); *see also Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2013 WL 4496510, at *4 (S.D. Fla. Aug. 22, 2013) ("[T]his Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses.").

### C. There is no Prejudice to Marriott.[21]

As previously noted, the trial in this case has been moved to August 2, 2022, and Marriott has agreed to modify all of the pre-trial scheduling other than the amendment to pleadings, despite the fact that there clearly is no prejudice to Marriott. As more fully outlined in the Motion, Ramsey Solutions merely seeks to add three affirmative defenses, one of which (frustration of purpose) is dependent on the same facts underlying the operative pleading in this action, and two that arise based on Marriott's position as first asserted in its objection to the Second Set of Discovery that absent a defense of enforceability, Ramsey Solutions has no ability to contest the facial validity of the liquidated damages provisions at issue. Based on Marriott's position that Ramsey Solutions waived its right to assert such defenses, Ramsey Solutions immediately sought leave to amend, which was not consented to by Marriott. *See* Ex. B.

As noted above, Marriott is a publicly traded company that has ready access to the information sought in the Second Set of Discovery and, thus, there would be no prejudice if it was required to produce the same. Further, given the time until time and the re-setting of deadlines (including the discovery cut-off), there is no prejudice to Marriott. This is further highlighted by the fact that if Marriott was acting in good faith, a date for it to supply an expert report could easily be added to the calendar, particularly given that the new expert discovery cut-off (agreed to by the parties) is March 11, 2022. Given that there are more than six months remaining based on the

---

[21] Delay alone is insufficient to permit a court to deny a motion to amend, regardless of how long a party has delayed. *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio,* 900 F.2d 882, 888 (6th Cir. 1990); *see also Dottore v. Nat'l Staffing Servs.*, 2007 WL 2114668, at *4 (N.D. Ohio July 20, 2007) ("While NSS could have brought its current motion earlier, delay alone – regardless of length – is an insufficient basis for a court to deny an otherwise appropriate motion for leave to amend." (citing *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir.2000))). A party opposing a motion to amend must offer "at least some significant showing of prejudice." *Dana*, 900 F.2d at 888 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (per curiam)).

proposed schedule, to the extent that there was any prejudice—and there is none—it could easily be cured if Marriott were simply to indicate that it wants to retain an expert if the Motion were granted. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Given that Ramsey Solutions acted quickly to address the dispute when it arose, served the Second Set of Discovery well within the existing discovery period and then immediately sought leave to amend, it can hardly be argued that Ramsey Solutions acted with "undue delay, bad faith or with dilatory motive." Other than blanketly asserting that prejudice exists, Marriott has submitted no evidence in its response to the Motion that it would suffer any prejudice, nor could there be given it has already consented to extend all of the pre-trial deadlines other than amendment of pleadings. Marriott's objection is simply not based on the merits, but, rather, is borne out of its desire to have this Court adjudicate the merits of the liquidated damages provisions. That is simply not sufficient to establish prejudice, however.

## IV.    Conclusion

Based upon the foregoing, Ramsey Solutions respectfully requests that this Court grant this motion and modify the scheduling order as follows:

| | |
|---|---|
| Motions to Amend Pleadings. | November 12, 2021[22] |
| Fact and Expert Discovery Cut-off | March 1, 2022 |
| Daubert Motions | April 15, 2022 |
| Mediation deadline | April 22, 2022 |
| Dispositive Motions | April 1, 2022 |
| Jury Instructions | July 9, 2022 |

## CERTIFICATE OF COMPLAINCE WITH LOCAL RULES

Ramsey Solutions conferred with opposing counsel about this Motion. Marriott has indicated that it agrees to all schedules being moved as outlined above other than amendment of pleadings. See Ex. C.

Respectfully submitted,

By: /s/ *Jennifer G. Altman*
Jennifer Altman, Esq.
(admitted *pro hac*)
Markenzy Lapointe, Esq.
(admitted *pro hac*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
600 Brickell Avenue, Suite 3100
Miami, FL 33131
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
ashley.cowgill@pillsburylaw.com

*Counsel for The Lampo Group, LLC*

---

[22] All dates but the amendment of pleadings have been agreed to by Marriott.

# CERTIFICATE OF SERVICE

I hereby certify that on the **1st day of September, 2021**, a true and correct copy of the foregoing was served by CM/ECF notifications to the following parties registered to receive notices in this case:

Steven M. Rudner, appearing *pro hac vice*
John C. Josefsberg, appearing *pro hac vice*
**RUDNER LAW OFFICES**
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

-and-

Stephen J. Zralek, No. 18971
**BONE MCALLESTER NORTON PLLC**
511 Union St., Ste. 1000
Nashville, TN 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com

*Counsel for Marriott Hotel Services, Inc.*
*and Marriott International, Inc.*

/s/ *Jennifer G. Altman*