# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No. 3:20-cv-00641** **Judge Aleta A. Trauger** |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; | ) ) ) | **JURY DEMAND** |
| Defendant. | ) ) ) | |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) | |
| Counter-Defendant. | ) ) | |

**DECLARATION OF JENNIFER G. ALTMAN**

I, Jennifer G. Altman, declare under penalty of perjury under the laws of the United States,

28 U.S.C. §1746, that the following is true and correct:

1.      My name is Jennifer G. Altman, I am over the age of 18 and am a partner in the law

firm of Pillsbury Winthrop Shaw Pittman, LLP ("PWSP").  My principal office is located at 600

Brickell Avenue, Suite 3100, Miami, FL  33131.

2. PWSP represents Plaintiff The Lampo Group LLC d/b/a Ramsey Solutions ("Ramsey Solutions") in the above-styled action. The suit was filed by Ramsey Solutions in July of 2020. [Dkts. 1 and 10]. The Initial Scheduling Order was entered on October 19, 2020, setting various deadlines including the date for parties to amend their pleadings as December 15, 2020. [Dkt. 31]. The initial discovery cut-off was June 30, 2021 (*Id*.), although it was modified by agreement of the parties. The Order Setting Case for Trial was entered the same day, with the trial being initially set as February 15, 2022. [Dkt. 32].

3. Marriott served its First Request for Production on November 25, 2020, and its Second Request for Production on March 1, 2021, the latter of which sought 75 categories of documents. It served its First Set of Interrogatories that same day and then served its Second Set of Interrogatories on March 28, 2021. Ramsey Solutions produced more than 16,000 documents (totaling over 48,000 pages) between January and July 22, 2021. Ramsey Solutions also timely served its responses to the interrogatories including many questions regarding its damages.

4. Ramsey Solutions served its First Request for Production on January 18, 2021, its First Set of Interrogatories on June 23, 2021 (collectively, the "First Set of Discovery"); its Second Request for Production on July 12, 2021, and its Second Set of Interrogatories on July 7, 2021 (collectively, the "Second Set of Discovery"). Marriott refused to provide any information responsive to the Second Set of Discovery. Marriott did produce 1,975 documents (9,253 pages) in response to Ramsey Solutions First Set of Discovery, 782 documents of which were just produced on August 25, 2021, eight months after the discovery was served.

5. Ramsey Solutions timely filed its expert report on the issues on which it has the burden of proof. Marriott has yet to file a rebuttal report responding to that report as it has asked for extensions to the due date.

2

6.      After Marriott did not serve an expert report on the issues on which it has the burden of proof on June 25, 2021, Ramsey Solutions served the Second Set of Discovery. Ramsey Solutions was seeking information regarding any actual damages Marriott suffered due to the termination of the agreements that are the subject of the above-styled lawsuit. Marriott's objections were served on August 10 and 6, 2021, respectively, in response to the Second Set of Discovery. During the "meet and confer" on Marriott's objections, the undersigned counsel explained to counsel for Marriott, John Josefsberg, that she believes that the Court in this action has the discretion to rule on the interpretation of the agreements including whether the liquidated damages provisions are facially invalid irrespective of whether Ramsey Solutions asserted an enforceability defense. The undersigned also pointed out that the discovery should be provided under the liberal rules of discovery in any event, but Marriott refused to change its position.

7.      Given the position taken by Marriott in response to the Second Set of Discovery, the undersigned asked whether Marriott had any objection to Ramsey Solutions amending its affirmative defenses. The undersigned provided Marriott with a copy of its motion and the proposed amended pleading before filing. After a telephonic "meet and confer," Marriott maintained its position that it would not consent to the proposed amendment. As a result, Ramsey Solutions filed it Motion for Leave to Amend its Answer to Add Affirmative Defenses (the "Motion").

8.      On the day the Motion was filed (August 9, 2021) [Dkt. 57], this Court entered its Order Re-Setting the Trial to April 5, 2021. Ramsey Solutions immediately advised Marriott that there was another scheduled trial on that date, so the parties began communicating with the court to obtain alternative dates. Even before an alternate trial date was selected or confirmed, the parties agreed that once a trial date was set, they would work backwards to re-set the pre-trial deadlines.

The Court re-set the trial to August 2, 2022, pursuant to the Unopposed Motion to Continue the Trial [Dkt. 56], at which point Ramsey Solutions sent Marriott a proposed new schedule. Despite the trial being one year in the future, Marriott agreed to adjust every deadline *except* the deadline relating to amendment of pleadings. Specifically, on August 24, 2021, consistent with its agreement to do so, Ramsey Solutions proposed the following new schedule given the new trial date:

| | |
|---|---|
| Motions to Amend Pleadings. | November 12, 2021 |
| Fact and Expert Discovery Cut-off | March 18, 2022 |
| Daubert Motions | April 15, 2022 |
| Mediation deadline | April 22, 2022 |
| Dispositive Motions | May 20, 2022 |
| Jury Instructions | July 9, 2022 |

Marriott responded the next day indicating that it agreed to re-set all dates but refused to adjust the date to permit amendment of pleadings. Specifically, Marriott stated: "Marriott will not agree to resurrect the motion to amend deadline, which passed in December. If a party believes it has sufficient grounds to amend the pleadings, the party should file an appropriate motion."

9.    Given that the parties agreed to move the pre-trial scheduling deadlines, the undersigned filed the Motion believing that the scheduling issues would be addressed by a joint motion once the dates were agreed upon. Thus, Ramsey Solutions was not ignoring or otherwise failing to adhere to this Court's rules, but, rather, as the communications attached to this motion and the Motion itself confirm, the parties had already agreed prior to Ramsey Solutions filing the Motion that the dates would be re-set.

10.    As there was no discussion about whether a new date for amendment of the pleadings would be included, they likewise did not exclude it, as the specific pre-trial matters were not called out individually. Rather, it was simply agreed that the parties would work backwards and reschedule the pre-trial deadlines given the new trial date. It was agreed that the undersigned

would provide the first draft, which she did. Mr. Josefsberg's response was that Marriott would agree to move every pre-trial deadline but would not agree to add a new date for amendment of pleadings even though the trial had been rescheduled to August 2, 2022.

11. No depositions have been taken in this action. Marriott only recently produced nearly 800 documents approximating about half of its total production, which will need to be reviewed before Ramsey Solutions can begin deposing Marriott witnesses. This does not include any documents that Marriott may later be required to produce in response to the Second Set of Discovery.

12. Further, on July 26, 2021, Ramsey Solutions provided a Notice of Taking 30(b)(6) deposition of Marriott with the specific topics (noticed for September 1, 2021). Ramsey Solutions also provided the dates for the other witnesses employed by Ramsey Solutions. Marriott has not yet taken or noticed any of the depositions of Ramsey Solutions' witnesses.

13. Ramsey Solutions has acted in good faith and has been diligent in readying this case for trial. Ramsey Solutions would be unfairly prejudiced if it were not permitted to add the additional affirmative defenses given that the parties have a dispute on a significant issue of law; as soon as Ramsey Solutions became aware of this disagreement on a point of law, it timely engaged in the "meet and confer" process and thereafter sought relief from this Court.

14. Specifically, Ramsey Solutions is seeking to add a frustration of purpose affirmative defense predicated on the identical facts as those underpinning its operative pleading, so no new discovery or evidence is required to support that defense. The other two affirmative defenses relate to the three liquidated damages provisions that Ramsey Solutions submits can be adjudicated as a matter of law because they are facially invalid. Ramsey Solutions has cited authority that supports this position. The only new evidence that presumably Marriott would want

to introduce (although it would be its choice) is that of any actual damages it sustained by the terminations at issue. This information is readily available to Marriott, a publicly traded company, and would create no burden whatsoever on Marriott. Indeed, it is Ramsey Solutions' position that the information should have been produced already in response to the Second Set of Discovery (served well within the existing discovery deadline) irrespective of the Motion.

15.     Moreover, given the rescheduled trial date of August 2, 2021, there is nearly a year before this matter is to be tried. This is more than sufficient time to permit the amendment, and for Marriott to produce the information and identify an expert if it chooses to do so. Certainly, Ramsey Solutions will work cooperatively with Marriott just as it has done in the past. There will be no need to move the trial or other deadlines if the pre-trial schedule is modified consistent with the request to modify being submitted by Ramsey Solutions (all of which is agreed to by Marriott except the date for amendment of pleadings).

September 1, 2021                        _____
                                        Jennifer Altman