UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-cv-00641 |
| v. | ) ) | Judge Aleta A. Trauger |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; | ) ) ) | JURY DEMAND |
| Defendant. | ) ) ) | |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, | ) ) ) | |
| Counter-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, | ) ) ) ) | |
| Counter-Defendant. | ) ) | |

**REPLY IN SUPPORT OF MOTION TO AMEND AFFIRMATIVE
DEFENSES TO COUNTERCLAIM**

Marriott's Opposition is predicated on scheduling that it knows to be false. *First*, when the Motion was filed, the trial had already been re-scheduled from February to April 2022. The same day this Court re-set the trial, Ramsey Solutions notified Marriott that the April 5th date created a scheduling conflict with another trial. *See* Composite Exhibit "A" that includes the communications between the parties regarding re-setting the trial and related deadlines. Thus, at the time the Opposition was filed, the trial date had already moved to August 2nd by agreement of the parties.[1] [Dkt. 58]. Given that there is an entire year until trial, there can be no actual prejudice to Marriott as there is ample time respond to the Second Set of Discovery and to obtain an expert.

*Second*, because the parties knew *prior to* the filing of the Motion that the April 5th trial would be adjusted and they had already agreed that the attendant scheduling would be changed accordingly, Ramsey Solutions did not believe it was necessary to separately file a motion under FRCP 16(b)(4). Rather, as has been the case in the past, Ramsey Solutions expected that the parties would work cooperatively to re-set the pre-trial deadlines consistent with their discussions. Ex. A. Since the parties were already collaborating to move the trial date and then the related scheduling deadlines, it seemed to make no sense to simultaneously litigate scheduling unless an issue arose.[2]

Marriott's argument that the Motion should be denied due to the failure to file a motion pursuant to Rule 16(b)(4) is, at best, disingenuous and, at worst, misleading given the facts here. Indeed, its position is belied by the very cases upon which it relies. The authority cited by Marriott confirms that where a party moves to amend under Rule 15(a) *after* the deadline specified in the scheduling order, courts typically treat that motion as a motion to amend the scheduling order

---

[1] This Court entered an Order Resetting Case for Trial on August 9, 2021, moving the trial from February 15, 2022, to April 5, 2022. [Dkt. 53]. An unopposed motion was filed on August 18, 2021, after a new date was agreed upon by counsel and the parties. [Dkt.56].

[2] Ramsey Solutions is contemporaneously filing a motion to modify the scheduling given Marriott's position that it will not agree to a new deadline for amendment of pleadings. *See* Ex. B.

under Rule 16. For example, Marriott cites to *Johnson v. Mammoth Recreations, Inc.* for the proposition that the good cause standard under Rule 15(a) is not coextensive with Rule 16(b)(4). 975 F.2d 604 (9th Cir. 1992).[3] But Marriott conveniently omits the court's discussion on this point including that there was no reason to deviate from the convention of considering a motion to amend a pleading as a Rule 16 motion. *Id.* at 608-09. Certainly, Marriott has not presented any reason to deviate from that standard in any event and, thus, the Court should consider the instant Motion as a request to amend the scheduling order.

Even under Rule 16(b)(4), Ramsey Solutions has established good cause for amending its affirmative defenses as it only recently learned the information necessitating the amendment when Marriott served its discovery objections to the Second Set of Discovery. Marriott focuses much of its brief on its position that Ramsey Solutions delayed amendment due to "ignorance of the law," but this is again misleading as to both the facts and the law. The parties have a legitimate dispute about applicable law, as Ramsey Solutions conveyed to Marriott, it is within this Court's discretion to invalidate a liquidated damages provision regardless of whether a defense was asserted. *See, e.g.*, *Goldblatt v. C.P. Motion, Inc.*, 77 So.3d 798, 800 (Fla. 3d DCA 2011) (even where parties stipulate that liquidated damages is result of inability to readily ascertan damages, court can still invalidate the clause). But, because Marriott has taken the contrary view, in an abundance of caution, Ramsey Solutions sought leave to amend. Ramsey Solutions filed its Motion promptly upon receiving Marriott's discovery responses highlighting the dispute. The parties engaged in a meet-and-confer in which Marriott refused to provide information regarding its actual damages, purportedly because Ramsey Solutions did not assert an "enforceability" defense. It was this newly voiced view of the law (which Ramsey Solutions takes exception to) that led Ramsey Solutions to

---

[3] Marriott devotes several pages of its Opposition to discussing choice of law issues. Because the laws in each of this jurisdictions is consistent, Ramsey Solutions need not respond here.

move to amend its affirmative defenses out of an abundance of caution within days of these developments, not an ignorance of the law.

Courts have routinely found good cause to amend exists where a party is delayed in discovering information that forms the basis of its need to amend. *See*, *e.g.*, *Yoe v. Crescent Sock Co.*, 2017 WL 11479920 (E.D. Tenn. Oct. 31, 2017) ("[I]f a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended.") (citation omitted). In *Yoe*, the plaintiff moved to amend shortly after learning during a deposition of the factual basis for the affirmative defense to be added. There, as here, the parties had stipulated to an extended discovery deadline. *Id.* at *5. Here, the proposed amendment became necessary due to Marriott's newly asserted position that this Court cannot determine, as a matter of law, whether the liquidated damages provision is valid absent a defense being asserted. While Ramsey Solutions does not agree with Marriott's position, it immediately sought leave to amend in an abundance of caution.

Contrary to Marriott's position, "failure to raise an affirmative defense by responsive pleading does not always result in waiver of the defense…." *Id.* at *3 (citation omitted). This is true "where the plaintiff has received notice of the affirmative defense by some other means…." *Id.* Here, Marriott cannot claim that it is not on notice of Ramsey Solutions' view on the validity of the liquidated damages provision given the discovery requests directed to those issues, which were served well within the discovery period. *See Palmeri v. Goodwill Indus. of Middle Tenn.*, 2018 WL 4030571, at *7 (M.D. Tenn. Aug. 23, 2018) (Where defense was a "commonplace and predictable feature of litigation," the non-moving party "should have predicted, from the beginning, that this defense would likely be raised…."). As noted in the Motion, the validity or enforceability of a liquidated damages provision is a question of law subject to the Court's

3

determination, thus is not waived.

The cases cited by Marriott do not support its position under these facts. For example, Marriott cites to *Alexander v. Univ. of Memphis* for the proposition that "ignorance of the law" does not constitute good cause. 2021 WL 2579973, at *5 (6th Cir. June 7, 2021). But in *Alexander*, the plaintiff sought to add a new claim as opposed to an affirmative defense, was "clearly aware of the factual basis" of that new claim, and "her only excuse for missing the deadline was that she was unaware of the legal basis for her claim." *Id.* Here, Ramsey Solutions did not learn of Marriott's legal position until after the deadline to amend passed and moved promptly upon discovering that information. Similarly, Marriott cites to *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, where "[t]he only excuse offered for [the late motion was] that [movant] misconceived the law." 489 F.2d 968, 970 (6th Cir. 1973). The reasoning underpinning *Alexander* and *Troxel* simply does not apply. Here, the parties have a colorable disagreement as to whether this Court may rule as a matter of law that the liquidated damages provisions are facially invalid unless a defense of enforceability was raised.

Marriott's assertion that it will be prejudiced by an amendment is similarly misleading and at odds with established law. Marriott's representation that there are "only two months remaining" for discovery hides that Marriott knows the parties will, within days, file a joint motion to move the scheduling deadlines. Opp., p. 2; *Compare* Ex. B. Marriott knew that the parties were waiting until this Court entered an order re-setting the trial to then establish new deadlines that they would submit jointly to this Court.[4] In short, this argument can be dismissed out of hand.

---

[4] Ramsey Solutions provided dates in August and September 2021 for the depositions of witnesses requested by Marriott. Marriott did not notice a single deposition. Further, it was Marriott that requested to move the prior discovery cut-off to October 22, 2021, along with certain other deadlines. The Order re-setting those deadlines was entered on August 9, 2021. [Dkt. 49] As the record reflects, Ramsey Solutions has repeatedly agreed to each extension sought by Marriott. It is curious that Marriott is taking the opposite tact here, hoping to obtain a strategic advantage likely

Courts routinely dismiss this sort of gamesmanship. In *Palmieri*, this Court noted that the non-moving party either did not realize or believe that the non-assertion of the proposed affirmative defense amounted to waiver, or realized the defense was waived and waited until after the deadline for amendment had passed, then "sought to reap the fruits." 2018 WL 4030571, at *7. Either way, the court noted that finding prejudice and denying amendment "would serve little purpose other than rewarding one litigant for allowing the other's error to go uncorrected." *Id.*

Marriott's argument regarding the time remaining for discovery fails in light of precedent. In *Wright v. Memphis Light, Gas & Water Div.*, the court found that the defendant would not be prejudiced where the discovery cutoff was less than a month after the motion to amend was decided. 2012 WL 3683484, at *2 (W.D. Tenn. Aug. 24, 2012). There, the plaintiff moved to amend less than five months before the discovery cut-off, and as of the date the motion was decided, the parties had not exchanged any discovery requests or conducted any depositions. *Id.* Here, the parties have agreed to a discovery cut-off in mid-March, 2022 – more than seven months after Ramsey Solutions filed the Motion. Moreover, the parties have engaged in significant discovery; the only additional discovery that would be required is for Marriott to respond to requests already served by Ramsey Solutions before the current October discovery cut-off. The responsive information is readily available to Marriott—a publicly traded company that must routinely compile the same data for financial reporting purposes. Simply stated, there is no prejudice, burden, or hardship as Marriott can easily produce the requested information.

For the foregoing reasons, Ramsey Solutions respectfully requests that the Court grant the Motion and find that the [Proposed] First Amended Answer and Affirmative Defenses is deemed filed.

---

because it knows that its liquidated damages provisions cannot withstand scrutiny.

Respectfully submitted,

By: /s/ Jennifer G. Altman
Jennifer Altman, Esq.
(admitted *pro hac*)
Markenzy Lapointe, Esq.
(admitted *pro hac*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

Ashley E. Cowgill, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
ashley.cowgill@pillsburylaw.com

*Counsel for The Lampo Group, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the **1st day of September, 2021**, a true and correct copy of the foregoing was served by CM/ECF notifications to the following parties registered to receive notices in this case:

    Steven M. Rudner, appearing *pro hac vice*
    John C. Josefsberg, appearing *pro hac vice*
    **RUDNER LAW OFFICES**
    12740 Hillcrest Road, Suite 240
    Dallas, TX 75230
    Telephone: (214) 373-1900
    Facsimile: (214) 360-7845
    Rudner@HotelLawyers.com
    josefsberg@HotelLawyers.com

    -and-

    Stephen J. Zralek, No. 18971
    **BONE MCALLESTER NORTON PLLC**
    511 Union St., Ste. 1000
    Nashville, TN 37219
    Telephone: (615) 238-6305
    Facsimile: (615) 687-2763
    szralek@bonelaw.com

    *Counsel for Marriott Hotel Services, Inc.*
    *and Marriott International, Inc.*

                                                     /s/ *Jennifer G. Altman*