# COMPOSITE
# Exhibit "A"

| From: | Altman, Jennifer |
|---|---|
| **To:** | "John Josefsberg" |
| **Cc:** | Markenzy Lapointe (markenzy.lapointe@pillsburylaw.com) |
| **Subject:** | Ramsey Solutions |
| **Date:** | Monday, August 9, 2021 5:37:11 PM |

John,

We are in receipt of the Judge's order re-setting the trial. We are not available during the period she re-set it do to other previously scheduled trials so we need to advise the court as such. Do we want to get together and pick a date that works for everyone and make that proposal?

jga

| From: | Altman, Jennifer |
|---|---|
| To: | John Josefsberg |
| Cc: | Lapointe, Markenzy; Tucker, Monica C. |
| Subject: | RE: Marriott |
| Date: | Tuesday, August 10, 2021 6:51:23 PM |
| Attachments: | image001.png |
| | image002.png |

Our client (and therefore its witnesses) is scheduled for another trial in federal court beginning that same day, and I have an arbitration final hearing.

As for what we are proposing, we were happy with the February 15th date and our calendars were cleared for that the court changed it, so I don't know what the Court's availability is so I think we need to ask.

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Tuesday, August 10, 2021 5:28 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Marriott

Jennifer:

Regarding the new trial date, can you please let us know the nature of the conflict regarding the trial date? I was unable to meet with Steve today because he was out of the office, but I will tomorrow. Can you please let us know what you are proposing so we can discuss and get back to you? Thank you.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Tuesday, August 10, 2021 12:24 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Tucker, Monica C.

<[monica.tucker@pillsburylaw.com](mailto:monica.tucker@pillsburylaw.com)>
**Subject:** RE: Marriott

I referring to your position on the proposed amendment, but we shall let the court decide.

I will wait to hear from you on the trial date, but as I mentioned, the date scheduled does not work for counsel or our client unfortunately.

---

**From:** John Josefsberg <[josefsberg@HotelLawyers.com](mailto:josefsberg@HotelLawyers.com)>
**Sent:** Tuesday, August 10, 2021 1:22 PM
**To:** Altman, Jennifer <[jennifer.altman@pillsburylaw.com](mailto:jennifer.altman@pillsburylaw.com)>
**Cc:** Lapointe, Markenzy <[markenzy.lapointe@pillsburylaw.com](mailto:markenzy.lapointe@pillsburylaw.com)>; Tucker, Monica C. <[monica.tucker@pillsburylaw.com](mailto:monica.tucker@pillsburylaw.com)>; John Josefsberg <[josefsberg@HotelLawyers.com](mailto:josefsberg@HotelLawyers.com)>
**Subject:** RE: Marriott

Jennifer:

I am baffled by your email. How are we not reciprocating? You emailed late yesterday about your conflict with the new trial date. I responded immediately and told you that Steve Rudner was traveling and I would not be able to respond until I speak with him today. That's still the plan.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

---

**From:** Altman, Jennifer <[jennifer.altman@pillsburylaw.com](mailto:jennifer.altman@pillsburylaw.com)>
**Sent:** Tuesday, August 10, 2021 11:59 AM
**To:** John Josefsberg <[josefsberg@HotelLawyers.com](mailto:josefsberg@HotelLawyers.com)>
**Cc:** Lapointe, Markenzy <[markenzy.lapointe@pillsburylaw.com](mailto:markenzy.lapointe@pillsburylaw.com)>; Tucker, Monica C. <[monica.tucker@pillsburylaw.com](mailto:monica.tucker@pillsburylaw.com)>
**Subject:** RE: Marriott

I will note, however, that we have always extended professional courtesies to you each time you asked. It is beyond disappointing that you are not reciprocating and we will be forced to rethink our positions going forward.

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Tuesday, August 10, 2021 12:55 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>
**Subject:** Marriott

John,

We need to get on the phone tomorrow to discuss scheduling, trial dates, etc. Please let us know when you're available tomorrow.

Also, if I do not hear from you otherwise by 4 pm, I will proceed with filing the motion and advise that Marriott objects so please let me know if you're position has changed.

jga

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

AUSTIN    BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    MIAMI
NASHVILLE    NEW YORK    NORTHERN VIRGINIA    PALM BEACH    SACRAMENTO
SAN DIEGO    SAN DIEGO NORTH COUNTY    SAN FRANCISCO    SHANGHAI
SILICON VALLEY    TAIPEI    TOKYO    WASHINGTON, DC



I understand that's your position. Your liquidated damages provisions are unenforceable on their face (and thus a matter of law for the court), and while Ramsey Solutions has the burden of proof on enforceability, Marriott has the burden of proof to show that the provisions are equivalent to their actual damages. We also do not agree that "illegality" is the defense, but even if it was, it is not waived based on legal authority. Regardless, we are required to meet and confer, so let's do so at 3 pm tomorrow. My assistant will circulate a dial in.

Thanks.

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Wednesday, August 11, 2021 2:48 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

Jennifer:

3:00 EST tomorrow works.

Please review the law regarding liquidated damages. The challenger has the burden of proof on the issue of liquidated damages. Otherwise, liquidated damages are presumptively valid. If liquidated damages are not challenged, the non-breaching party does not have to offer evidence of actual damages in order to enforce the clause. This is Black Letter law. A challenge to a liquidated damage clause requires the challenger to assert unenforceability as an affirmative defense. The failure to do so results in waiver. Ramsey failed to do so, and the defense is waived.

Marriott did not offer any evidence of actual damages because it was not required to do so. At the time set for Rule 26 disclosures, Ramsey had still not challenged liquidated damages. Without a proper challenge, Marriott disclosed the amount claimed as liquidated damages, and set forth how such amount was computed. Marriott fully satisfied its disclosure obligations on its

affirmative claim for damages. Actual damages were not at issue and did not require disclosure.

Nor was there a need for Marriott to consider retaining a damage expert on actual damages. At the time of the expert disclosure deadline in May 2021, nothing had changed. The deadline to amend pleadings had passed in December 2020. Ramsey had not moved to amend the pleadings to challenge liquidated damages. Thus, actual damages remained completely irrelevant. Marriott had already disclosed the amount of its damages and how they were computed. Marriott had produced all documents supporting the computation. Nothing further was required to support its claim for damages.

It was only in July, 2021 that Ramsey propounded discovery on actual damages. Marriott properly objected because actual damages were not relevant due to Ramsey's waiver. The prejudice to Marriott at this late stage is more than obvious.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 11, 2021 1:06 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

The objections to the rogs and rfp. As you are no doubt aware, Marriott has the burden of proof on its damages, but Marriott has refused to produce any of the discovery that Ramsey Solutions seeks to establish that the liquidated damages are not reflective of Marriott's actual damages. We are

obligated to meet and confer prior to filing a motion to compel, which will be the next step if we cannot reach an agreement.  How about 3 pm ET tomorrow?

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Wednesday, August 11, 2021 2:03 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** Ramsey / Marriott

Jennifer:

I'm not sure what issues you want to include in a meet and confer, but my schedule is fairly open tomorrow afternoon.  Please let me know if you want to schedule a time.  If so, please let me know what matters we will be discussing. Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

| | |
|---|---|
| **From:** | Altman, Jennifer |
| **To:** | "John Josefsberg"; Lapointe, Markenzy |
| **Cc:** | Tucker, Monica C.; Heidi McLellan |
| **Subject:** | RE: Ramsey / Marriott |
| **Date:** | Thursday, August 12, 2021 12:53:22 PM |

We are fine with the original Feb. 15th date, but if the court needs to move it, the date selected does not work

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Thursday, August 12, 2021 12:48 PM
**To:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

I will not be in a position to discuss trial scheduling other than finding out the Court's available dates. We are agreeable to continuing trial. However, until we have some idea about available trial dates, we have to consult with our client before committing to anything.

Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

---

**From:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Sent:** Thursday, August 12, 2021 11:41 AM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

Why don't we discuss this in our 3pm call today, and, if needed, we can memorialize after the call, so that we're all on the same page. Thx.

**Markenzy Lapointe** | Partner

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue
Suite 3100 | Miami, FL 33131
t +1.786.913.4805 | f +1.786.924.8210
markenzy.lapointe@pillsburylaw.com | website bio

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Thursday, August 12, 2021 11:32 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

It's fine with me. I think we will have to file a motion, however.

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Thursday, August 12, 2021 11:22 AM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

Jennifer:

Would you like our local counsel to call the court to ask about date availability
for trial in light of Ramsey's conflict regarding the April trial date?

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

---

**From:** John Josefsberg
**Sent:** Wednesday, August 11, 2021 1:48 PM
**To:** 'Altman, Jennifer' <jennifer.altman@pillsburylaw.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan

<Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

Jennifer:

3:00 EST tomorrow works.

Please review the law regarding liquidated damages. The challenger has the burden of proof on the issue of liquidated damages. Otherwise, liquidated damages are presumptively valid. If liquidated damages are not challenged, the non-breaching party does not have to offer evidence of actual damages in order to enforce the clause. This is Black Letter law. A challenge to a liquidated damage clause requires the challenger to assert unenforceability as an affirmative defense. The failure to do so results in waiver. Ramsey failed to do so, and the defense is waived.

Marriott did not offer any evidence of actual damages because it was not required to do so. At the time set for Rule 26 disclosures, Ramsey had still not challenged liquidated damages. Without a proper challenge, Marriott disclosed the amount claimed as liquidated damages, and set forth how such amount was computed. Marriott fully satisfied its disclosure obligations on its affirmative claim for damages. Actual damages were not at issue and did not require disclosure.

Nor was there a need for Marriott to consider retaining a damage expert on actual damages. At the time of the expert disclosure deadline in May 2021, nothing had changed. The deadline to amend pleadings had passed in December 2020. Ramsey had not moved to amend the pleadings to challenge liquidated damages. Thus, actual damages remained completely irrelevant. Marriott had already disclosed the amount of its damages and how they were computed. Marriott had produced all documents supporting the computation. Nothing further was required to support its claim for damages.

It was only in July, 2021 that Ramsey propounded discovery on actual damages. Marriott properly objected because actual damages were not relevant due to

Ramsey's waiver.  The prejudice to Marriott at this late stage is more than obvious.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 11, 2021 1:06 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey / Marriott

The objections to the rogs and rfp.  As you are no doubt aware, Marriott has the burden of proof on
its damages, but Marriott has refused to produce any of the discovery that Ramsey Solutions seeks
to establish that the liquidated damages are not reflective of Marriott's actual damages.  We are
obligated to meet and confer prior to filing a motion to compel, which will be the next step if we
cannot reach an agreement.  How about 3 pm ET tomorrow?

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Wednesday, August 11, 2021 2:03 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Lapointe, Markenzy
<markenzy.lapointe@pillsburylaw.com>
**Cc:** Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** Ramsey / Marriott

Jennifer:

I'm not sure what issues you want to include in a meet and confer, but my schedule is fairly open tomorrow afternoon. Please let me know if you want to schedule a time. If so, please let me know what matters we will be discussing. Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

John,

I want to recap our call today. *First*, as reflected in my email of nearly two weeks ago (below), I provided you with the date of August 24th and 25th for Mr. Ramsey's deposition. I further provided the dates that we would be willing to take your witnesses and the availability of the Ramsey Solutions witnesses you requested. You did not respond to any of the dates other than indicating that you were waiting to discuss with Mr. Rudner. To this day, you have still have not committed to any of them, only indicating in each instance that you will get back to me. As my email of August 2nd indicates, the dates I provided for Mr. Ramsey are the only two currently available. Since the dates were nearly a month away from when the dates were provided to you, it was more than ample time for someone to prepare for his deposition. At no time until today did you ever suggest that you needed to take other depositions before his, nor is there any reason why that would be the case. In fact, when we spoke a few weeks ago, we even discussed that Joe Leavitt and Dave Ramsey were the two depositions that were likely most critical and that we should get those out of the way first as it may negate the need to take others. Regardless, Those are the dates that he is currently available and I trust that one of the firm's many lawyers at "Hotel Lawyers" should be able to prepare for his deposition on the dates provided. If not, we will need to look at dates in November and, if something frees up earlier, than we can always move it. During our call today, when I reminded you again that these are the dates that Mr. Ramsey is available (provided to you nearly two weeks ago), you said fine, then Marriott will produce a witness tomorrow for me to depose. In response, I assured you I would hop on a flight tonight and be prepared to depose any one of your witnesses tomorrow. Just so we are clear.

*Second*, on the trial date. We are prepared to proceed with the originally scheduled trial date (Feb. 15th, which was cleared on everyone's calendar). We understand that the Court changed the date (presumably because the date does not work for the court, although it is possible it was due to the change in discovery cut-off). Unfortunately the date in the existing order does not work due to other trial commitments. And, unfortunately, the May days overlap with the EntreSummit 2022 event, so all of the Entre Leadership will be tied up in the event. So if you could have your local counsel see what dates are available in June, that would be appreciated. While we are reluctant to push the trial date to June (and wish it could have remained in February), it seems that is not to be. The EntreSummit 2022 event ends right around memorial day, so if we can see if there are any dates beginning the second week in June, that would be ideal.

*Third*, today's call was intended to encompass a meet and confer on the discovery objections. Instead, you spent a good deal of time telling me your view of the law on liquidated damages, suggesting that I need to go conduct further research as I effectively don't know what I'm talking about, that my motion to amend was totally wrong, inquiring whether I have ever litigated liquidated damages provisions before and telling me that you (or your firm) had been doing this for 30 years and that you know what you're doing. As I noted in the call, the discussion was highly unproductive.

While we believe that the motion to amend should be granted, either way it is up to the court, not you (or I). So aggressively arguing with me really does not move the ball. Marriott will get the opportunity to oppose the motion. Presumably having so much experience with liquidated damages, Marriott could have written stipulated damages provisions that are enforceable. That said, today's call was to discuss the objections to discovery not our motion to amend. In that regard, you provided no basis for why discovery is not permissible on Marriott's actual damages given the liberal discovery standards. Regardless of whether the motion for leave is granted, Ramsey Solutions believes that it is nonetheless entitled to demonstrate at trial that the liquidated damages provision is facially invalid and is not reflective of Marriott's actual damages at trial unless the court enters a ruling in limine to the contrary. In short, unless the Court prohibits Ramsey Solutions from doing so, it may still introduce evidence that the liquidated damages provision is an penalty and therefore not enforceable. While we can disagree (your view of the law as being rigid and inflexible is contrary to mine), frankly, your tone and demeanor were unnecessarily condescending and unnecessary. Reasonable people can disagree without being disagreeable.

*Fourth*, it is correct that you said enforceable vs. illegal in the objections (I went back and confirmed), but that point is irrelevant to whether Ramsey Solutions should be permitted to amend its defenses so not sure why you continued to belabor the point. Ramsey Solutions believes that the liquidated damages provisions at issue are penalties and therefore illegal or enforceable. You spent a good deal of time lecturing me on the law of waiver, but your position ignores the fact that we have sought leave to amend and that is the motion before the Court. Under the liberal pleading standards, we believe we are entitled to amend to add the defenses. Further, your argument for prejudice is that you have not done any discovery on the issue, but the documents are exclusively in your client's possession and their profit margin is readily accessible. Marriott is a sophisticated entity that maintains this information and can produce it with the hit of a single button. It is unlikely that the court will agree that there is prejudice, but, again, it is up to the court to decide. Because you refuse to produce the discovery, we will file a motion to compel.

*Finally*, on July 26th, we provided you with a notice for taking the corporate representative deposition, so nearly a month ago. We indicated that the September 1 date is a placeholder. Its been several weeks and Marriott has yet to provide any alternative dates for the deposition. You have had the notice for some time, and more than ample time to determine the relevant individuals and provide alternate dates if you are asking that the deposition be moved. As with the other witnesses, we have provided dates, but Marriott has been uncooperative in getting these depositions set. We want to work with you to get the depositions moving. To that end, we continue to get new dates (now for October), but I think we need to get the trial scheduled and then work backwards to figure out the remaining dates (discovery cut off, dispositive motions etc). This will eliminate me continuing to get deposition dates for witnesses only to later have the goal post (discovery cut-off moved). That's just not efficient.

Our clients have a legal dispute, but that really is no reason for us to be disrespectful to each other. I hope that going forward we can keep that in mind so that working together is not unnecessarily contentious.

jga

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Tuesday, August 3, 2021 8:32 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>
**Subject:** RE: Ramsey / Marriott

John,

Sorry, one typo/correction: Dave Ramsey **is August 24th and 25th** not September 24th and 25th. Since September 24th is my birthday, I was obviously focused on a birthday cake when I wrote that. Apologies.

jga

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

---

**From:** Altman, Jennifer
**Sent:** Monday, August 2, 2021 3:56 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Markenzy Lapointe (markenzy.lapointe@pillsburylaw.com) <markenzy.lapointe@pillsburylaw.com>; Rivaux, Shani <shani.rivaux@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>
**Subject:** FW: Ramsey / Marriott

John:

We would like to depose Marriott witnesses as follows:

Mike Wainwright (Nashville)     Sept. 13
Mike Stengel (Pinehurst NC)     Sept. 16
Ross Barker (Orlando)     Sept. 8
Maureen Wilde (Nashville)     Sept. 21
Lori Story (Nashville)     Sept. 28

For our witnesses:

Dave Ramsey only has the mornings of **September 24th and 25th** (he must end my noon to start his radio show)
Daniel Tardy (he will in either FL or NJ)   **Sept. 1, 14 or 16**
Joe Leavitt (Nashville)   **August 27 or Sept. 3 and 22**

| Suzanne Sims (Nashville) | **Sept. 9 or 23** |
| Blake Thornell | **August 27  or Sept. 3, 14 or 15** |

**Please block the Marriott dates and confirm the city so that we can get them noticed for deposition.  As to our witnesses, please confirm the dates.**

jga

| From: | Altman, Jennifer |
|---|---|
| To: | "John Josefsberg" |
| Cc: | Lapointe, Markenzy; Cifuentes, Natalia; Tucker, Monica C.; Steve Rudner; Heidi McLellan |
| Subject: | RE: Ramsey Solutions |
| Date: | Friday, August 13, 2021 5:43:55 PM |
| Attachments: | image001.png |
| | image002.png |

Let me confirm with my client, but seems like that will have to work (assuming its okay with everyone's clients). I will revert. Assuming that's the date, then we should think backwards about the deadlines so that we can spread things out.

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Friday, August 13, 2021 5:40 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia <natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

The court does not have any June dates and July does not work for our side. The court has available trial dates beginning any Tuesday in August. Let us know if this works. If we don't touch base before Monday, have a nice weekend.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Friday, August 13, 2021 2:55 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia <natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

John, I don't want to go back and forth with you, so let's not. My numerous emails (and our phone conversations) are what they are. Let's try and move this forward to trial and efficiently as we can. I will wait to hear from you. Jga

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Friday, August 13, 2021 3:50 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia <natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer,

We have not misstated any facts. The email you are referring to was from last night, 9:00 EST. We have not responded to that email. The emails we are referring to are all of the rest of them. And, even with regard to last night's email, it does not say you have October dates for all witness, and that you could provide them.

We are waiting for our local counsel to see about available trial dates. Let's just wait for his response. I suspect it will be before the end of the day.

Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Friday, August 13, 2021 1:12 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia <natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Steve

Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

John,

Unfortunately, as has become a consistent pattern, you misstate the facts. I advised you that I have dates for September and October, and that I could provide them, but given the moving of the trial, it seemed to make more sense to get the trial date and work backwards. You seemed to agree in that you did not say go ahead and provide the September and October dates. Do you want them or, as we discussed, do we want to see the new trial date and then work backwards so that we are not cramming them into Sept. and Oct. If you prefer the September and October dates, but then that's that because its extremely unproductive to continue to look for dates, clear calendars only for you to note notice a single depo. With regard to Mr. Ramsey, I alerted you two weeks ago that those are his only dates because he does not have availability in September or October currently. I reiterated that to you again yesterday. So you decide: are we setting them for September or October or are we waiting to get the trial date? I don't care which but please pick one so that we can be efficient.

As for the additional documents, Ramsey Solutions has produced significantly more than Marriott, by multiples. You were kept aware of the production status regularly. To now act surprised that there was additional production—because Ramsey Solutions actually conducted a good faith search of its records in an effort to ensure that it complied with its discovery allegations—is disingenuous at best. Particularly given the overly broad discovery requests of Marriott, which sought all manner of information wholly unrelated to the merits of the case.

A simple, no, Marriott is not prepared to proceed with those dates would have been fine, but those are the dates Mr. Ramsey is available and he has no current availability in Sept. or October. As importantly, a simple word search of Mr. Ramsey's name will show that he appears on a small fraction of the emails and other communications, and, although I can confirm, almost none of those recently produced. Thus, Marriott has documents related to Mr. Ramsey for quite some time and easily could have been prepared to depose him. Yesterday it was you did not want to take him first, today its that you only recently received documents. Again, a simple no would have sufficed.

Please let me know if we are waiting for a trial date or not on setting the depos as I would like to handle this all at once rather than piecemeal, so if the trial is pushed to June, we should agree to new dates on relevant matters (discovery cut-off, dispositive motions, etc.) and hopefully this will be the last time we have to do it.

jga

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Friday, August 13, 2021 1:59 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia

<natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer,

No, we are not taking Mr. Ramsey's deposition on August 24, 2021.  We told you we would review your proposed deposition schedule and respond.  We then agreed that, with recent modifications to the scheduling order, we would have to come up with a completely new deposition schedule after the parties provided date availability for all witnesses through October.  We provided that information, but Ramsey never did.  We never agreed to take Mr. Ramsey's deposition on August 24, 2021.  At this point, we still do not know when depositions will occur.  We are still waiting for Ramsey to provide deposition scheduling through October 22, 2021, which is the existing fact discovery deadline.  If either party needs to ask the court to change the trial dates, that needs to occur quickly so we can work though all open issues.

More importantly, you produced an additional approximate 8,000 pages in discovery on July 23, 2021.   We need time to review and analyze what you have produced in order to be ready to take the depositions in this case.   We will not be rushed into taking Mr. Ramsey's deposition.   Neither he nor you has the right to unilaterally select the date for this deposition, or to take the position that there is only one day on which he can possibly be deposed.  We have the right to conduct discovery through October 22, 2021.   If you adhere to your position, we are confident that the court will not look favorably upon your position.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>

**Sent:** Friday, August 13, 2021 9:07 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Cifuentes, Natalia
<natalia.cifuentes@pillsburylaw.com>; Tucker, Monica C. <monica.tucker@pillsburylaw.com>
**Subject:** Ramsey Solutions

John,

Please confirm today whether you are taking Mr. Ramsey's deposition on August 24th and 25th.  We
have been holding those dates and have made travel arrangements, but if you are not proceeding,
we need to release everyone's schedule and cancel our travel plans.

Thanks.

jga

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   MIAMI
NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO
SAN DIEGO   SAN DIEGO NORTH COUNTY   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



| **From:** | John Josefsberg |
| **To:** | Altman, Jennifer; Heidi McLellan |
| **Cc:** | Lapointe, Markenzy; John Josefsberg |
| **Subject:** | RE: Ramsey Solutions |
| **Date:** | Friday, August 13, 2021 1:54:41 PM |
| **Attachments:** | image001.png |
| | image002.png |



Jennifer:

Our local counsel is checking with the court now for June 2022 dates. We are responding about Mr. Ramsey's deposition in a few minutes.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Friday, August 13, 2021 11:56 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Subject:** Ramsey Solutions

John,

Has your local counsel check with the court for alternate dates?  Please advise as I would like to clean up everything at the same time rather than piecemeal.  Please also advise regarding Dave Ramsey's deposition as we have been holding the dates on all of our calendars for two weeks.  If you do not intend to proceed, let us know so that we schedule other matters.

jga

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES  MIAMI
NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO
SAN DIEGO  SAN DIEGO NORTH COUNTY  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC

| | |
|---|---|
| **From:** | John Josefsberg |
| **To:** | Altman, Jennifer |
| **Cc:** | Lapointe, Markenzy; Heidi McLellan |
| **Subject:** | RE: Ramsey Solutions |
| **Date:** | Tuesday, August 17, 2021 4:11:16 PM |
| **Attachments:** | image001.png |
| | image002.png |



Yes, I concur.  We will start thinking about it as well.  Thanks

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Tuesday, August 17, 2021 3:09 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

I'm just waiting on client sign off on August (as opposed to May).  Will revert shortly.  Assuming it will be August, can you think about how we now modify the existing scheduling order of all dates so that we can try and agree on the timing.  Obviously, consider that mid-December through first week in Jan. ends up being a wash.  Let us know your thoughts on scheduling so that we can ultimately (hopefully) submit a joint proposed order/motion.

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Tuesday, August 17, 2021 4:06 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

I responded about the May dates earlier today.  In light of your email below, should I have our local counsel contact the court and let it know we want the first week of August, and that we will be submitting a joint motion shortly?

Trial would begin Tuesday, August 2, 2022.

Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas 75230
(214) 587-0108

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Tuesday, August 17, 2021 9:45 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Well, let's wait to hear if your folks are available. I'm waiting on confirmation from ours. If your
folks are not available, does not make sense to bother the court. So once you confirm on your end, I
will get a response on ours if the May dates work for you. If not, we will proceed with the first week
in August. If you guys are available in May, I'll contact my client immediately and advise.

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Tuesday, August 17, 2021 10:35 AM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan
<Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

Please let us know if you want our local counsel to check with the Court to see
if the May dates are still available. We will have to clear any dates with our
client before confirming. We have confirmed availability with our client for the
first week of August.

Thank you.

John C. Josefsberg

Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Monday, August 16, 2021 4:41 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Understood.  Again, not sure if we can make May work, but we are at least checking to see if there is any way.  Obviously, dates may not be open, in which case we are stuck with August.  June would have been preference…Will keep you posted also

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Monday, August 16, 2021 5:38 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

I will respond tomorrow morning.  Thank you.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Monday, August 16, 2021 4:25 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

John you said your client was available for the May 10th date. Are you now saying they are not? I don't know whether the May dates are open/closed, but if we can make it work for all parties, we should try and do so. As I noted earlier, I don't know if its possible given the proximity to the event and other trial matters, but we are drilling down and will revert.

Thanks.

jga

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Monday, August 16, 2021 5:06 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

We never said our client was available in May. A few hours before our meet and confer last Thursday, we asked if you wanted our local counsel to call the Court about trial availability. Our local counsel called me four minutes before our meet and confer Thursday afternoon to let me know that the Court had availability in May. I passed along the information during our call. Later that evening, you sent an email indicating that the dates did not work for your client. Our local counsel has since advised the Court that May will not work. The first week of August, 2022, works for our side.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Monday, August 16, 2021 3:46 PM

**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

I'm not sure how the below is relevant or responsive. Your clients were available the dates in May, so if they are still available and we can make it work, I'm not sure why you wrote the below. My email speaks for itself. I'll get back to you as soon as I hear back from my client. As I also mentioned, if its going to be in August, then we will be looking at the first week in August, not later in the month due to other commitments.

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Monday, August 16, 2021 4:40 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Steve Rudner <Rudner@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

You already told us the May dates don't work for your client due to the overlap with its EntreSummit 2022 event. The Court was waiting to hear back about May because it was unable to hold the dates for very long. After hearing from you about the May dates, our local counsel informed the Court that the May dates do not work. Then you asked us to look into August 2022 – specifically the first week -- which we did. We provided date available from the Court for August. The Court has open dates for the entire month, with trial beginning on Tuesday of each week. You were checking availability with your client for the first week of August, and we have been too. We have reached out to our client for not only the first week of August, but the entire month. But, specifically, we told our client both parties were looking into trial the first week of August. We should be able to respond by tomorrow at the latest. Possibly today.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road

Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Monday, August 16, 2021 3:21 PM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Subject:** Ramsey Solutions

John,

I just wanted to let you know that I'm waiting to hear back from my client as to whether there is any way that we can make the May 10th dates work without negatively impacting the EntreEvent (and without interruption of the trial I have scheduled in May), or whether we must take the August dates.  I expect to hear back later today or tomorrow.  I will revert a soon as I hear.

Jga


**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   MIAMI
NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO
SAN DIEGO   SAN DIEGO NORTH COUNTY   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



| From: | Stephen Zralek |
|---|---|
| To: | Altman, Jennifer |
| Cc: | John C. Josefsberg (Josefsberg@hotellawyers.com); Lapointe, Markenzy; Heidi McLellan; Melissa Tomasewski |
| Subject: | RE: Marriott/Ramsey - resetting trial date |
| Date: | Wednesday, August 18, 2021 3:08:19 PM |
| Attachments: | image002.png |
| | image003.png |
| | Unopposed motion to reset trial date (02279828).DOCX |



No problem, Jenifer, happy to help. They won't hold the date for us based on a phone call, they need a motion to be filed. Here's a draft motion.

The court will generate a new order that has a new trial date and pretrial deadlines, like jury instructions, pretrial conference, etc. – we don't need to address any of those or file a proposed order. If you and John want to discuss changing any other deadlines, I anticipate that may take a few days, based on how long it's taken us to get the Aug. 2 trial date, and I strongly recommend going ahead and securing the trial date since the judge can give it away to others until we secure it.

Stephen



**Stephen J. Zralek**  |  Member | Attorney
Bone McAllester Norton PLLC
511 Union Street, Suite 1000 / Nashville, TN 37219
tel: (615) 238-6305 / fax: (615) 238-6305
szralek@bonelaw.com / www.bonelaw.com

*A member of TAGLaw, a Worldwide Alliance of Independent Law Firms*

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 18, 2021 1:13 PM
**To:** Stephen Zralek <szralek@bonelaw.com>
**Cc:** John C. Josefsberg (Josefsberg@hotellawyers.com) <josefsberg@hotellawyers.com>; Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>; Melissa Tomasewski <mtomasewski@bonelaw.com>
**Subject:** RE: Marriott/Ramsey - resetting trial date

Thanks for calling the court. Could you please call the courtroom deputy and ask that they hold the date? I think it makes sense to wait until John and I can speak as will be filing a joint motion that will be re-setting various dates given the change in trial date, so it does not make sense to do it piecemeal; rather, it makes the most sense to handle all in one motion. Is that possible, meaning alerting the deputy that we want the August date and asking if it can help/penciled off and that we will file an appropriate motion early next week after John and I can agree on all the other timing deadlines?

Let me know and thanks for handling.

jga

---

**From:** Stephen Zralek <szralek@bonelaw.com>
**Sent:** Wednesday, August 18, 2021 2:01 PM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Cc:** John C. Josefsberg (Josefsberg@hotellawyers.com) <josefsberg@hotellawyers.com>; Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>; Melissa Tomasewski <mtomasewski@bonelaw.com>
**Subject:** Marriott/Ramsey - resetting trial date

Hello Jennifer.  John is helping his daughter move today, so he asked me to reach out.  I called the courtroom deputy, who confirmed Aug. 2 is still available.  Do you want to draft an unopposed motion to reset the trial date, explaining that you have a conflict on April 5 and that you've conferred with us and we have no opposition?  I believe we previously indicated to the court we predicted five days for trial?  If so, I'd include that again here.  Please send me the draft to review before filing.  I'm copying John's paralegal Heidi and my assistant Melissa.

Best,
Stephen



**Stephen J. Zralek**  |  Member | Attorney
Bone McAllester Norton PLLC
511 Union Street, Suite 1000 / Nashville, TN 37219
tel: (615) 238-6305 / fax: (615) 238-6305
szralek@bonelaw.com / www.bonelaw.com
*A member of TAGLaw, a Worldwide Alliance of Independent Law Firms*

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 18, 2021 11:18 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Subject:** RE: Ramsey Solutions

My client has authorized you to convey the first week in August as a proposed trial date, but has asked that the Court advise if any earlier dates in June become available.  If you can have your local counsel advise as much, and let's discuss a proposed schedule.

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>

**Sent:** Wednesday, August 18, 2021 11:28 AM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

We have key witnesses that will not be available for a May 10 trial.  We need to act quickly on the August dates because they can disappear quickly.  As you know, I am taking my daughter back to college today and my availability will be very limited.  Thank you.

John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 18, 2021 9:34 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Subject:** RE: Ramsey Solutions

Got it, but again, if you can advise as to the reason for the unavailability so that I can advise my client if I'm asking. Thanks.

---

**From:** John Josefsberg <josefsberg@HotelLawyers.com>
**Sent:** Wednesday, August 18, 2021 10:32 AM
**To:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>; John Josefsberg <josefsberg@HotelLawyers.com>
**Subject:** RE: Ramsey Solutions

Jennifer:

We were referring to the attorneys, not the clients.  We were always going to

have check with our clients.


John C. Josefsberg
Partner
Rudner Law Offices
12740 Hillcrest Road
Suite 240
Dallas, Texas  75230
(214) 587-0108

---

**From:** Altman, Jennifer <jennifer.altman@pillsburylaw.com>
**Sent:** Wednesday, August 18, 2021 9:26 AM
**To:** John Josefsberg <josefsberg@HotelLawyers.com>; Heidi McLellan <Heidi@HotelLawyers.com>
**Cc:** Lapointe, Markenzy <markenzy.lapointe@pillsburylaw.com>
**Subject:** Ramsey Solutions

Guys,

Just in going back through my emails, I saw that you indicated that you guys (including your client) was available for the May 10th day.  I have a call with my client to discuss the trial setting and just want to be able to advise, if they ask, the reason why your client is now not available.  As you know, we shared the basis for our issues with you, so would appreciate a heads up on the scheduling conflict so that I can respond if asked.

Thanks.

jga

**Jennifer Altman** | Partner
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100 | Miami, FL 33131
t +1.786.913.4880 | m +1.305.606.9778
jennifer.altman@pillsburylaw.com | website bio

AUSTIN   BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   MIAMI
NASHVILLE   NEW YORK   NORTHERN VIRGINIA   PALM BEACH   SACRAMENTO
SAN DIEGO   SAN DIEGO NORTH COUNTY   SAN FRANCISCO   SHANGHAI
SILICON VALLEY   TAIPEI   TOKYO   WASHINGTON, DC



Bone McAllester Norton PLLC mail server made the following annotations:

*************************************************************************

This message is intended exclusively for the individual or entity to
which it is addressed. This communication may contain information
that is proprietary, privileged, confidential or otherwise legally exempt
from disclosure. If you have received this message in error, you are not
authorized to copy, print, distribute, or otherwise use the information.
Please contact the sender immediately by return e-mail and delete the
original message and all attachments.

---

Bone McAllester Norton PLLC mail server made the following annotations:

*************************************************************************

This message is intended exclusively for the individual or entity to
which it is addressed. This communication may contain information
that is proprietary, privileged, confidential or otherwise legally exempt
from disclosure. If you have received this message in error, you are not
authorized to copy, print, distribute, or otherwise use the information.
Please contact the sender immediately by return e-mail and delete the
original message and all attachments.

---

Bone McAllester Norton PLLC mail server made the following annotations:

*************************************************************************

This message is intended exclusively for the individual or entity to
which it is addressed. This communication may contain information
that is proprietary, privileged, confidential or otherwise legally exempt
from disclosure. If you have received this message in error, you are not
authorized to copy, print, distribute, or otherwise use the information.
Please contact the sender immediately by return e-mail and delete the
original message and all attachments.

---

Bone McAllester Norton PLLC mail server made the following annotations:

*************************************************************************

This message is intended exclusively for the individual or entity to
which it is addressed. This communication may contain information
that is proprietary, privileged, confidential or otherwise legally exempt
from disclosure. If you have received this message in error, you are not

authorized to copy, print, distribute, or otherwise use the information. Please contact the sender immediately by return e-mail and delete the original message and all attachments.

---

---

Bone McAllester Norton PLLC mail server made the following annotations:

**************************************************************************

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you have received this message in error, you are not authorized to copy, print, distribute, or otherwise use the information. Please contact the sender immediately by return e-mail and delete the original message and all attachments.

---