# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY, a Tennessee Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; <br><br> Defendant. | Case No. 3:20-cv-00641 <br> Hon. Aleta A. Trauger <br><br> JURY DEMAND |
| MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, <br><br> Counter-Plaintiff, <br><br> v. <br><br> THE LAMPO GROUP, LLC d/b/a RAMSEY, a Tennessee Limited Liability Company, <br><br> Counter-Defendant. | |

## MARRIOTT HOTEL SERVICES, INC'S
## RESPONSE TO THE LAMPO GROUP'S
## MOTION TO MODIFY SCHEDULING ORDER

Defendant / Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott") hereby responds in opposition to the motion to modify scheduling order ("Motion to Modify") of Plaintiff / Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions (hereinafter, "Ramsey").

{02293445.3 }

## I. INTRODUCTION AND BACKGROUND

The Court should grant in part and deny in part Ramsey's request to modify certain deadlines contained in the Scheduling Order, and adopt the schedule Marriott proposes below in Section II(B) and in the Conclusion.

The parties recently agreed to continue the trial to August 2022 [Doc. No. 52]. The Court granted the joint motion filed by the parties, and trial has been rescheduled to August 2, 2022. [Doc. No. 52] When the joint motion to continue the trial was filed, the parties agreed to propose new dates for the remaining pretrial deadlines. The parties agreed to file a joint motion requesting the Court to extend the remaining scheduling order deadlines.

When Ramsey shared its proposed new deadlines with Marriott on August 24, 2021, Ramsey included a new deadline for the expired **December 15, 2020 deadline** to amend pleadings. Marriott objected to Ramsey's attempt to revive the motion to amend deadline. In response, on September 1, 2021 Ramsey separately moved to extend certain scheduling order deadlines and filed a Motion to Modify [Dec. No. 61], including the deadline to amend the pleadings that passed nine months ago.

As the Court is aware, on August 11, 2021 Ramsey filed a Motion to Amend Affirmative Defenses to Counterclaim ("Motion to Amend"). [Doc. No. 54] Ramsey's Motion to Amend seeks to add affirmative defenses that Ramsey waived because Ramsey failed to raise the defenses in its first responsive pleading. The Motion to Amend has been fully briefed and is currently pending before the Court.

Ramsey has added nothing new in this Motion to Modify. The Motion to Modify is, instead, simply a rehash of the same arguments Ramsey made in its Motion to Amend.[1] As set forth in Marriott's Response to Ramsey's Motion to Amend, Ramsey has not demonstrated good cause necessary to modify the scheduling order in order to revive the deadline to amend the pleadings. Ramsey has not provided a single new reason why it waited nine months before moving to amend the Scheduling Order's deadline to amend pleadings. Ramsey's Motion to Modify should be denied in part for this reason alone. Nor has Ramsey identified any proposed new amendments that it wishes to make to the pleadings. This is yet another reason to partially deny this Motion to Modify. Further, if Ramsey has additional amendments it wishes to make to the pleadings, Ramsey has not explained why it failed to include the proposed amendments with its Motion to Amend.[2] Because Ramsey has failed to demonstrate good cause, the Court should reject Ramsey's attempt to revive the deadline to amend pleadings in its Motion to Modify.

Regarding Ramsey's *other* proposed deadlines, Ramsey's Motion to Modify should be granted only in part (as reflected in the schedule Marriott proposes below). Because Ramsey's proposed deadline for dispositive motions conflicts with the Local Rules of Court and the Court's policy regarding dispositive motions and related deadlines, Marriott respectfully requests that the Court adopt Marriott's proposed schedule and enter an order modifying the deadlines accordingly. Marriott's proposed deadlines are set forth below in Section II(B) and the Conclusion.

---

[1] The background information contained in Ramsey's Motion to Modify is largely irrelevant, superfluous and unnecessarily argumentative.

[2] Ramsey's Motion to Amend seeks to assert, for the first time, three affirmative defenses that were required to be raised in its first responsive pleading. Regarding one such affirmative defense, Ramsey failed to meet and confer with Marriott. Instead, Ramsey simply advised Marriott that the motion it was filing would include a third additional affirmative defense.

## II. LEGAL ANALYSIS

### A. Ramsey Has Not Demonstrated "Good Cause" To Change The Scheduling Order To Allow Amendment To The Pleadings

The deadline to amend pleadings is part of the Court's Initial Case Management Order (Doc. No. 31, par. "G"). Paragraph "G" of the Initial Case Management Order provides that "[t]he parties shall file all Motions to Amend on or before December 15, 2020." Rule 16(b)(4) of the Federal Rules of Civil Procedure governs mandatory scheduling orders. This rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."

In the Sixth Circuit, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure [to earlier] seek leave to amend before a court will consider whether [the] amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Good cause exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16 advisory committee notes (1983)); *Whitehead v. Boulden*, No. 08-2466-P, 2010 WL 11597195, at *2 (W.D. Tenn. Oct. 1, 2010) (same); *Solima v. City of Brentwood*, No. 3:20-cv-00338, 2021 WL 1840565, at *2 (M.D. Tenn. May 7, 2021) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").

The purpose of a deadline to amend pleadings and/or join parties contained in a Scheduling Order is to force the parties to prioritize their discovery and attempt to obtain information necessary for any amendments, sooner rather than later, so that discovery may proceed in an orderly fashion. *See Valles v. Gen-X Echo B, Inc.*, No. 13–cv–00201–RM–KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013), report and recommendation adopted sub nom); *Valles v. Gen-X Echo B, Inc.*, 13–cv–00201–RM–KLM, 2013 WL 5832745 (D. Colo. Oct. 30, 2013)

(same); *Everly v. Everly*, No. 3:17-cv-01440, 2020 WL 4207586, at *4 (M.D. Tenn. July 22, 2020) (same). "We live in a world of deadlines. . . . A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Dunning v. War Mem'l Hosp.*, 534 F. App'x 326, 332 (6th Cir. 2013) (citing *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)).

Ramsey has not established good cause to modify the scheduling order in regard to a deadline that passed nine months ago. Ramsey's Motion to Amend is still pending. The Court has yet to decide whether Ramsey's ignorance of the law, which led to its failure to assert unenforceable liquidated damages as an affirmative defense, coupled with its lack of diligence in seeking leave to amend the pleadings, constitutes good cause to modify the scheduling order in regard to an expired deadline.

Ramsey has offered no other explanation as to why it could not have moved to extend the motion to amend deadline over the past nine months. Both parties have propounded multiple sets of written discovery. More than 50,000 pages of documents have been produced. There is nothing left to be done in the case except to take depositions and prepare for trial. Yet, even at this late stage of the proceedings, Ramsey has identified no new amendments it intends to make to the pleadings other than the proposed amendments raised in Ramsey's Motion to Amend The circumstances set forth in this Motion to Modify simply do not constitute good cause. As one federal court aptly explained:

> The Court does not find good cause to modify the deadline to amend the pleadings at this time. Plaintiff has not submitted a proposed pleading and has not identified any additional proposed defendants or claims. Plaintiff merely speculates that amendment may become necessary in the future after more discovery is accomplished. As is the general practice in this district, the Court will require Plaintiff to seek leave to amend his pleadings through a motion to amend with an attached proposed pleading identifying the proposed defendants or claims. The Court will then evaluate whether the requirements of Rule 16 and Rule 15 of the Federal Rules of Civil Procedure are satisfied.

*Roberts v. Lessard*, No. 17-7-BAJ-RLB, 2017 WL 3485510 at *1 (M.D. La. Aug. 14, 2017).

B.  **Marriott Proposed Modifications To The Scheduling Order**

Trial has been continued to August 2, 2022. Prior to filing a joint motion to reschedule trial, the parties agreed to modify the **remaining** pretrial deadlines. The parties anticipated jointly moving the Court to modify the remaining pretrial deadlines. To Marriott's surprise, Ramsey proposed reviving the December 15, 2020 motion to amend deadline. When Marriott refused to agree to revive the motion to amend deadline, Ramsey indicated that it would proceed unilaterally and required Marriott's position on its motion. In response, Marriott's counsel sent the following email to Ramsey's counsel on August 31, 2021, which included the schedule set forth below:

> Jennifer:
>
> We do not object to extending deadlines other than amendment of pleadings, which passed nine months ago. We continue to believe that Marriott's proposed deadlines better track what we understand to be the Court's preference for setting the deadline to file dispositive motions, and then working backwards from there. You may note the discrepancies in Ramsey's motion, or we can do so in Marriott's response. Thank you.
>
> |  | Ramsey: [3] | Marriott: |
> |---|---|---|
> | Motions to Amend Pleadings | November 12, 2021 | N/A; Deadline passed |
> | Fact & Expert Discovery Cut-off | March 18, 2022 | March 1, 2022 |
> | Daubert Motions | April 15, 2022 | April 15, 2022 |
> | Mediation deadline | April 22, 2022 | April 22, 2022 |
> | Dispositive Motions | May 20, 2022 | April 1, 2022 |
> | Jury Instructions | July 9, 2022 | July 9, 2022 |

*See* Aug. 31, 2021 email from undersigned counsel to Ramsey's counsel (attached hereto as **Exhibit A**).

Marriott continues to maintain that Ramsey's proposed deadlines are inconsistent with the Local Rules of Court and the Court's preferences. Ramsey's proposed dispositive motions

---

[3] Ramsey's Motion to Modify has requested the same deadlines.

deadline runs afoul of LR 16.01(b)(1), which provides, "Absent court order, no dispositive motion deadline, including response and reply briefs, shall be later than ninety (90) days in advance of the target trial date." Further, if the Court's preference is to have dispositive motions fully briefed at least four months before the trial date, then only Marriott's proposed deadline satisfies that requirement. Even if the Court applies LR 16.01(b)(1), the dispositive motions deadline must be the beginning of April at the latest, not mid-May, as Ramsey has proposed.

### III. CONCLUSION

For the above reasons, Marriott requests that the Court grant in part, and deny in part, Ramsey's Motion to Modify. Except for the revival of the motion to amend deadline, Marriott agrees that the Court should enter an order modifying the scheduling order deadlines consistent with Marriott's proposed deadlines. Regarding Ramsey's request to revive the motion to amend the pleadings deadlines, that part of the motion should be denied.

Accordingly, Marriott respectfully requests the Court enter the following amended schedule:

| | |
|---|---|
| Motions to Amend Pleadings. | N/A; Deadline passed |
| Fact and Expert Discovery Cut-off | March 1, 2022 |
| Daubert Motions | 15, 2022 |
| Mediation deadline | April 22, 2022 |
| Dispositive Motions | April 1, 2022 |
| Jury Instructions | July 9, 2022 |

Respectfully submitted,

/s/ Steven M. Rudner
Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
BONE McALLESTER NORTON PLLC
511 Union St., Ste. 1600
Nashville, TN 37219
Telephone: (615) 780-7975
Facsimile: (615) 780-7976
szralek@bonelaw.com
*Counsel for Marriott Hotel Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on, this 13th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on all Counsel of Record. Courtesy copies of the foregoing were also served on the following parties via email to:

Ashley E. Cowgill, Esq.
ashley.cowgill@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Jennifer Altman, Esq.
jennifer.altman@pillsburylaw.com
Markenzy Lapointe, Esq.
markenzy.lapointe@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

/s/ Stephen J. Zralek