UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY, a Tennessee Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation; <br><br> Defendant. <br> ───────────────────────── <br> MARRIOTT HOTEL SERVICES, INC., a Delaware Corporation, <br><br> Counter-Plaintiff, <br><br> v. <br><br> THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, <br><br> Counter-Defendant. | Case No. 3:20-cv-00641 <br> Judge Aleta A. Trauger <br><br> JURY DEMAND |

## MARRIOTT'S EXPEDITED MOTION TO STRIKE THE LAMPO GROUP'S MOTION FOR PARTIAL SUMMARY JUDGMENT & MEMORANDUM OF LAW IN SUPPORT

Defendant / Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott") hereby submits the following Expedited Motion to Strike the Motion for Partial Summary Judgment (Doc. 75) submitted by Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions (hereinafter, "Ramsey Solutions"), for failure to comply with Local Rule 56.01(b). Marriott

respectfully seeks an expedited ruling on this matter, due to Marriott's pending deadline to respond to Ramsey Solutions' pending motion.[1]

## LEGAL ARGUMENT
## RAMSEY'S MOTION IS PROCEDURALLY IMPROPER AND SHOULD BE DISMISSED

On December 1, 2021, Ramsey Solutions filed and served upon Marriott's counsel a Motion for Partial Summary Judgment in the above-referenced matter. The entirety of the pleadings filed and served by Ramsey are found at Docket Entries 75 and 76.

Local Rule 56.01(b) – Motions for Summary Judgment, states:

> **(b) Statement of Undisputed Material Facts**. In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 *must be* accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact must be set forth in a separate, numbered paragraph. Each fact must be supported by specific citation to the record. After each paragraph, the word "response" must be inserted and a blank space provided that is reasonably calculated to allow the non-moving party sufficient space to respond to the assertion that the fact is undisputed. A copy of the statement of undisputed material facts must also be provided to opposing counsel in an editable electronic format.

(emphasis added). This requirement is followed in federal district courts across the country – including the federal district where Ramsey Solutions' counsel of record routinely practices. *See* S.D. Fla. Local Rule 56.1(a). However, in violation of this common requirement, Ramsey Solutions' Motion for Partial Summary Judgment was *not* accompanied by a statement of undisputed material facts of any kind, nor was any such statement provided to opposing counsel. Because no Statement of Undisputed Material Facts was provided, Marriott in response is unable

---

[1] By stipulation, the deadline for Marriott to respond to Motion for Partial Summary Judgment has been extended to January 11, 2022.

to act in compliance with Local Rule 56.01(c), which requires a party opposing a motion for summary judgment to respond to each fact set forth by the movant.

Failure to comply with Local Rule 56.01(b) renders a motion for summary judgment procedurally improper and constitutes a basis for denial. *See Hobson v. Austin*, No. 3:17-1485, 2021 WL 602874, at *6–7 (M.D. Tenn. Feb. 15, 2021), *report and recommendation adopted,* No. 3:17-CV-01485, 2021 WL 973481 (M.D. Tenn. Mar. 16, 2021) (denial of *pro se* plaintiff's summary judgment based partly upon the plaintiff's failure to file Local Rule 56.01(b) statement); *McClure v. Johnson*, No. 1:15-CV-00035, 2019 WL 1316028 (M.D. Tenn. Mar. 22, 2019)(same); *Matthews v. Copeland*, 286 F.Supp.3d 912, 915 (M.D.Tenn. 2017) (Summary judgment granted to opposing party partly on grounds that *pro se* litigant did not comply with Local Rule 56.01).

Federal courts also have held that a district court has clear authority to strike summary judgment filings that fail to comply with its local rules. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018)("It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules."); *see also Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020)(district courts may require strict compliance with their local rules); *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (local rules have "the force of law").

"This Court's Local Rule requiring a statement of undisputed facts and responses thereto exist for a reason." *Matthews*, 286 F.Supp.3d at 915; *FirstMerit Bank, N.A. v. 2200 N. Ashland, LLC*, 2014 WL 6065817, at *7 (N.D. Ill. Nov. 13, 2014) (Local Rule 56.1 exists for a reason, and the Seventh Circuit repeatedly has held that the district court may rigorously enforce compliance with it); *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir.2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law,

we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.").

As one federal district court judge aptly put it, "Facts are to be set forth in properly submitted Rule 56.1 statements, and it is not the role of the court to parse the parties' exhibits to construct the facts. Judges are not 'like pigs, hunting for truffles buried in briefs.' 'Nor are they archaeologists searching for treasure.'" *Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966, 972 (N.D. Ill. 2014). "The Rule is strict and specific for a reason-to ensure the parties provide the information necessary for the Court determine exactly what material disputes of fact exist." *Roe v. Sims*, 2007 WL 951920, at *1 (C.D. Ill. Mar. 28, 2007).

"A litigant, whether proceeding *pro se* or through counsel, ignores local rules at his or her peril." *Matthews*, supra at 916 (*citing United States v. Cruz,* 757 F.3d 372 (3d Cir. 2014); *Alberti v. Carlo-Izquierdo*, 548 Fed.Appx. 625 (1st Cir. 2013)); *see also Johnson v. Land O' Lakes, Inc.*, 1998 WL 34114099, at *2 (N.D. Iowa Aug. 19, 1998) ("Out-of-state counsel ignores local rules at its peril.")

As courts of the Middle District of Tennessee routinely find failure to comply with the requirements of Local Rule 56.01 grounds for denial of a motion against *pro se* litigants (*see supra*), equity dictates that the Court enforce and uniformly apply the mandatory rule here, where the party in question is a multi-billion dollar corporation represented by experienced counsel and a law firm of 700 attorneys and twenty (20) offices worldwide.[2]

For the above stated reasons, Marriott respectfully requests that Ramsey's Motion for Partial Summary Judgment be denied and/or stricken with prejudice.

---

[2] https://en.wikipedia.org/wiki/Pillsbury_Winthrop_Shaw_Pittman

Respectfully submitted,


/s/ John C. Josefsberg
Steven M. Rudner, admitted *pro hac vice*
John C. Josefsberg, admitted *pro hac vice*
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, TX  75230
Telephone:   (214) 373-1900
Facsimile:   (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com

and

Stephen J. Zralek, No. 18971
SPENCER FANE BONE McALLESTER
511 Union St., Ste. 1000
Nashville, TN 37219
Telephone:  (615) 238-6305
Facsimile:  (615) 238-6301
szralek@spencerfane.com

*Counsel for Marriott Hotel Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on, this 22d day of December 2021, we electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on all Counsel of Record. Courtesy copies of the foregoing were also served on the following parties via email to:

Ashley E. Cowgill, Esq.
ashley.cowgill@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814

Jennifer Altman, Esq. (admitted *pro hac vice*)
jennifer.altman@pillsburylaw.com
Markenzy Lapointe, Esq. (admitted *pro hac vice*)
markenzy.lapointe@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131

/s/ Stephen J. Zralek