UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a<br>RAMSEY SOLUTIONS, a Tennessee Limited<br>Liability Company,<br><br>            Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC.,<br>A Delaware Corporation,<br>            Defendant. | Case No. 3:20-cv-00641<br>Judge Aleta A. Trauger |

MARRIOTT HOTEL SERVICES, INC.,
A Delaware Corporation,

            Counter-Plaintiff,

v.

THE LAMPO GROUP, LLC d/b/a
RAMSEY SOLUTIONS, a Tennessee Limited
Liability Company,

            Counter-Defendant.

**PLAINTIFF/COUNTER-DEFENDANT THE LAMPO GROUP, LLC'S D/B/A
RAMSEY SOLUTIONS' OPPOSITION TO MARRIOTT'S EXPEDITED MOTION
<u>TO STRIKE MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

      Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions") opposes Defendant/Counter-Plaintiff Marriott Hotel Services, Inc.'s ("Marriott") "*Motion to Strike The Lampo Group's Motion for Partial Summary Judgment & Memorandum of*

*Law in Support*" (the "Motion"). [Dkt. 82] For the reasons set forth below, the Motion should be denied.[1]

## I. INTRODUCTION

Ramsey Solutions filed its Motion for Partial Summary Judgment [Dkt. 75], which is predicated solely on the interpretation of the plain language in the three agreements before this Court: the Palms Agreement, the Texan Agreement and the Rockies Agreement (collectively, the "Agreements"). Marriott has not argued or otherwise alleged that the Agreements are ambiguous. Notwithstanding the fact that the Motion for Partial Summary Judgment only asks this Court to interpret the Agreements as a matter of law,[2] Marriott has moved to strike the motion, claiming that Ramsey Solutions failed to file a statement of undisputed fact consistent with Local Rule 56.01. Marriott has sought this relief even though the Motion for Partial Summary Judgment does not involve the resolution of any factual issues, questionable evidence or other matters that are or could be disputed. Indeed, to be clear, the Motion for Partial Summary Judgment is not in any way

---

[1] Marriott styled its Motion "expedited." Although there has been no ruling on whether such relief is warranted, Ramsey Solutions nonetheless files this opposition expeditiously. Ramsey Solutions notes, however, that its Motion for Partial Summary Judgment was filed on December 2, 2021, Marriott waited until after its opposition was due—it obtained an extension—and only filed this Motion on December 23, 2021. Ramsey Solutions should not have been prejudiced because Marriott sat on its proverbial hands. If it genuinely believed the motion was deficient, it should have timely sought relief.

[2] "When a contract is not ambiguous, its interpretation is a question of law that is appropriate for summary judgment." *HealthPRO Heritage, LLC v. Health Servs. Manchester, LLC*, No. 19-cv-143, 2019 WL 8137135, at *2 (E.D. Tenn. Dec. 13, 2019) (quoting *Battery Alliance Inc. v. T & L Sales Inc.*, No. W2015-00201-COA-R3-CV, 2015 WL 6873202, at *5 (Tenn. Ct. App. Nov. 9, 2015)); *Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W. 3d 671, 674 (Tenn. Ct. App. 2012) ("Questions of contract interpretation are generally considered to be questions of law, and thus are especially well-suited for resolution by summary judgment.") (quoting *Ross Prods. Div. Abbott Labs. v. State*, No. M2006-01113-COA-R3-CV, 2007 WL 4322016, at *2 (Tenn. Ct. App. Dec. 5, 2007)); *see also Farmers—Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975).

reliant on any matters outside the four corners of the Agreements. For this reason, the Motion filed by Marriott is inapplicable to the present case.

The Motion for Partial Summary Judgment seeks resolution of Counts I, II and III of the Counterclaim [Dkt. 21], which counts are each tethered to the language in the Agreements seeking to enforce Marriott's claims for liquidated damages. Unlike each of cases relied upon by Marriott—involving summary judgment motions that were heavily shackled to a myriad of disputed facts, conflicting deposition testimony and evidence—Ramsey Solutions' Motion for Partial Summary Judgment exclusively relies on the plain language in the Agreements. The very Agreements that Marriott relies upon to support the relief sought in its Counterclaim. Thus, while Local Rule 56.01 undeniably says what it says, its application to the instant motion would put form over substance. It is unsurprising given the failed language crafted by Marriott in its Agreements that it now seeks to avoid this Court's review on the merits, but the reality is that there is no legitimate basis to strike the Motion for Partial Summary Judgment. Each of the cases cited by Marriott proves the point. As outlined below, the Motion should be denied.

## II. ARGUMENT

As is clear from a review of the cases cited by Marriott, each involves a dispositive motion that was highly dependent upon facts, affidavits, deposition testimony and evidence, not simply the interpretation of a written contract as is the case here. The distinction is significant as the former raises issues of fact while the latter does not. The interpretation of the Agreements does not involve a review of extraneous evidence to reach the merits and, accordingly, Marriott's reliance upon Local Rule 56.01(b) to strike the Motion for Partial Summary Judgment is misplaced. Marriott concedes that Local Rule 56.01is designed to "assist the Court in ascertaining whether there are any materials facts in dispute…". And, while Marriott emphasizes the requirement that

a statement of undisputed materials facts *must* accompany the motion, it cannot escape the reality that each of the cases it relies upon involves fact patterns starkly different from the instant dispositive motion, which motion is narrowly drawn to review only the specific liquidated damages provisions in the Agreements, nothing more. Although the parties dispute the interpretation of the provisions at issue, there simply are no disputed issues of fact raised by the Motion for Partial Summary Judgment filed by Ramsey Solutions that would be identified in a Local Rule 56.01 Statement of Undisputed Facts.

The cases cited by Marriott facially negate the relief sought by Marriott. In each of the authorities relied upon, there were significant evidential and factual issues in dispute. Even in cases where a contract was involved, there were multiple agreements as well as disputed factual questions raised through various pre-trial mediums, *i.e.*, affidavits, depositions, documents, etc., with noted ambiguities. *See, e.g., Hobson v. Austin*, 2021 WL 602874 (M.D. Tenn. Feb. 15, 2021); *McClure v. Johnson,* 2019 WL 1316028 (M.D. Tenn. March 22, 2019); *Matthews v. Copeland*, 286 F.Supp.3d 912 (M.D. Tenn. 2017); *FirstMerit Bank, N.A. v. 2200 North Ashland, LLC*, 2014 WL 6065817 (N.D. Ill. Nov. 13, 2014). These are just examples, but each of the cases cited by Marriott are inapposite in that they involved numerous disputed issues of fact, not simply the interpretation of an unambiguous written agreement, as is the case here. Marriott fails to cite a single case that supports its position that a motion for summary judgment should be stricken when the only issue before the Court is one specific provision in a contract and neither party has argued the provision is ambiguous.

Interestingly, despite arguing that a statement of undisputed fact was necessary, Marriott fails to identify any information that Ramsey Solutions should have included in its statement of undisputed material fact, nor does it articulate what missing information is necessary or that would

aid the court in its resolution of the dispositive motion. Indeed, the Motion fails to highlight any disputed issues of material fact that it will raise in opposition to the motion given the narrow reach of the Motion for Partial Summary Judgment. Rather, Marriott is hoping that this Court will ignore the substance of the issue presented by the Motion for Partial Summary Judgment and instead mechanically apply Local Rule 56.01(b) even though it has no real application to these facts. Marriott is hoping that this Court will refrain from addressing the substantive merits to stave off the inevitable determination that the liquidated damages provisions are illegal and unenforceable penalties, which they are.[3]

It is also noteworthy that in each of the cases cited by Marriott, although there certainly is reference to a party's failure to comply with Local Rule 56.01 (or its equivalent), in each instance the district court noted the failure, but nonetheless resolved the motion for summary judgment on the merits (meaning the motions were not stricken). Thus, while it is undeniable that the district court has the discretion to do so, it did not strike any of the dispositive motions in the cases cited by Marriott.[4]

---

[3] Ramsey Solutions will again decline Marriott's invitation to make personal attacks. The fact of the matter is that Marriott fails to articulate any legitimate basis for filing a statement of undisputed facts when there are no factual issues being adjudicated; rather, it seems Marriott is urging blind adherence to Local Rule 56.01 when doing so would simply create make work for this Court and the parties. Marriott implies an alleged disrespect for this Court and the Local Rules, but the opposite is true. Ramsey Solutions' Motion for Partial Summary Judgment is an attempt to assist this Court and the parties to be ready for trial by streamlining issues well in advance. Although Ramsey Solutions could have waited until the dispositive motion deadline to do so, it did not so that the parties and the Court can work efficiently to resolve legal issues well ahead of the scheduled deadlines.

[4] In *Hinterberger v. City of Indianapolis*, 966 F.3d 523 (7th Cir. 2020), the Seventh Circuit reviewed the district court's grant of summary judgment in favor the defendant. In that case, the plaintiff, Hinterberger, opposed the City of Indianapolis' motion for summary judgment, but in doing so *submitted* a Rule 56-1 statement that was "laden with improper and unsupported argument" and included "misleading" citations and "serious misstatements of the record." *Id* at 528-29. The district court struck Hinterberger's Rule 56-1 statement, but ruled on the motion for

In *Stevo v. Frasor*, 662 F.3d 880 (7th Cir. 2011), a case also relied upon by Marriott, the district court confirmed that it is within the court's discretion to "overlook []technical failures in a motion for summary judgment where the motion provided ample notice of the relevant facts and law….We accord 'considerable deference' to district courts' interpretation of their rules." *Id.* at 887.[5] Thus, even if a statement of undisputed material fact was warranted, there can be no argument by Marriott that it was not on notice of Ramsey Solutions' position regarding the liquidated damages provisions at issue here, to wit: that they are facially invalid. On the contrary, it has been the subject of much briefing before this Court. Accordingly, the extraordinary relief it seeks should be denied.

---

summary judgment, which was affirmed on appeal finding that the district court "may require strict compliance with their local rules." *Id*. at 528. *Weitzner v. Sanofi Pasteur, Inc*., 909 F.3d 604 (3d Cir. 2018), was similarly decided in that the district court struck a Rule 56.1 statement in opposition because it was argumentative and failed to admit certain undisputed facts admitted. In neither of these cases did the district court strike the underlying motion for dispositive relief, however.

[5] Another case cited by Marriott similarly highlights the frailty of the Motion. In *Hoosier v. Greenwood Hospitality Management LLC d/b/a Hilton Oak Lawn*, 32 F.Supp.3d 966, 972 (N.D. Ill. 2014), the district court, relying upon the local rule, opined that: "Facts are to be set forth in properly submitted Rule 56.1 statements, and it is not the role of the court to parse the parties exhibits to construct facts. Judges are not 'like pigs, hunting for truffles buried in briefs,'" a sentiment referenced in other cases as well. *See* Motion at 3. But, alas, here, there are no truffles buried anywhere. There are three agreements, drafted by Marriott and Marriott has not argued that they are ambiguous. It is within the exclusive province of this Court to rule as a matter of law'. Similarly, *Roe v. Sims*, 2007 WL 951920 (C.D. Ill. March 28, 2007), also relied on by Marriott, illustrates the same point. That opinion refers to Illinois Local Rule 7.1(D)(2)(b), which requires a response to a summary judgment "list by number each proposed undisputed fact in the motion for summary judgment, and to indicate whether the fact is conceded, disputed or immaterial. A dispute to a proposed fact must be 'supported by evidentiary documentation referenced by a specific page." *Id*. at *1. But here there are no "facts" to submit and any concerns "unsupported speculation" simply do not exist. *Hoosier,* 32 F3d. at 971. These concerns are not implicated by the present Motion for Partial Summary Judgment, however.

### III. CONCLUSION

Based on the foregoing, Ramsey Solutions respectfully requests that this Court deny the Motion. The arguments have no application to the present Motion for Partial Summary Judgment and should be rejected. It is exclusively within the province of this Court to interpret the language of the Agreements where no facts bear upon such interpretation and that is precisely the case here.

Respectfully submitted,

By: /s/ Jennifer G. Altman
Jennifer Altman, Esq.
(admitted *pro hac*)
Markenzy Lapointe, Esq.
(admitted *pro hac*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
600 Brickell Avenue, Suite 3100
Miami, FL 33131
jennifer.altman@pillsburylaw.com
markenzy.lapointe@pillsburylaw.com

-and-

Ashley E. Cowgill, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
ashley.cowgill@pillsburylaw.com

*Counsel for The Lampo Group, LLC*

7
Case 3:20-cv-00641   Document 83   Filed 12/27/21   Page 7 of 8 PageID #: 1525

## CERTIFICATE OF SERVICE

I hereby certify that on the **27th day of December, 2021**, a true and correct copy of the foregoing was served by CM/ECF notifications to the following parties registered to receive notices in this case:

Steven M. Rudner, appearing *pro hac vice*
John C. Josefsberg, appearing *pro hac vice*
**RUDNER LAW OFFICES**
12740 Hillcrest Road, Suite 240
Dallas, TX 75230
Telephone: (214) 373-1900
Facsimile: (214) 360-7845
Rudner@HotelLawyers.com
josefsberg@HotelLawyers.com
-and-

Stephen J. Zralek, No. 18971
**BONE MCALLESTER NORTON PLLC**
511 Union St., Ste. 1000
Nashville, TN 37219
Telephone: (615) 238-6305
Facsimile: (615) 687-2763
szralek@bonelaw.com

*Counsel for Marriott Hotel Services, Inc.*
*and Marriott International, Inc.*

                                              /s/ *Jennifer G. Altman*