| | |
|---|---|
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT HOTEL SERVICES, INC., A Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 3:20-cv-00641 <br> Judge Aleta A. Trauger |
| MARRIOTT HOTEL SERVICES, INC., A Delaware Corporation, <br><br> Counter-Plaintiff, <br><br> v. <br><br> THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, a Tennessee Limited Liability Company, <br><br> Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) / |

## PLAINTIFF/COUNTER-DEFENDANT THE LAMPO GROUP, LLC'S D/B/A RAMSEY SOLUTIONS' STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff/Counter-Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions") submits it statement of undisputed material fact in support of its Motion for Partial Summary Judgment (the "Motion"). [Dkt. 75].[1]

---

[1] The three agreements (and the amendment) at issue are attached to the First Amended Complaint for Damages [Dkt. 10] as Exhibits A, B, E and F; they are also attached to Marriott's Answer and

1. Ramsey Solutions and Defendant/Counter-Plaintiff Marriott Hotel Services, Inc. ("Marriott") entered into the *Agreement between Ramsey Solutions and Gaylord Palms Resort and Convention Center* in September of 2017 (the "Palms Agreement"). Amended Complaint ("Am. Compl.") [Dkt. 10], ¶¶ 5, 27, 98; Answer to Amended Complaint and Counterclaim ("Ans." and/or "CC") [Dkt. 21], Ans. ¶¶ 5, 27, 98; CC ¶¶ 7; Amended Answer to Counterclaim ("Amd. Ans. CC") [Dkt. 74]; ¶¶7.

**RESPONSE**:

2. Ramsey Solutions and Marriott entered into the Amendment to the Agreement between Ramsey Solutions and the Gaylord Palms Resort & Convention Center as of March 27, 2020, amending the Palms Agreement (the "Palms Amendment"). Am. Compl., ¶¶ 36; Ans., ¶36; CC, ¶11; Amd. Ans. CC, ¶¶ 36.

**RESPONSE**:

---

Affirmative Defenses and Counterclaim [Dkt. 21] as Exhibits A, B, F and I. These agreements are also attached to the Motion [Dkt. 74], attached to the Declaration of the undersigned counsel.

3. Ramsey Solutions and Marriott entered into the Agreement between Ramsey Solutions and the Gaylord Texan Resort & Convention Center as of December 29, 2017 (the "Texan Agreement"). Am. Compl., ¶¶ 6, 27, 60; Ans., ¶¶6, 27, 60; CC, ¶45; Amd. Ans. CC, ¶45.

**RESPONSE**:

4. Ramsey Solutions and Marriott entered into the Agreement between Ramsey Solutions and the Gaylord Rockies Resort & Convention Center as of December 23, 2017 (the "Rockies Agreement"). Am. Compl., ¶¶ 6, 27, 60; Ans., ¶¶ 6, 27, 60; CC, ¶77; Amd. Ans. CC, ¶77.

**RESPONSE**:

3

5.  The Palms Agreement contains the following "Cancellation" provision:

**CANCELLATION POLICY**

Group agrees that it bears responsibility for payment for the Room Block and the F&B Guarantee. Group also agrees that the Hotel will suffer actual harm that will be difficult to determine if the Group cancels this Agreement after the date hereof for reasons other than those specified in this Agreement. The Group will pay as liquidated damages to the Hotel, depending upon the timing of such cancellation, the following amounts, as a reasonable estimate of harm to Hotel for the cancellation:

| Time Period of Cancellation | Amount of Liquidated Damages Due |
| --- | --- |
| 0- 180 days prior to arrival | 100% of total room revenue plus 75% of F&B Guarantee |
| 181 -365 days prior to arrival | 75% of total room revenue* plus 50% of F&B Guarantee |
| 366-551 days prior to arrival | 40% of total room revenue |
| 552 or more days prior to arrival | 10% of total room revenue* |

*The term "total room revenue" means the dollar amount equal to the Room Block multiplied by the Group's average room rate, exclusive of resort fee.

Such amount (the "Cancellation Charge") will be due and payable due within 30 days of the date of cancellation, and accrue interest at the rate of 1.5 percent per month (or, if less, the maximum amount permitted by law). If required by the applicable jurisdiction, the Group will pay sales and/or other applicable taxes with respect to the Cancellation Charge outlined above.

(Palms Agmt. p. 13) CC, ¶¶ 15, 25, 28 and Ex. A to CC; Amd. Ans. CC, ¶¶ 15, 25, 28 and

Ex. A to Am. Compl. and CC.

**RESPONSE**:

4

6.  The Palms Amendment contains the following provision:

    3.  **Cancellation Policy:**  should group cancel the July 10-15, 2020 conference, the calculation will be based on the original contracted room block and F&B minimum.

(Palms Amendment, p. 12); CC, ¶12; Amd. Ans. CC, ¶¶ 12 and Exs. B to the Am. Compl. and CC.

    **RESPONSE:**

7.  The Texan Agreement contains the following "Cancellation" provision:

**CANCELLATION POLICY**

Group agrees that it bears responsibility for payment for the Room Block and the F&B Guarantee.  Group also agrees that the Hotel will suffer actual harm that will be difficult to determine if the Group cancels this Agreement after the date hereof for the reasons other than those specified in this Agreement.  The Group will pay as liquidated damages to the Hotel, depending upon the timing of such cancellation, the following amounts, as a reasonable estimate of harm to Hotel for the cancellation:

| Time Period of Cancellation | Amount of Liquidated Damages Due |
|---|---|
| 0-  180 days prior to arrival (inside 6mo) | 100% of total room revenue plus 75% of F&B Guarantee |
| 181 -365 days prior to arrival (6mo-1yr) | 75% of total room revenue* plus 50% of F&B Guarantee |
| 366-551 days prior to arrival  (1yr-1.5yr) | 40% of total room revenue* |
| 552 - 912 days prior to arrival (1.5-2.5yrs) | 10% of total room revenue* |

| | |
|---|---|
| 913-1095 days prior to arrival (2.5<br>-3yrs) | $25,000 |
| 1096 days from contract signing (3-<br> 3.5yrs) | $10,000 |

BONUS DEAL  On or before May 1, 2019 (Gaylord TEXAN)  and May 1, 2020 (GAYLORD ROCKIES) Ramsey Solutions may release up to 50% of total room block without penalty.  A proportionate  reduction in meeting space and concessions will apply  so Hotel is able to resell the released sleeping rooms. Ramsey Solutions will be responsible for the entire revised room block if this reduction is taken at 100%, or no further attrition will be allowable.  Should Group decide to exercise BONUS DEAL or 50% room night reduction, then should the Group cancel their contract after this reduction, the cancellation amounts will remain based on the original contracted room block.

*The term "total room revenue" means the dollar amount equal to the Room Block multiplied by the Group's average room rate, exclusive of resort fee.

Such amount (the "Cancellation Charge") will be due and payable due within 30 days of the date of cancellation, and accrue interest at the rate of 1.5 percent per month (or, if less, the maximum amount permitted by law).  If required by the applicable jurisdiction, the Group will pay sales and/or other applicable taxes with respect to the Cancellation Charge outlined above.

(Texan Agreement, p.11); CC, ¶¶49-51; Amd. Ans. CC, ¶¶49-11; and Ex. F to the Am. Compl.

and Ex. F to CC.

**RESPONSE**:

6

8. The Rockies Agreement contains the following "Cancellation" provision:

## CANCELLATION POLICY

Group agrees that it bears responsibility for payment for the Room Block and the F&B Guarantee. Group also agrees that the Hotel will suffer actual harm that will be difficult to determine if the Group cancels this Agreement after the date hereof for the reasons other than those specified in this Agreement. The Group will pay as liquidated damages to the Hotel, depending upon the timing of such cancellation, the following amounts, as a reasonable estimate of harm to Hotel for the cancellation:

| Time Period of Cancellation | Amount of Liquidated Damages Due |
|---|---|
| 0-180 days prior to arrival | 100% of total room revenue plus 75% of F&B Guarantee |
| 181 -365 days prior to arrival | 75% of total room revenue* plus 50% of F&B Guarantee |
| 366-729 days prior to arrival | 40% of total room revenue* |
| 730-1,094 days prior to arrival | 10% of total room revenue* |
| 1,095-1,459 days prior to arrival | $25,000 |
| 1,460 or more days prior to arrival | $10,000 |

BONUS DEAL On or before May 1, 2019 (Gaylord TEXAN) and May 1, 2020 (GAYLORD ROCKIES) Ramsey Solutions may release up to 50% of total room block without penalty. A proportionate reduction in meeting space and concessions will apply so Hotel is able to resell the released sleeping rooms. Ramsey Solutions will be responsible for the entire revised room block if this reduction is taken at 100%, no further attrition will be allowable. Should Group decide to exercise the BONUS DEAL or 50% room night reduction, then should the Group cancel their contract after this reduction, the cancellation amounts will remain based on the original contracted room block.

*The term "total room revenue" means the dollar amount equal to the Room Block multiplied by the Group's average room rate, exclusive of resort fee.

Such amount (the "Cancellation Charge") will be due and payable due within 30 days of the date of cancellation, and accrue interest at the rate of 1.5 percent per month (or, if less, the maximum amount permitted by law). If required by the applicable jurisdiction, the Group will pay sales and/or other applicable taxes with respect to the Cancellation Charge outlined above.

(Rockies Agreement, p.10); CC, ¶¶81-83; Amd. Ans. CC, ¶¶81-83; and Ex. E to the Am. Compl. and Ex. I to CC.

**RESPONSE**:

9. Marriott has not alleged that the Palms Agreement is ambiguous. Ans. (*see* affirmative defenses) and CC.

**RESPONSE**:

10. Marriott has not alleged that the Texans Agreement is ambiguous.  Ans. (see affirmative defenses) and CC.

**RESPONSE**:

8

11. Marriott has not alleged that the Rockies Agreement is ambiguous.  Ans. (see affirmative defenses) and CC.

**RESPONSE**:

                                    Respectfully submitted,

                    By:    /s/  Jennifer G. Altman
                           Jennifer Altman, Esq.
                           (admitted *pro hac*)
                           Markenzy Lapointe, Esq.
                           (admitted *pro hac*)
                           **PILLSBURY WINTHROP SHAW PITTMAN LLP**
                           600 Brickell Avenue, Suite 3100
                           Miami, FL 33131
                           jennifer.altman@pillsburylaw.com
                           markenzy.lapointe@pillsburylaw.com

                           -and-

                           Ashley E. Cowgill, Esq.
                           PILLSBURY WINTHROP SHAW PITTMAN LLP
                           500 Capitol Mall, Suite 1800
                           Sacramento, CA 95814
                           ashley.cowgill@pillsburylaw.com

                           ***Counsel for The Lampo Group, LLC***

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the **4th day of January, 2022**, a true and correct copy of the

foregoing was served by CM/ECF notifications to the following parties registered to receive

notices in this case:

> Steven M. Rudner, appearing *pro hac vice*
> John C. Josefsberg, appearing *pro hac vice*
> **RUDNER LAW OFFICES**
> 12740 Hillcrest Road, Suite 240
> Dallas, TX 75230
> Telephone: (214) 373-1900
> Facsimile: (214) 360-7845
> Rudner@HotelLawyers.com
> josefsberg@HotelLawyers.com
> -and-
>
> Stephen J. Zralek, No. 18971
> **BONE MCALLESTER NORTON PLLC**
> 511 Union St., Ste.  1000
> Nashville, TN 37219
> Telephone: (615) 238-6305
> Facsimile: (615) 687-2763
> szralek@bonelaw.com
>
> ***Counsel for Marriott Hotel Services, Inc.***
> ***and Marriott International, Inc.***

/s/ <i>Jennifer G. Altman</i>